Steven G. Kobre
Justin M. Sher
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: 212.488.1200

Glenn C. Colton
Jessica L. Margolis
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12 E. 49th Street, 30th Floor
New York, New York 10017
Tel: 212.999.5800

*Attorneys for Defendant*
*Gary Alan Tanaka*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | S1 05 Cr. 621 (KMK) |
| - against - | ECF CASE |
| ALBERTO WILLIAM VILAR, a/k/a "Albert Vilar," and GARY ALAN TANAKA | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS COMPUTER FILES

Defendant Gary Alan Tanaka ("Tanaka"), by his attorneys, hereby moves to suppress computer files unlawfully seized from the offices of Amerindo Investment Advisors Inc. ("Amerindo U.S.").[1]

---

[1] The original deadline to file motions to suppress was set for September 12, 2005. The present motion is based in significant part on evidence recently discovered from Alan Peterson,

## FACTS

On May 25, 2005, Magistrate Judge Frank Maas signed a warrant (attached as Exhibit A to Sher Decl.), which authorized the U.S. Postal Service to search Amerindo U.S.'s offices, located at 399 Park Avenue in New York City. The warrant commanded the U.S. Postal Service to search Amerindo U.S.'s offices on or before "June 3, 2005 (not to exceed 10 days)." An attachment to the warrant, which appears to have been originally drafted by the U.S. Postal Service, specified the property to be seized, including "[c]omputers, hard drives and any other devices or equipments capable of storing data or text in any format . . . ." (Exhibit A ¶ 17.) A footnote explained, "If computers are found at the PREMISES, the U.S. Postal Service plans to seize them, take them to the U.S. Postal Service offices, and create mirror images of the computers' hard disk drives. Once the mirror images are created, the computers may be returned." In a handwritten addendum to the footnote, Judge Maas ordered, *"If, for any reason, the computers cannot be mirror-imaged within ten days, a further application must be made to this Court."*

According to the attached Declaration of Alan Peterson, an Amerindo U.S. employee, agents of the U.S. Postal Service executed the warrant at Amerindo U.S.'s offices on May 26, 2005. (Peterson Decl. ¶ 2.) The postal inspectors seized computers and other electronic data storage equipment and removed them from the premises. (Id.) The postal inspectors did not begin to return the computer equipment to Amerindo U.S. until June 6, 2005 – 11 days after the equipment was seized. (Peterson Decl. ¶3(a).) The final and most important piece of computer

---

an employee of Amerindo U.S. Tanaka's counsel did not have sufficient information to file this motion by September 12, 2005, (Sher Decl. ¶ 3), and, in light of these circumstances, respectfully requests permission to file the present motion.

2

equipment, the main fileserver, was not returned until June 14, 2005 – *19 days after the equipment was seized.* (Peterson Decl. ¶3(d).)[2]

Neither Mr. Peterson nor any other Amerindo U.S. employee has indicated that the postal inspectors served a second warrant to seize Amerindo U.S.'s computer files. Nor has the Government produced a copy of such a warrant. In short, there is no evidence to suggest that the U.S. Postal Service or the Government ever applied for authority to maintain custody of the seized computer files beyond ten days.

In the months following the execution of the search warrant, Amerindo U.S.'s business has suffered irreversible damage. Indeed, Amerindo U.S. has lost all but one of its clients. (Tanaka Decl. ¶ 4.) Amerindo U.S. expects to close its operations in the near future. (Id.)

## ARGUMENT

I.  EVIDENCE SEIZED FROM COMPUTERS THAT WERE IN THE POSTAL INSPECTORS' CUSTODY FOR MORE THAN TEN DAYS SHOULD BE SUPPRESSED

A search must be confined by "the terms and limitations of the warrant authorizing it." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988). When agents of the Government seize items outside the scope of a valid warrant, the normal remedy is suppression and return of those items. *Id.* In some circumstances, where the Government acts "in flagrant disregard" of the terms of the warrant, a court will suppress *all* items seized. *Id.*

According to the Federal Rules of Criminal Procedure, a warrant "must" command the authorized officer to "execute the warrant within a specified time no longer than 10 days." Fed.

---

[2] Tanaka's counsel did not learn this information until after the September 12, 2005 deadline. (Sher Decl. ¶ 3.)

3

R. Crim. P. 41(e)(2)(A). A warrant which is not executed within ten days becomes void, and a conviction based on evidence seized pursuant to such an expired warrant should be reversed. *United States v. Sgro*, 287 U.S. 206, 210 (1932); *United States v. Wagner*, 989 F.2d 69, 75 (2d Cir. 1993). The ten-day limit exists to ensure that the facts which support a search warrant are "close enough in time to the issuance of a warrant and the search itself so that probable cause can be said to have existed at the time of the search." *Wagner*, 989 F.2d at 75.

In addition to the general concern about executing a search warrant soon after probable cause has been established, courts recognize a special concern about disrupting businesses when seizing computer files: "The wholesale removal of computer equipment can undoubtedly disable a business or professional practice and disrupt personal lives, and should be avoided when possible. . . . At the very least, the government should copy and return the equipment as soon as possible." *United States v. Hunter* 13 F. Supp. 2d 574, 583 (D. Vt. 1998).

In this case, Judge Maas expressly applied the ten-day limit to the Government's seizure of computer files by adding a term that required the U.S. Postal Service to make a further application to the Court if it could not complete its mirror-imaging process within ten days. There is no reason to believe that the U.S. Postal Service completed the mirror-imaging process within ten days. Indeed, the fact that the U.S. Postal Service took 19 days to return all of the computer equipment suggests that the process took significantly longer. Moreover, although not explicitly stated in the handwritten note, Judge Maas implied that the U.S. Postal Service should mirror image *and return* the computer files to Amerindo U.S. within ten days. It is likely that Judge Maas inserted this term for the very reasons identified in *Hunter* – to minimize the disruption to Amerindo U.S.'s business.

By failing to complete the mirror-imaging process within ten days without seeking additional authority from the Court, the U.S. Postal Service violated both the terms of the warrant and the Fourth Amendment. As a consequence of this violation, Amerindo U.S. did not have use of its mainframe fileserver for *19 days.* (Peterson Decl. ¶ 3(d).)

In light of the postal inspectors' seizure of computer files in violation of the terms of the warrant, any computer files which were not mirror-imaged and returned to Amerindo U.S. within ten days should be suppressed.

II. TANAKA JOINS DEFENDANT ALBERTO VILAR'S MOTION TO SUPPRESS DOCUMENTS SEIZED FROM AMERINDO U.S.'S OFFICES

By the attached declaration, Tanaka respectfully joins Defendant Alberto William Vilar's motion to suppress evidence seized pursuant to a search warrant executed on or about May 26, 2005.

## CONCLUSION

For the foregoing reasons, Defendant Gary Alan Tanaka respectfully requests that the Court (1) order that any and all computer files seized from Amerindo U.S. by the U.S. Postal Service and held in its custody for more than ten days be suppressed and (2) order that any evidence seized from Amerindo U.S.'s offices be suppressed.

Dated: October 5, 2005
      New York, New York

By:   /s/ Steven G. Kobre

Steven G. Kobre
Justin M. Sher
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: 212.488.1200


Glenn C. Colton
Jessica L. Margolis
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12 E. 49th Street, 30th Floor
New York, New York 10017
Tel: 212.999.5800

Attorneys for Defendant
Gary Alan Tanaka