Steven G. Kobre
Justin M. Sher
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: 212.488.1200

Glenn C. Colton
Jessica L. Margolis
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
12 E. 49th Street, 30th Floor
New York, New York 10017
212.999.5800

*Attorneys for Defendant*
*Gary Alan Tanaka*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | S1 05 Cr. 621 (KMK) |
| - against - | ECF CASE |
| ALBERTO WILLIAM VILAR, a/k/a "Albert Vilar," and GARY ALAN TANAKA<br><br>Defendants. | |

## DECLARATION OF JUSTIN M. SHER

I, Justin M. Sher, declare as follows:

1. I am an attorney for Gary Alan Tanaka, a defendant in the above-captioned action. I submit this declaration in support of Mr. Tanaka's Motion to Suppress Computer Files.

2. Attached as Exhibit A to this declaration is a copy of a document, entitled the Search Warrant on Written Affidavit, which the Government produced on August 4, 2005.

3.      Counsel for Mr. Tanaka did not learn until after September 12, 2005 that the U.S. Postal Service maintained custody of computer equipment seized from Amerindo Investment Advisors Inc. for more then ten days.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed the fifth day of October 2005, at New York, New York.

_____
Justin M. Sher

EXHIBIT A

## MEMORANDUM OF INTERVIEW

| | | |
|---|---|---|
| CASE NUMBER | : | |
| PERSON INTERVIEWED | : | GARY TANAKA |
| PLACE OF INTERVIEW | : | LOMBARDY HOTEL, 111 E. 56th ST New York, NY |
| DATE OF INTERVIEW | : | 5/26/05 |
| TIME OF INTERVIEW | : | 7:20 AM |
| INTERVIEWED BY | : | C.M. FRATERRIGO, US POSTAL INSPECTOR K. S. ROINESTAD |

GARY TANAKA was placed under arrest in his hotel room #304 at the Lombardy Hotel, New York, New York. TANAKA was given a brief explanation of charges for his arrest. While giving him an explanation TANAKA spontaneously uttered he believed this was related to a client, LILY CATES. He mentioned that LILY CATES stated that he used her signature illegally.

He was then advised of his Miranda Rights. TANAKA agreed to cooperate with the government and he provided the following statements.

He stated that he was the Investment manager at Amerindo. Alberto VILAR was his partner. He has been in the business since 1970. Also, CATES has been a client for approximately 18 years and she granted VILLAR and TANAKA full discretion and control over her account. He recalled she invested on two occasions one investment for approximately $5 million dollars and the other investment was $1.8 million dollars. He stated CATES $5 Million dollar investment was issued to VILAR. The monies were to be used in non traded stocks. The 1.8 Million dollar investment was the initial capital investment from 18 years ago.

TANAKA stated CATES was sent quarterly statements. He also indicated that CATES withdrew $9 Million dollars in cash from her investments with him and VILAR.

The $5 Million dollar investment was part of a "SBIC scheme". TANAKA stated they were looking for matching monies from their investors.

TANAKA stated CATES has 1 or 2 shares of Rhodes Capital. He explained Rhodes Capital to be an investment with an offshore PANAMA holding company.

TANAKA stated that he had no involvement with LISA MAYER or the MAYER family. He indicated the MAYER'S were clients of VILAR.

TANAKA stated he travels from London to New York every 5 to 6 weeks.

TANAKA stated he was planning to return to London Friday.

TANAKA decided to consult with an attorney before answering further questions.

Interview concluded at 7:51 PM.

*Cynthia M. Fraterrigo*
U.S. Postal Inspector

5/28/05
———————
Date

AO (Rev. 8/97)

SEARCH WARRANT ON WRITTEN AFFIDAVIT 

| United States District Court | DISTRICT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>PREMISES KNOWN AND DESCRIBED AS THE OFFICES OF AMERINDO INVESTMENT ADVISORS INC., LOCATED AT 399 PARK AVENUE, 22ND FLOOR, NEW YORK, NEW YORK | DOCKET NO.   MAGISTRATE'S CASE NO.<br>05 MAG 938<br>To: ANY AUTHORIZED FEDERAL AGENT |

Affidavit(s) having been made before me by the below-named affiant that he/she has reason to believe that (on the person of) (on the premises known as)

PREMISES KNOWN AND DESCRIBED AS THE OFFICES OF AMERINDO INVESTMENT ADVISORS INC., LOCATED AT 399 PARK AVENUE, 22ND FLOOR, NEW YORK, NEW YORK

in the SOUTHERN District of NEW YORK there is now being concealed property, namely

SEE ATTACHMENT A ATTACHED HERETO

and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the person or premises above-described and that the grounds for application for issuance of the search warrant exist as stated in the supporting affidavit(s),

YOU ARE HEREBY COMMANDED to search on or before ~~of~~ June 3, 2005 (not to exceed 10 days) the person or place named above for the property specified, serving this warrant and making the search (in the daytime — 6:00 A.M. to 10:00 P.M.) ~~(At any time in the day or night)~~* and if the property be found there to seize it, leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized and promptly return this warrant to __Any U.S. Magistrate Judge__ as required by law.

| NAME OF AFFIANT<br>CYNTHIA M. FRATERRIGO<br>U.S. POSTAL INSPECTOR | SIGNATURE OF JUDGE OR U.S. MAGISTRATE<br>*[signature]* | DATE/TIME ISSUED<br>5/25/05<br>10:30 p.m. |
|---|---|---|

* If a search is to be authorized "at any time in the day or night" pursuant to Federal Rules of Criminal Procedure Rule 41(c), show reasonable cause therefor.

ATTACHMENT A

PROPERTY TO BE SEIZED AT THE PREMISES KNOWN AND DESCRIBED AS THE OFFICES OF AMERINDO INVESTMENT MANAGEMENT INC, 399 PARK AVENUE, TWENTY-SECOND FLOOR, NEW YORK, NEW YORK, AND WITHIN CLOSED AND/OR LOCKED CONTAINERS, BRIEFCASES, SAFES, AND OTHER CONTAINERS KEPT WITHIN THE PREMISES:

1. Corporate records concerning Amerindo Investment Advisors Inc. ("Amerindo U.S."), Amerindo Investment Advisors (Cayman) Limited ("Amerindo Cayman"), Amerindo Investment Advisors (U.K.) Limited ("Amerindo U.K."), and Amerindo Investment Advisors (Panama), Inc. ("Amerindo Panama") (Amerindo U.S., Amerindo Cayman, Amerindo U.K. and Amerindo Panama are hereinafter referred to collectively as "Amerindo"), including but not limited to records concerning the formation of each of the above-listed Amerindo entities, its shareholders, principals, officers, directors, and employees, changes in ownership, bylaws, resolutions, client lists, client files, investment brochures, marketing materials, investment advisory agreements, copies of correspondence sent to or received from clients, and other documents concerning or reflecting the identities of and communications with clients who have investments managed or advised by Amerindo.

2. Documents concerning the following accounts at Bear, Stearns & Company Inc.: Amerindo Management Inc., Sub A/C M26 ("AMI"); Amerindo Technology Growth Fund Inc. ("ATGF I"); Amerindo Technology Growth Fund II, Inc. ("ATGF II"); and, Techno Raquia, SA (collectively, the "Amerindo Brokerage Accounts"), including account opening documents, account statements, wire transfer requests, correspondence, electronic mail messages, trade tickets, trade blotters, trade confirmations, trade allocation sheets, trade memoranda, trade notes, client account statements, memoranda and notes and other documents reflecting or relating to investment performance, and other documents reflecting or relating to securities transactions entered into on behalf of clients, by any current or former Amerindo entity, affiliate, principal, officer and employee;

3. Documents concerning Rhodes Capital ("Rhodes"), including copies of prospectuses, private placement memoranda, subscription agreements, descriptions of the Rhodes investment, lists of investors in Rhodes, returns on the Rhodes investment, allocation of the returns on the Rhodes investment.

4. Current and former client lists, client files, investment brochures, marketing materials, investment advisory agreements, copies of correspondence sent to or received from clients including redemption requests received from clients, and other documents concerning or reflecting the identities of and communications with clients who have investments in the Amerindo Brokerage Accounts;

5. Client lists, client files, investment brochures, marketing materials, investment advisory agreements, copies of correspondence sent to or received from clients, and other documents

concerning or reflecting the identities of and communications with clients who have investments managed by Amerindo who receive redemptions through or make investments through overseas bank accounts, and trust accounts, including PTC Management Limited, and Barclays Bank PLC, Nassau, Bahamas, Account No. 3308442.

6. Documents reflecting all investments in which Lily Cates, Lisa Mayer, Debra Mayer, Herbert Mayer, Brian Harvey, Joy Urich, or Paul Marcus have a beneficial interest, including descriptions of the investment, account statements, and returns on the investment.

7. Documents reflecting any effort made by any Amerindo entity, including Amerindo SBIC Venture Fund LP to obtain an SBIC license from the U.S. Small Business Administration, including correspondence, Management Assessment Questionnaires, license applications, efforts to obtain investor funds or commitments from investors to invest funds, records reflecting capital commitments and investments, investments undertaken prior to licensure and any documents reflecting how any funds received prior to licensure were invested pending licensure.

8. Documents reflecting any Amerindo investment in Guaranteed Fixed Rate Deposit Accounts ("GFRDAs"), including lists of clients with investments in GFRDAs, account statements reflecting investments in GFRDAs, documents reflecting the holdings of any Amerindo entity in certificates of deposit or government securities, and documents reflecting all securities underlying any investment in a GFRDA.

9. Documents reflecting any private bank, brokerage or other account with any financial institution held by Amerindo principals including Alberto William Vilar and Gary Alan Tanaka.

10. Documents reflecting or relating to the cancelation of completed trades and rebooking of those canceled trades in other accounts managed or controlled by Amerindo, or in which Amerindo or its principals have a beneficial ownership interest.

11. Documents reflecting any direct financial or beneficial ownership interest held by Alberto William Vilar or Gary Alan Tanaka in Amerindo and the Amerindo Accounts.

12. Documents reflecting brokerage accounts maintained by Amerindo at any broker-dealer other than Bear, Stearns & Co. Inc., including documents reflecting trades done "away" from Bear, Stearns, and settled in Amerindo accounts at Bear, Stearns.

13. Bank account statements, brokerage account statements, transaction records, wire transfer instructions and records, copies of checks sent to or received from clients, notes, ledgers, cash receipt journals, deposit tickets and records, and other documents reflecting or relating to movements of funds into or out of the Amerindo Brokerage Accounts;

14. Records of expenses such as copies of checks and/or wires sent to landlords, employees, counsel, accountants, brokers, utility companies, and other organizations and individuals who provide goods and services to Amerindo, incorporation and governance documents relating to the

various entities through which Amerindo, Alberto William Vilar and Gary Alan Tanaka conduct business, documents representing or reflecting communications with accountants, accounting records, documents reflecting communications with boards of directors, and other documents relating to the running and supervision of the operations of the investment advisory business(es) of Amerindo;

15. Documents reflecting information about any current or former Amerindo employee who had any contact with, or responsibility for the management of, redemptions from, or preparation of account statements for, any current or former Amerindo client that had a direct or indirect interest in the Amerindo Brokerage Accounts.

16. Photographs, address books, Rolodex indices, diaries, calendars, identification documents, travel documents, and other documents concerning or reflecting information concerning the identities of participants in the fraud schemes.

16. Facsimile machines used to send and receive documents, which may be analyzed to determine telephone numbers to and from which documents have been sent and which may be also be analyzed to determine whether documents bearing certain "fax lines" were sent from a particular machine; and

17. Computers, hard drives, and any other devices or equipments capable of storing data or text in any format, including but not limited to cellular telephones, personal digital assistants, and any other storage media capable of containing data or text in magnetic, electronic, optical, digital, analog, or any other format, used to store information described above, as well as drafts and final versions of documents and correspondence prepared in connection with the running and supervision of the operations of the investment advisory business.[1]

---

[1] If computers are found at the PREMISES, the U.S. Postal Service plans to seize them, take them to the U.S. Postal Service offices, and create mirror images of the computers' hard disk drives. Once the mirror images are created, the computers may be returned. If, for any reason, the computers cannot be mirror-imaged within ten days, a further application must be made to this Court.