

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 15, 2005

BY FACSIMILE

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

        Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
                  S1 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in response to the Court's request for additional briefing on the question of whether to allow the defendants to call U.S. Postal Inspector Cynthia M. Fraterrigo in connection with their motion to suppress the evidence seized as a result of the search conducted at the Amerindo U.S. offices at 399 Park Avenue, New York, New York on May 26, 2005.

      For the reasons articulated by the Court and the Government during yesterday's hearing, the Government contends that the testimony sought by defendants from Inspector Fraterrigo is irrelevant to the determination to be made by the Court.  In *United States* v. *Leon*, 468 U.S. 897 (1984), the Supreme Court held that "the Fourth Amendment exclusionary rule does not apply to evidence obtained by police officers who acted in objectively reasonable reliance upon a search warrant issued by a neutral magistrate, but where the warrant was ultimately found to be unsupported by probable cause."  *Illinois* v. *Krull*, 480 U.S. 340, 342 (1987).  In *Leon*, the Court made clear that the test for good faith was an objective one, and definitively rejected an inquiry into the executing officer's state of mind.  *Leon*, 468 U.S. at 922, n. 23 ("we expressly eschew inquiries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant").  Indeed, the Court, in *Leon*, stated that, "we believe that 'sending state and federal courts on an expedition into the minds of police officers would produce a grave and fruitless misallocation of judicial resources.'" *Id*. quoting *Massachusetts* v. *Painten*, 389 U.S. 560, 565 (1968) (White, J., dissenting).   In *Krull*, the Court extended the good faith exception to the analogous circumstance of evidence seized by officers who acted in objectively reasonable reliance upon a statute authorizing warrantless administrative searches that was subsequently found to be unconstitutional.  In doing so, the Court re-emphasized that

Hon. Kenneth M. Karas
December 15, 2005
Page 2

"the standard of reasonableness we adopt is an objective one; the standard *does not turn on the subjective good faith of individual officers*." *Id*. at 355 (emphasis supplied), citing *Leon*, 468 U.S. at 919, n. 20.

In *United States* v. *Burke*, 718 F. Supp. 1130 (S.D.N.Y. 1989), the Court considered challenges to a warrant similar to those made here. The Court rejected the claim of inadequate probable cause, denied the motion for a *Franks* hearing, found that the warrant was insufficiently particularized given the lack of pervasive fraud, but found that the circumstances of the searches "show[ed] powerful indicia of good faith." *Burke*, 718 F. Supp. at 1136, n. 4, 1139, 1141. In so holding, the Court considered, among other things, the fact that the searching agents were given copies of the relevant affidavit, that the affiants participated in the search, and that there was no evidence that the agents in fact "carted away the entire office." The Court noted that the Supreme Court, in *Leon*, had "specifically rejected the notion that the inquiry into whether agents acted in good faith should delve into the agents' subjective belief of whether their actions were proper", and there is no indication in *Burke* that the Court received such evidence. *Id*. at 1145. Here, evidence concerning the circumstances of the search was introduced through U.S. Postal Inspector John Feiter, and there is no reason to think that the additional testimony of Inspector Fraterrigo would provide evidence relevant to the questions to be decided. *See United States* v. *Maggitt*, 778 F.2d 1029, 1035 n. 3 (5th Cir. 1985) ("Because the *Leon* standard is objective, the testimony of the agent who prepared the affidavit . . . is not particularly relevant.").

Accordingly, the Court should deny defendants' application to call as witnesses Inspector Fraterrigo or any of the other agents that participated in the search. The Government is unaware of any authority to support defendant Vilar's application to call the undersigned Assistant United States Attorney as a witness to provide testimony relevant to the good faith execution of a search warrant, and respectfully requests that the court reject that application as well.

                                  Respectfully submitted,

                                  MICHAEL J. GARCIA
                                  UNITED STATES ATTORNEY

By:   /s/
      Marc Litt
      Assistant United States Attorney
      (212) 637-2295

cc:    Glenn C. Colton, Esq. (By facsimile)
       Steven G.Kobre, Esq. (By facsimile)
       Susan C. Wolfe, Esq. (By facsimile)