# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL 212.488.1200
FAX 212.488.1220
WWW.KOBREKIM.COM

December 13, 2005

**BY FACSIMILE AND HAND DELIVERY**

The Honorable Kenneth M. Karas
United Stated District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

    Re: **United States v. Alberto William Vilar and Gary Alan Tanaka**
       S1 05 Cr. 621 (KMK)

Dear Judge Karas:

   Defendant Gary Tanaka respectfully submits this letter in response to the sua sponte Order by the Court directed at Mr. Tanaka to explain how he has standing to contest the May 26, 2005 search of the offices of Amerindo Investment Advisors Inc. ("Amerindo U.S."). Mr. Tanaka, a principal and officer of Amerindo U.S., had an expectation of privacy in the offices of Amerindo U.S. and, therefore, has standing to contest the search.

   In connection with the motion to suppress evidence obtained during the May 26, 2005, search, Gary Tanaka executed a declaration[1] in which he explained, inter alia, that he was the "Executive Vice President" and a "principal" of Amerindo U.S., Decl. ¶ 2, and that in such a capacity he "expected that [the premises of Amerindo U.S.] would remain private and free from unlawful, official intrusion," Decl. ¶ 3. On May 26, 2005, operating pursuant to an extremely broad search warrant, the Government intruded upon Mr. Tanaka's expectation of privacy and thereby conferred standing upon him to contest the search.

   The Second Circuit has recognized that courts have dispensed with the idea that standing is theoretically distinct from the substantive merits of a Fourth Amendment claim. United States v. Chuang, 897 F.2d 646, 649 (2$^d$ Cir. 1990) (citing Rakas v. Illinois, 439 U.S. 128 (1978)). In Rakas v. Illinois, the Supreme Court concluded that the better analysis to determine standing focuses on the extent of a particular defendant's rights under the Fourth Amendment rather than on any theoretically separate, but

---

[1] Declaration of Gary Alan Tanaka In Support of Motion to Suppress Computer Files (hereinafter, "Decl.")

Hon. Kenneth M. Karas
December 13, 2005
Page 2

invariably intertwined concept of standing. Rakas, 439 U.S. at 428. "Put another way, the proper inquiry turns on whether 'the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.'" United States v. Chuang, 897 F.2d at 649 (finding no standing where none of the documents was obtained from defendant's office and the bulk was obtained from a co-worker's office). The question whether a party has established a legitimate expectation of privacy under the Fourth Amendment involves two inquiries: first, the party must demonstrate a subjective expectation of privacy in the searched place; and, second, the party's expectation must be one that society accepts as reasonable. Id.

"There is no doubt that a corporate officer or employee may assert a reasonable or legitimate expectation of privacy in his corporate office." United States v. Leary, 846 F.2d 592, 595 (10th Cir. 1988). Given the great variety of work environments, courts address the question of whether an employee has a reasonable expectation of privacy in business premises on a case-by-case basis. O'Connor v. Ortega, 480 U.S. 709, 718 (1987); United States v. Anderson, 154 F.3d 1225, 1230 (10th Cir. 1998).

Whether a corporate officer has standing to challenge the search of business premises depends upon whether the officer has made a "sufficient showing of a possessory or proprietary interest in the area searched," and whether the officer has demonstrated a sufficient nexus between the area searched and his own work place. United States v. Hamdan, 891 F. Supp. 88, 94 (E.D.N.Y. 1995). Where evidence is seized from an employee's work area, courts applying this test generally find that the employee has standing. Standing has also been found in areas in an office that go beyond the specific office of the defendant. See United States v. Lefkowitz, 618 F.2d 1313, 1316 n. 2 (9th Cir. 1980) (holding defendant had standing to challenge search of corporate "suite," which was "the target of the search and where corporate records were seized").

Mr. Tanaka's standing to contest the search of Amerindo U.S.'s offices is confirmed by the existence of a number of factors demonstrating his possessory or proprietary interest in and control of the premises. First, as explained in his declaration, Mr. Tanaka "maintained a personal working space, which included a desk, computer, various files and personal belongings" at Amerindo U.S. Decl. at ¶ 2. Indeed, inventories presumably made contemporaneously with the search indicate that representatives of the Postal Inspection Service searched Mr. Tanaka's specific office and removed material from it. See Attachment A. In addition, it appears that Mr. Tanaka's computer was seized and presumably searched. See id.

Second, Mr. Tanaka states that he is an executive and principal of the company. Decl. ¶ 2. Indeed, Mr. Tanaka was one of two principals of Amerindo U.S. United States v. Broadhurst, 805 F.2d 849, 852 (9th Cir. 1986) (ruling that physical presence "is not talismanic to the determination of standing. . . ." and finding standing based on

Hon. Kenneth M. Karas
December 13, 2005
Page 3

involvement in joint venture). Mr. Tanaka states that he conducted business in Amerindo U.S.'s offices whenever he traveled to New York. Decl. ¶ 2.

Third, Mr. Tanaka notes that he stored business records <u>throughout</u> the offices in addition to maintaining his own personal working space. <u>Id.</u> Despite the fact that others at Amerindo U.S. may have had access to some of these spaces, the Supreme Court has recognized that expectations of privacy in private business offices are not defeated by the presence of co-workers, supervisors, and the public, unless the office is "so open to fellow employees or the public that no expectation of privacy is reasonable." <u>O'Connor v. Ortega</u>, 480 U.S. at 718.

Fourth, Amerindo U.S. contained confidential records of private clients, and there simply has been no allegation or evidence that the office space searched was open to the public. Indeed, it is the defense's expectation that, when called to testify, the Postal Inspector present at the search will confirm what she has already stated in her affidavit in support of the warrant -- that the premises were not open to the public and in fact were separated from public space by a glass door and reception area.

We note that <u>United States v. Cella</u>, 568 F.2d 1266, 1283 (9th Cir. 1977), is inapposite to the facts at bar. In <u>Cella</u>, the court, applying the now-outdated theory of standing,[2] determined that the defendant Cella did not possess a sufficient interest in a print shop to establish his standing to contest a search of the premises. Cella had pointed to three facts to support his claim of standing. First, Cella claimed that he had control over the operations of the print shop. Second, Cella argued that, because he had a key to the print shop and visited operations about once a month, he had standing. Finally, Cella noted that several employees thought Cella owned the print shop.

In rejecting Cella's assertion of standing, the Ninth Circuit noted that (1) Cella was not truly in control of the print shop but rather such control came as a result of Cella's role as a "de facto manager" with larger responsibilities and not those of the print shop specifically; and (2) Cella himself did not know who owned the print shop. In the end, the Ninth Circuit concluded that because Cella was only a corporate officer and that, consequently, while he had access to and control of the print shop operations, he did not have any legitimate expectation of privacy over documents which were kept at the print shop premises.[3] <u>Cella</u>, 568 F.2d at 1283.

The facts in the instant case are sufficiently distinguishable from <u>Cella</u> on the face of the affidavit from Mr. Tanaka. Mr. Tanaka states that he was a high ranking officer of Amerindo U.S. and a principal of the company. Decl. ¶ 2. In contrast to the defendant in

---

[2] The United States Supreme Court in two opinions eroded the old test relied upon in <u>Cella</u>. <u>See</u> <u>Rakas v. Illinois</u>, 439 U.S. 128, 143 (1978) and <u>United States v. Salvucci</u>, 448 U.S. 83, 88 (1980).

[3] The court also noted that Cella had not shown an independent possessory or proprietary interest. <u>Cella</u>, 568 F.2d at 1283.

Hon. Kenneth M. Karas
December 13, 2005
Page 4

Cella, there is no suggestion that Mr. Tanaka's role was merely "de facto" in serving as an officer of the company. In addition, rather than lacking sufficient knowledge of who owns Amerindo U.S., Mr. Tanaka states that he has a proprietary interest in the company as he is one of its principals. Id. Moreover, Mr. Tanaka has explained that he "conducted business in [Amerindo U.S.'s] offices" and that he maintained a personal working space at the location. Id. Mr. Tanaka has demonstrated both a proprietary interest in the property and a nexus to his work. Conversely, the facts in Cella fail to rise to the level described by Mr. Tanaka in his declaration.

In his declaration, Mr. Tanaka states that he had a subjective expectation of privacy in the offices of Amerindo U.S. Decl. at ¶ 3. Accordingly, the remaining question to be resolved is whether such an expectation was reasonable. Mr. Tanaka respectfully submits that, in light of the facts outlined above, it was reasonable and that he is entitled to contest the legality of the overbroad search.

Respectfully submitted,

Steven G. Kobre
212.488.1202

Encls.

cc:   Glenn C. Colton, Esq., co-counsel for Gary Tanaka (by fax)
      Jeffrey C. Hoffman, Esq., counsel for Alberto Vilar (by fax)
      Marc O. Litt, Esq., Assistant United States Attorney (by fax)

**Attachment A**

Fraterrigo, Cynthia M
_____

From: John Feiter [jfeite REDACTED
Sent: Sunday, May 29, 2005 8:28 AM
To: cfraterrigo@ REDACTED
Cc: Fraterrigo, Cynthia M

Room Q - Ravina Khan
    R - Conference Room
    H - Julie Mainzer Compliance
    I - Jeff Stewart marketing
    J - Marc Weiss research
    K - employee records
    L - Mike Shafaer Villar's assistant
    N - Villar
    F - Kristen Robisch
    C - HR
    G - CFO
    M - Isabelle
    S - Tanaka

3505-D

Page 11
Boxman: JGFEITER

CASE #: 499-1526589 FC1
LOCATION: _____

DATE: May 26, 2005

POSTAL INSPECTOR

MASTER POSITION LIST

| Position # | Inspector | Cartons/Env. Returned | Misc | Position # | Inspector | Cartons/Env. Returned | Misc |
|---|---|---|---|---|---|---|---|
| Room 5-1 | WRIGHT | NIL | ∅ | | | | |
| 2 | WRIGHT | | | | | | |
| 3 | " | | | | | | |
| 4 | " | | | | | | |
| 5 | WRIGHT | | | | | | |
| 6 | " | | | | | | |
| 7 | WRIGHT | | | | | | |
| 8 | " | NIL | ∅ | | | | |
| 9 | WRIGHT | 1 CARTON | 1 | | | | |
| 10 | WRIGHT | NIL | ∅ | | | | |
| 11 | WRIGHT | 2 CARTONS | 2 | | | | |
| 12 | " | NIL | ∅ | | | | |
| 13 | WRIGHT | 2 CARTONS | 2 | | | | |
| 14 | WRIGHT | NIL | ∅ | | | | |
| 15 | WRIGHT | | | | | | |
| 16 | " | | | | | | |
| 17 | " | | | | | | |
| 18 | WRIGHT | | | | | | |
| 19 | " | 2 CARTONS | 2 | | | | |
| 20 | WRIGHT | 1 ENVELOPE | CARTON #3 | | | | |
| 21 | Bachman | computer copy | | | | | |

Page: 12
Boxman: JGFEITER

CASE #: 499-1526589FC1
LOCATION: _____
DATE: May 26, 2005

POSTAL INSPECTOR

MASTER POSITION LIST

| Position # | Inspector | Cartons/Env. Returned | Misc | Position # | Inspector | Cartons/Env. Returned | Mi |
|---|---|---|---|---|---|---|---|
| 5-22 | WRIGHT | 1 ENVELOPE | CARTON #3 | | | | |
| 23 | " | NIL | ∅ | | | | |
| 24 | WRIGHT | NIL | ∅ | | | | |
| 25 | WRIGHT | ⎫ | ⎫ | | | | |
| 26 | WRIGHT | ⎬ | ⎬ | | | | |
| 27 | WRIGHT | ⎭ | ⎭ | | | | |
| 28 | Fraterrigo | COMPUTER | | | | | |
| 60MT-1 | RFraterrigo | 6 CARTONS | 6 | | | | |
| 2 | " | NIL | ∅ | | | | |
| 3 | " | 4 CARTONS | 4 | | | | |
| 4 | RFraterrigo | 1 CARTON | 1 | | | | |
| 5 | " | 1 CARTON | 1 | | | | |
| 6 | RFraterrigo | 1 CARTON | 1 | | | | |
| 7 | RFraterrigo | NIL | ∅ | | | | |
| 8 | RFraterrigo | 1 ENVELOPE | CARTON #4 | | | | |
| 9 | Fraterrigo | COMPUTER | | | | | |
| 10 | RFraterrigo | 1 ENVELOPE | CARTON #4 | | | | |
| 11 | " | NIL | ∅ | | | | |
| 12 | " | NIL | ∅ | | | | |