UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/05

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

               Defendants.

Case No. 05-CR-621 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    On December 14, 2005, the Court held a hearing on Defendants' motion to suppress evidence taken in the May 26, 2005 search of the Manhattan offices of Amerindo U.S. and its affiliates, and Defendant Vilar's motion to suppress statements. At that hearing, Defendants requested the right to call Postal Inspector Fraterrigo, the case agent, regarding the execution of the May 26, 2005 search. The Court permitted the Government and the Defendants to submit letters the next day on whether Defendants should be permitted to call Inspector Fraterrigo.[1]

    The Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984), explicitly stated that the good faith exception to the exclusionary rule is an objective test. *Id.* at 919 n.20. (holding that evidence will not be excluded when seized pursuant to a later invalidated warrant where the law enforcement officer's conduct was objectively reasonable). The Court rejected any inquiry into the subjective beliefs of the officers who apply for or execute a facially valid warrant. *Id.* at 922 n.23 ("[W]e also eschew inquiries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant.") The Court characterized

---

[1] The Court waited to decide the issue until it received letters late in the day on December 15, 2005 from the Government and Defendant Tanaka. The Court did not receive a letter from Defendant Vilar.

the inquiry into the minds of law enforcement officers as a "grave and fruitless misallocation of judicial resources." *Id.* The Second Circuit and courts in this district have followed *Leon*, recognizing that the good faith test is an objective one where the subjective beliefs of law enforcement officials are irrelevant. *See United States v. Buck*, 813 F.2d 588, 592 (2d Cir. 1987) ("[T]he inquiry should be 'confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'") (quoting *Leon*, 468 U.S. at 922 n.23); *United States v. Veras*, No. 97 CR. 526, 1998 WL 66010, at *2 (S.D.N.Y. Feb. 18, 1998) (holding that subjective beliefs of the officers are immaterial to the question of reasonableness of the search).[2]

Defendant Tanaka cites *United States v. Santa*, 180 F.3d 20 (2d Cir. 1999), in support of his request to examine Inspector Fraterrigo. That case is distinguishable. The issue in *Santa* was whether arresting officers had relied in good faith upon a warrant that had been vacated after it was approved, but before it was executed. Even if the warrant appeared valid on its face, if the arresting officers knew that it had been vacated, then it would not have been reasonable for them to rely upon it. Therefore, the officers' knowledge about whether the warrant had been vacated was relevant to whether they had relied upon it in good faith. That is not this case. Here, the only question is whether it was objectively reasonable for the agents executing the search to rely upon the warrant issued by the magistrate judge. Under the objective test articulated in *Leon*, Inspector Fraterrigo's subjective beliefs about the validity of the warrant are irrelevant.

---

[2]Other circuits have also recognized the objective nature of the good faith inquiry. *See e.g., United States v. Maggitt*, 778 F.2d 1029, 1035 n.3 (5th Cir. 1985) ("Because the *Leon* standard is objective, the testimony of the agent who prepared the affidavit . . . is not particularly relevant.").

For the reasons stated above, Defendants' request to examine Inspector Fraterrigo is DENIED. Given that no more witness testimony is necessary, the Parties are directed to submit to the Court a joint scheduling order for post-hearing submissions by the close of business on Tuesday, December 20, 2005.

SO ORDERED.

Dated:    December 16, 2005
          New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE