UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA            :

            -v.-                    :        S2 05 Cr. 621 (KMK)

ALBERTO WILLIAM VILAR,              :
   a/k/a, "Albert Vilar," and
GARY ALAN TANAKA,                   :

                Defendants.         :
--------------------------------------------------------x


GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT ALBERTO VILAR'S PRETRIAL MOTION
FOR A BILL OF PARTICULARS AND FOR PRETRIAL DISCOVERY


                            MICHAEL J. GARCIA
                            *United States Attorney for the*
                            *Southern District of New York*

                            *Attorney for the United States of America*


Marc Litt
Deirdre A. McEvoy
*Assistant United States Attorneys*
*Of Counsel*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Point I:     It Is Premature To Require The Government
                To Disclose Its Exhibit List . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Point II:    The Defendant is Not Entitled To A Bill Of Particulars . . . . . . . . . . . . . 4

        A.    The Court Should Deny Vilar's Motion
                For Failure To Comply With Local Rule 16.1 . . . . . . . . . . . . . . . . . . . . . 4

        B.    Defendant Is Not Entitled To A Bill Of Particulars
                Under Fed. R. Crim. P. 7(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            1.     Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            2.     The Detailed Indictment And Discovery Have Provided
                    Vilar With All The Information To Which He Is Entitled . . . . . . . 9

    Point III:   The Government Is Aware Of Its Obligations
                Under *Brady* v. *Maryland* And Its Progeny, And
                Will Make Any Necessary Disclosures In A Timely Manner . . . . . . . . 13

    Point IV:   The Government Will Make Required Disclosures
                Concerning Expert Witnesses Thirty Days Before Trial . . . . . . . . . . . . 17

    Point V:    The Government Will Provide Notice Of Its Intent
                To Use Rule 404(b) Evidence Two Weeks Before Trial . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

Cases

*In re United States*, 834 F.2d 283 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States* v. *Ahmad*, 992 F. Supp. 682 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*United States* v. *Andrews*, 381 F.2d 377, 378 (2d Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Ballesteros Gutierrez*, 181 F. Supp. 2d 350 (S.D.N.Y. 2002) . . . . . . . . . . . . . 7

*United States* v. *Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y.  2000) . . . . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Boneparth*, 52 F.R.D. 544 (S.D.N.Y. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

*United States* v. *Brickett*, 99 Cr. 338 (RWS), 1999 WL 689992
     (S.D.N.Y. Sept. 2, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Carrington*, No. 02 Cr. 897 (LTS), 2002 WL 31496199
     (S.D.N.Y. Nov. 7, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14

*United States* v. *Canter*, 338 F. Supp. 2d 460, 462 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Cephas*, 937 F.2d 816 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*United States* v. *Chalmers*, --- F. Supp. 2d ---, No. S3 05 Cr. 59 (DC),
     2006 WL 172254 (S.D.N.Y. Jan. 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States* v. *Cimino*, 31 F.R.D. 277 (S.D.N.Y. 1962),
     *aff'd*, 321 F.2d 509 (2d Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Conesa*, 899 F. Supp. 172, 176 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Coppa*, 267 F.3d 132 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*United States* v. *Costen*, 95 Cr. 517 (LMM), 1996 WL 137483
     (S.D.N.Y. Mar. 27, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United* States v. *Cutolo*, 861 F. Supp. 1142 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States* v. *Dacunto*, No. 00 Cr. 620 (AGS), 2001 WL 13343
(S.D.N.Y. Jan. 5, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States* v. *DeYian*, 94 Cr. 719 (DLC), 1995 WL 368445
(S.D.N.Y. June 21, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States* v. *Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987),
*aff'd* 875 F.2d 857 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States* v. *Frank*, 11 F. Supp. 2d 322 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Fruchter*, 104 F. Supp. 2d 289 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Giffen*, 397 F. Supp. 2d 337 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States* v. *Gottlieb*, 493 F.2d 987 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Green*, No. 04 Cr. 424 (RWS), 2004 WL 2985361
(S.D.N.Y. Dec. 23, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

*United States* v. *Greo*, No. 85 Cr. 961, 1994 WL 202605
(S.D.N.Y. May 23, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States* v. *Greyling*, No. 00 Cr. 631 (RCC), 2002 WL 424655
(S.D.N.Y. Mar. 18, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States* v. *Guastella*, 90 F. Supp. 2d 335, 344 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Guevara*, No. 99 Cr. 445 (AGS), 1999 WL 639720
(S.D.N.Y.), *aff'd*, 298 F.3d 124 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States* v. *Heredia*, No. 02 Cr. 1246 (SWK), 2003 WL 21524008
(S.D.N.Y. July 3, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States* v. *Jacques Dessange, Inc.*, No. 99 Cr. 1182 (DLC),
2000 WL 280050, at *9 (S.D.N.Y. March 14, 2000) . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*United States* v. *Jones*, No. 00 Cr. 182 (JGK), 2000 WL 1448640
(S.D.N.Y. Sept. 28, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States* v. *Kelly*, 91 F. Supp. 2d 580 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Leighton*, 265 F. Supp. 27 (S.D.N.Y.),
*aff'd*, 386 F.2d 822 (2d Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

*United States* v. *Leonelli*, 428 F. Supp. 880 (S.D.N.Y. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Malinsky*, 19 F.R.D. 426, 428 (S.D.N.Y. 1956) . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States* v. *Minaya*, 395 F. Supp. 2d 28 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States* v. *Ming*, No. 02 Cr. 596 (LAK), 2002 WL 1949227
(S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States* v. *Morales*, 280 F. Supp. 2d 262 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States* v. *Muscarella*, No. 03 Cr. 279 (NRB), 2004 WL 2186561
(S.D.N.Y. Dec. 28, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States* v. *Nixon*, 418 U.S. 683 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Otibu*, S1 02 Cr. 104 (AGS), 2002 WL1033843
(S.D.N.Y. May 21, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Ojeikere*, 299 F. Supp. 2d 254 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . 5, 18

*United States* v. *Ojeikere*, No. 03 Cr. 581 (JGK), 2005 WL 425482
(S.D.N.Y. Feb. 18, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States* v. *Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States* v. *Patterson*, 02 Cr. 0283 (WHP), 2002 WL 31890950
(S.D.N.Y. Dec. 27, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Percevault*, 490 F.2d 126 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States* v. *Pimentel*, No. 99 Cr. 1104 (SJ), 2001 WL 185053
(E.D.N.Y. Jan. 22, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States* v. *Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Pirro*, 76 F. Supp. 2d 478 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States* v. *Richardson*, 837 F. Supp. 570 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States* v. *Rosario*, 01 Cr. 1034 (SWK), 2002 WL 413921
(S.D.N.Y. Mar. 14, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States* v. *Salazar*, 485 F.2d 1272 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States* v. *Santoro*, No. 03 Cr. 484 (TPG), 2004 WL 2346621
(S.D.N.Y. Oct. 19, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States* v. *Silberstein*, No. 02 Cr. 800 (SWK), 2003 WL 21488024
(S.D.N.Y. June 27, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States* v. *Simon*, 30 F.R.D. 53 (S.D.N.Y. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Torres*, 901 F.2d 205 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States* v. *Triana-Mateus*, No. 98 Cr. 958 (SWK), 2002 WL 562649
(S.D.N.Y. April 15, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States* v. *Trippe*, 171 F. Supp. 2d 230 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States* v. *Valerio*, 737 F. Supp. 844 (S.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States* v. *Wilson*, 565 F. Supp. 1416 (S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States* v. *Wilson*, No. 01 Cr. 53 (DLC), 2001 WL 727026
(S.D.N.Y. June 28, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wong Tai* v. *United States*, 273 U.S. 77 (1927) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Statutory And Other Authorities</u>

18 U.S.C. § 3500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 17

Fed. R. Crim. P. 7(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Crim. P. 16(a)(1)(G) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Evid. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Local Criminal Rule 16.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| -v.- | : | **S2 05 Cr. 621 (KMK)** |
| **ALBERTO WILLIAM VILAR,** | : | |
|   a/k/a, "Albert Vilar," and | | |
| **GARY ALAN TANAKA,** | : | |
| **Defendants.** | : | |

---------------------------------------------------------x

**GOVERNMENT'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT ALBERTO VILAR'S PRETRIAL MOTION**
**FOR A BILL OF PARTICULARS AND FOR PRETRIAL DISCOVERY**

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum in opposition to the motion for

pretrial relief filed by defendant Alberto Vilar.  Vilar seeks: (1) immediate disclosure of the

evidence that the Government intends to offer in its case-in-chief; (2) a bill of particulars seeking

both information and documents (many of which have previously been provided to the

defendant); (3) disclosure of *Brady* and *Giglio* evidence at least 60 days prior to the trial;

(4) "timely" disclosure of expert witness and reports; and (5) "timely" disclosure of evidence

that the Government intends to offer pursuant to Fed. R. Evid. 404(b).  The Government intends

to: (1) provide the defendants with copies of all exhibits that it intends to offer at trial two weeks

before trial; (2) make timely *Brady* disclosures if and when material exculpatory evidence comes

to light; (3) make *Giglio* disclosures at the same time that it makes disclosure under 18 U.S.C.

§ 3500 – which will be sufficiently in advance of a witness's testimony to avoid a delay in the

trial; (4) produce any expert reports thirty days before trial; and (5) make Rule 404(b)

disclosures two weeks prior to trial.  The defendant is not entitled to a bill of particulars, and that

motion should be denied.

## ARGUMENT

### I.

### It Is Premature To Require The Government
### To Disclose Its Exhibit List

Defendant Vilar requests immediate disclosure of the Government's exhibit list.  It is

well settled that nothing in the Federal Rules of Criminal Procedure entitles the defendant to that

information.  *See*, *e.g.*, *United States* v. *Carrington*, No. 02 Cr. 897 (LTS), 2002 WL 31496199,

at *2  (S.D.N.Y. Nov. 7, 2002) ("It is clear that Rule 16(a)(1)(c) does not require the

Government to identify specifically which documents it intends to use as evidence or for

impeachment.  It merely requires that the Government produce documents falling into the three

enumerated categories.") (citing *United States* v. *Nachamie*, 91 F. Supp. 2d 565, 569-70

(S.D.N.Y. 2000) ("In the absence of any controlling authority interpreting the Rule as requiring

this action, I cannot direct the Government, at this time, to identify the documents it intends to

offer in its case-in-chief.")); *see United States* v. *Cutolo*, 861 F. Supp. 1142, 1152 (E.D.N.Y.

1994) (denying request for pre-trial production of exhibit list); *United States* v. *Valerio*, 737 F.

Supp. 844, 847 (S.D.N.Y. 1990) (denying defense request for exhibit list on ground that request

falls outside scope of Rule 16(a)(1)(c).

The Government has fully complied with Fed. R. Crim. P. 16 by providing the defendant

with copies of certain "core documents" (which it provided more than six months ago at the

request of the Court, but which it was not obliged to do under the Rule) and by making all other

discovery available to the defendant for inspection and copying.  Those documents contain

information responsive to many of the "particulars" sought by Vilar.  Moreover, the documents

seized from Amerindo U.S. have been available for inspection and copying by the defendant since August, 2005, and those seized from the U.K. have been available since mid-November. Now, two months before the trial date,  Vilar is seeking the immediate disclosure of the Government's exhibit list because of the perceived burden in reviewing the evidence.  This request should be summarily rejected by the Court.

Given the uncertainty about what evidence the Government will be permitted to use at trial due to defendants' motion to suppress the evidence seized from Amerindo U.S., defendants' motion to quash a grand jury subpoena served on Amerindo U.S., and the defendants' impending motion to suppress evidence seized from the United Kingdom, it would be premature and potentially wasteful of precious resources to require the Government to designate its exhibits now.  Moreover, the defendant is well aware both from the Indictment, and the documents previously produced to him, of many of the financial and other records on which the Government likely will rely to prove its case.  Finally, the task of reviewing the evidence is hardly the equivalent of finding "a needle in a haystack," as Vilar complains.  *See* Vilar Mot. at 2.  Notwithstanding the volume of materials involved, Vilar can readily focus on the most relevant documents because:  most of the documents in the Government's possession consist of records seized from the defendant's business; the specific location from which the documents seized from Amerindo U.S. is known to the defendant; the defendant necessarily has great familiarity with his companies' records and their potential significance (or not) to the Government's case;

and within the U.K. documents there are clearly marked client files that correspond to the identified victims.[1]

The Government intends to provide the defendants with copies of the exhibits that it intends to offer in its case-in-chief two weeks before trial.[2]  That will provide sufficient opportunity for Vilar to prepare for trial and no further relief in this regard is warranted. Accordingly, defendant's motion for immediate disclosure of the Government's exhibit list should be denied.

## II.

### The Defendant Is Not Entitled To A Bill of Particulars

**A.    The Court Should Deny Vilar's Motion**
**       For Failure To Comply With Local Rule 16.1**

Local Criminal Rule 16.1 requires counsel to try to resolve discovery matters before raising them with the Court.  Rule 16.1 provides, in relevant part:

> No motion addressed to a bill of particulars or answers or to
> discovery and inspection shall be heard unless counsel for the
> moving party files with the court simultaneously with the filing of
> the moving papers an affidavit certifying that said counsel has
> conferred with counsel for the opposing party in an effort in good
> faith to resolve by agreement the issues raised by the motion

---

[1]  The Government does not know to what Vilar is referring when he claims that "the Government has not maintained the pre-existing filing system."  Vilar Mot. at 2.  In fact, many of the U.S. and U.K. documents reside in the companies' file folders, and the location from which each box of U.S. documents was seized is known to the defendant.  Likewise, the fact that "the defendants do not have their former employees available to them to search through the boxes," *id.*, is a *non sequitur*.

[2]  Of course, the Government reserves the right to supplement that list in good faith should the need arise.  *See*, *e.g.*, *United States* v. *Giffen*, 397 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (permitting the Government to supplement a preliminary trial exhibit list provided to the defense before trial at any time, including during trial, in good faith).

without the intervention of the court and has been unable to reach
such an agreement.

The district court can dismiss a motion for discovery or a bill of particulars based solely on the

defendant's failure to comply with Rule 16.1.  The court need not consider the merits of the

motion.  *See United States* v. *Minaya*, 395 F. Supp. 2d 28, 31-2 (S.D.N.Y. 2005) (denying

defendants' motions for discovery and bill of particulars for failure to comply with Rule 16.1);

*United States* v. *Green*, No. 04 Cr. 424 (RWS), 2004 WL 2985361 at *2 n. 2 (S.D.N.Y. Dec. 23,

2004) ("The failure to comply with the requirements of Local Criminal Rule 16.1 provides a

sufficient basis to deny the defendant's motion for a bill of particulars.") (citing *United States* v.

*Ojeikere*, 299 F. Supp. 2d 254, 260 (S.D.N.Y. 2004); *United States* v. *Morales*, 280 F. Supp. 2d

262, 273 (S.D.N.Y. 2003); *United States* v. *Ahmad*, 992 F. Supp. 682, 684-85 (S.D.N.Y. 1998));

*United States* v. *Ming*, No. 02 Cr. 596 (LAK), 2002 WL 1949227, at *1 (S.D.N.Y. 2002)

(denying motions for failure to comply with Rule 16.1 without discussion of merits) (citations

omitted); *United States* v. *Guevara*, No. 99 Cr. 445 (AGS), 1999 WL 639720, at *2 (S.D.N.Y.

1999) (noncompliance with Rule 16.1 "alone would merit denial of the discovery motions"),

*aff'd*, 298 F.3d 124 (2d Cir. 2002).

Defendant Vilar's motion violates Local Rule 16.1, and therefore should not be heard.

Defense counsel raised with the Government only one issue prior to filing the instant motion:

Vilar's request that the Government reveal the identities of the Victims referenced in the

Superseding Indictment.  Before Vilar filed this motion, the Government agreed to provide that

information to defense counsel and, indeed, did so last week.  Defense counsel has made no

effort to resolve any of the other issues raised in the instant motion prior to seeking the

intervention of the court, and failed to file a supporting affidavit as required by the Local Rule.

5

Accordingly, the Court should not hear defendant's motion.  Should the Court decide to entertain

defendant's motion, the Government contends that it should be rejected for the reasons set forth

below.

**B.**     **Defendant Is Not Entitled To A Bill Of Particulars**
         **Under Fed. R. Crim. P. 7(f)**

    **1.**     **Applicable Law.**

Rule 7(f) of the Federal Rules of Criminal Procedure provides, in relevant part: "The

court may direct the government to file a bill of particulars. . . .  The government may amend a

bill of particulars subject to such conditions as justice requires."  The decision whether to grant a

bill of particulars is committed to the sound discretion of the district court.  *See United States* v.

*Cephas*, 937 F.2d 816, 823 (2d Cir. 1991); *United States* v. *Panza*, 750 F.2d 1141, 1148 (2d Cir.

1984); *United States* v. *Chalmers*, --- F. Supp. 2d ---, No. S3 05 Cr. 59 (DC), at *3, 2006 WL

172254 (S.D.N.Y. Jan. 25, 2006); *United States* v. *Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y.

1987), *aff'd* 875 F.2d 857 (2d Cir. 1989).

Vilar here moves to compel the Government to provide a bill of particulars.  Vilar's

counsel does not describe with any specificity the alleged deficiencies in the Indictment that

justify that request.  The proper scope and function of a bill of particulars is to furnish facts

supplemental to those contained in the indictment that are *necessary* to apprise the defendant of

the charges against him with sufficient precision so as to enable him to prepare his defense, to

avoid unfair surprise at trial, and to preclude a second prosecution for the same offense.  *See*

*Wong Tai* v. *United States*, 273 U.S. 77, 82 (1927); *United States* v. *Bortnovsky*, 820 F.2d 572,

574 (2d Cir. 1987); *Panza*, 750 F.2d at 1148; *Ahmad*, 992 F. Supp. at 684.  "A bill of particulars

is required 'only where the charges of the indictment are so general that they do not advise

6

defendant of the specific acts of which he is accused.'" *Chalmers*, 2006 WL 172254, at *3

(quoting *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting *Feola*, 651 F. Supp.

at 1132)); *United States* v. *Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Where the

defendant has the necessary information from other sources, including discovery materials, the

government will not be compelled to provide particulars." *Ahmad*, 992 F. Supp. at 684; *see

Bortnovsky*, 820 F.2d at 574. The ultimate test must be whether the information sought is

necessary, not whether it is helpful. *See United States* v. *Leighton*, 265 F. Supp. 27, 35

(S.D.N.Y.), *aff'd*, 386 F.2d 822 (2d Cir. 1967).

In other words, the defense cannot use a bill of particulars as a general investigative tool,

*Chalmers*, 2006 WL 172254, at *4; *United States* v. *Ballesteros Gutierrez*, 181 F. Supp. 2d 350,

356 (S.D.N.Y. 2002); *United States* v. *Salazar*, 485 F.2d 1272, 1277-78 (2d Cir. 1973), or as a

device to compel disclosure of the Government's evidence prior to trial. *See, e.g., United States*

v. *Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974); *Ballesteros Gutierrez*, 181 F. Supp. 2d at 356;

*United States* v. *Conesa*, 899 F. Supp. 172, 176 (S.D.N.Y. 1995). Rather, its purpose is "to

inform the defendant as to the crime for which he must stand trial, not to compel disclosure of

how much the government can prove and how much it cannot nor to foreclose the government

from using proof it may develop as the trial approaches." *United States* v. *Malinsky*, 19 F.R.D.

426, 428 (S.D.N.Y. 1956).

It is improper to use a bill of particulars to force the Government to disclose the manner

in which it will attempt to prove the charges in the indictment and to reveal the Government's

evidence regarding the precise manner in which the defendants committed those crimes. *United

States* v. *Andrews*, 381 F.2d 377, 378 (2d Cir. 1967); *United States* v. *Wilson*, 565 F. Supp. 1416,

7

1438-39 (S.D.N.Y. 1983). The "manner or means by which a crime is carried out constitute evidentiary matter, not ultimate facts." *United States* v. *Boneparth*, 52 F.R.D. 544, 545 (S.D.N.Y. 1971). As the court stated in *United States* v. *Persico*:

> [The defendants] are not entitled to know . . . the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the government intends to adduce to prove their criminal acts[, beyond what is charged in the indictment]. Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial.

621 F. Supp. 842, 868 (S.D.N.Y. 1985) (citations omitted); *see also Cephas*, 937 F.2d at 823; *Torres*, 901 F.2d at 233-34. In sum, the Government is not required to provide information that would, in effect, provide the defendant before trial with a preview of the Government's case, *United States* v. *Simon*, 30 F.R.D. 53, 55 (S.D.N.Y. 1962), lest the defendant tailor his own testimony or defense case to explain away the Government's case. *See United States* v. *Cimino*, 31 F.R.D. 277, 279 (S.D.N.Y. 1962), *aff'd*, 321 F.2d 509 (2d Cir. 1963); *see also Malinsky*, 19 F.R.D. at 428 ("Discovery in criminal proceedings is not comparable to discovery in civil because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury."). Accordingly, demands for "whens" and "wheres" and "with whoms" relating to the formation of and participation in schemes and conspiracies routinely have been denied. *Torres*, 901 F.2d at 233-34; *Wilson*, 565 F. Supp. at 1438-39.

2.      **The Detailed Indictment And Discovery Have Provided
        <u>Vilar With All The Information To Which He Is Entitled</u>**

In his motion, Vilar requests that the Government be required to provide specific

information relating to certain pages and paragraphs of the Indictment, apparently not realizing

that the Government has already provided much of that information to him.[3]  For example, with

respect to item 2 of Vilar's list of nine such requests, the Government produced a document to

defendant Vilar in July 2005 which provides the requested information.[4]  In addition, the

Government has made available for inspection and copying additional documents (both in the

documents seized by search warrants, and those obtained by other means) that provide the

requested information.

With respect to item 3 on Vilar's list, the Government produced a document to defendant

Vilar in July 2005 which provided the requested information.

With respect to item 7 on Vilar's list, the Government produced documents to defendant

Vilar in July 2005 which provided the requested information.  That information is also contained

in the criminal complaints of the defendants.

With respect to item 9 on Vilar's list, which seeks the production of documents "referred

to" in approximately thirty separate paragraphs in the Indictment, as shown in the table below,

the Government produced the vast majority of the requested documents to defense counsel over

---

[3]   The "items" described herein correspond to the numbered paragraphs on pages 3 and 4 of the Vilar Motion.

[4]   Although the Indictment nowhere refers to a trust account at "Bank of America," the Government assumes that the defendant is seeking information about a trust account at the Bank of New York (to which there is a reference in the Indictment).  Documents provided to Vilar in July 2005 were produced a few days later, in August 2005, to defendant Gary Alan Tanaka.

six months ago, and most of the remaining documents – all of which have clear identifiers (*e.g.*,
Amerindo investment product, date, type of document, account number, victim's name) – have
been made available to the defendants for copying and inspection.[5]

| Indictment Page(s) | Indictment Paragraph(s) | Response |
|---|---|---|
| 4 | 8 | The Government produced the documents referred to in this paragraph to Vilar in July 2005. |
| 6 | 14 | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 8 | 19(a) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 8 | 19(b) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 8 | 19(c) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 8 | 19(d) | There is no such paragraph in the Indictment. |
| 8-9 | 20 | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 10-12 | 26(a)-(d) | The Government produced the documents referred to in paragraphs (a) and (d) to Vilar in July 2005.  AUSA Marc Litt also personally handed copies of the documents referred to in paragraphs 26(a)-(c) to Jeffrey C. Hoffman, Esq. in the United States Attorney's Office on or about August 11, 2005. |
| 12 | 27 | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 12 | 28 | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 13 | 29 | The Government produced the document referred to in this paragraph to Vilar in July 2005. |

---

[5]  Many of those documents were not contained in the voluminous documents seized
pursuant to search warrants, but rather have been made available to the defendant in the far
smaller subset of documents obtained by other means.

| Indictment Page(s) | Indictment Paragraph(s) | Response |
|---|---|---|
| 14-16 | 32 | The Government produced one of the documents referred to in this paragraph to Vilar in July 2005. The other documents referred to in this paragraph have been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 16 | 33 | The Government produced some of the documents referred to in this paragraph to Vilar in July 2005. The other documents referred to in the paragraph have been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 17 | 34 | The documents referred to in this paragraph have been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 22 | 42(e) | The document referred to in this paragraph has been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 22 | 42(f) | The document referred to in this paragraph has been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 22 | 42(k) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 22 | 42(l) | This paragraph does not refer to a document; however, the Government produced a document reflecting the information contained in the paragraph to Vilar in July 2005. |
| 22 | 42(m) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 22 | 42(r) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 22 | 42(s) | The Government produced the document referred to in this paragraph to Vilar in July 2005. |
| 22 | 42(t) | This paragraph does not refer to a document; however, the Government produced a document reflecting the information contained in this paragraph to Vilar in July 2005. |

11

| Indictment Page(s) | Indictment Paragraph(s) | Response |
|---|---|---|
| 22 | 42(u) | The document referred to in this paragraph has been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 22 | 42(x) | This paragraph does not refer to a document; however, the Government produced a document reflecting the information contained in this paragraph to Vilar in July 2005. |
| 22 | 42(y) | The document referred to in this paragraph has been made available for inspection and copying at the United States Attorney's Office and/or the U.S. Postal Inspection Service. |
| 32 | 59, 60 | The Government produced to the defendants copies of the documents referred to in this paragraph as attachments to a letter dated February 23, 2006. |

The remaining requests for particulars are without merit and should be denied because they are not necessary to apprise the defendant of the charges against him with sufficient precision so as to enable him to prepare his defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. The detailed Indictment, together with the extensive discovery that has been produced, provide an abundance of information to the defendant concerning his participation in the charged conspiracy and his commission of the charged substantive acts. The thirty-seven page Indictment sets forth in detail the objects of the conspiracy, the means and methods of the conspiracy, and lists twenty-six specific overt acts undertaken by the defendants in furtherance of the conspiracy. The defendant has been notified of the nature of the conspiracy and the dates and locations of the overt acts alleged in the Indictment. He has been informed about the identities of the victims, he has received hard copies of certain "core" documents, and he has been provided "open file" discovery with respect to the rest of the Government's evidence. Taken together, this information gives the defendant

12

ample information to prepare his defense, to avoid unfair surprise and to preclude a second

prosecution for the same offense. *See Bortnovsky*, 820 F.2d at 574. Accordingly, Vilar's motion

for a bill of particulars should be denied.

**III.**

**The Government Is Aware Of Its Obligations
Under *Brady* v. *Maryland* And Its Progeny, And
Will Make Any Necessary Disclosures In A Timely Manner**

As the Second Circuit made clear in *United States* v. *Coppa*, 267 F.3d 132 (2d Cir. 2001),

although neither *Brady* nor *Giglio* give rise to pre-trial remedies, the Government must disclose

"material" exculpatory and impeachment information before it is too late for the defendant to

make effective use of that information at trial. *Id*. at 135, 144. The defendant is not entitled to

receive such material upon request, or at any time prior to trial. *Id*. at 140. The Government is

not currently aware of the existence of any *Brady* (*i.e.*, material exculpatory) material relating to

Mr. Vilar. In an abundance of caution, the Government has directed Mr. Tanaka to the existence

of one document which may have some value to his defense, although the Government does not

believe that it is material exculpatory evidence. As the Government has noted in its discovery

correspondence to the defendants, it is aware of its continuing obligation to provide timely

disclosure should any *Brady* material come to light. Courts in this District have repeatedly

accepted representations such as those made here by the Government and have cited those

representations in denying motions similar to that made by the defendant. *See*, *e.g.*, *United

States* v. *Ojeikere*, No. 03 Cr. 581 (JGK), 2005 WL 425492, at *7 (S.D.N.Y. Feb. 18, 2005);

*United States* v. *Green*, No. 04 Cr. 424 (RWS), 2004 WL 2985361, at *3 (S.D.N.Y. Dec. 23,

2004); *United States* v. *Canter*, 338 F. Supp. 2d 460, 462 (S.D.N.Y. 2004); *United States* v.

13

*Muscarella*, No. 03 Cr. 279 (NRB), 2004 WL 2186561, at *12 (S.D.N.Y. Dec. 28, 2004); *United States* v. *Patterson*, 02 Cr. 0283 (WHP), 2002 WL 31890950, at *10 (S.D.N.Y. Dec. 27, 2002); *United States* v. *Carrington*, 02 Cr. 897 (LTS), 2002 WL 31496199, at *3 (S.D.N.Y. Nov. 7, 2002); *United States* v. *Otibu*, S1 02 Cr. 104 (AGS), 2002 WL1033843, at *1, n. 1 (S.D.N.Y. May 21, 2002).  Vilar has not articulated any reason why this Court should not likewise deny the instant motion and, therefore, the Court should reject defendant's motion concerning *Brady* disclosures.

Vilar also seeks immediate disclosure of material within the Government's possession that can be used to impeach Government witnesses.  Because the defendant is not entitled to so-called "*Giglio* material" this far in advance of trial, this request should also be denied.

It is well-established that impeachment material ordinarily need not be disclosed until the witness is called to testify at trial.  *See*, *e.g.*, *United States* v. *Nixon*, 418 U.S. 683, 701 (1974) ("[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); *United States* v. *Frank*, 11 F. Supp. 2d 322, 325 (S.D.N.Y. 1998) ("[C]ourts have approved disclosure of Giglio material on the day that a witness testifies.").  The Second Circuit has held that a request for immediate or early disclosure of *Giglio* material has no basis in the law.  *See Coppa*, 267 F.3d 132.  As discussed above, in *Coppa*, the Second Circuit held that *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant.  Rather, the Government must only disclose any *Brady* or *Giglio* material in sufficient time for the defense to make effective use of it. *Coppa*, 267 F.3d at 146.

As Judge Cote noted in denying a similar defense motion for the pre-trial disclosure of

14

*Giglio* material:

> *Giglio* material is customarily produced in this District with Section 3500 material in recognition of the fact that this type of *Brady* material does not ordinarily require any independent investigation in order to use it effectively at trial. Consequently, neither the courts nor the parties in criminal cases have assumed that there is any pretrial right to disclosure of *Giglio* material. . . . Similarly, Congress has assumed that there is no pretrial constitutional right to disclosure of *Giglio* material. For instance, in amending 18 U.S.C. § 3432 in 1994, Congress reaffirmed the requirement that the Government provide a witness list three days prior to trial in death penalty prosecutions. If *Giglio* material were required to be produced prior to trial "on demand", defense counsel would effectively have a witness list long before then, and this statutory provision would make little sense.

*United States* v. *Jacques Dessange, Inc.*, No. 99 Cr. 1182 (DLC), 2000 WL 280050, at *9 (S.D.N.Y. March 14, 2000). *See also United States* v. *Wilson*, No. 01 Cr. 53 (DLC), 2001 WL 727026, at *2 (S.D.N.Y. June 28, 2001) (early production of *Giglio* material not required); *United States* v. *Pimentel*, No. 99 Cr. 1104 (SJ), 2001 WL 185053, at *5 (E.D.N.Y. Jan. 22, 2001) ("*Giglio* material is properly disclosed just prior to the witness being called to testify at trial, or earlier if additional time is reasonably required to review the material"); *United States* v. *Dacunto*, No. 00 Cr. 620 (AGS), 2001 WL 13343, at *7 (S.D.N.Y. Jan. 5, 2001) ("Jencks Act and *Giglio* material, which in this district are customarily produced at the same time, should be produced at least one day prior to the testimony of any witness to which such material relates"); *United States* v. *Jones*, No. 00 Cr. 182 (JGK), 2000 WL 1448640, at *2 (S.D.N.Y. Sept. 28, 2000) (there is no requirement that *Giglio* information be produced before trial).

Requiring the Government to disclose *Giglio* material upon demand is the functional equivalent of requiring the Government to produce a witness list. Yet, numerous decisions from district courts in this Circuit and from the Court of Appeals "assume that the defendant has no

15

right ordinarily to notice before trial of the Government witnesses." *Jacques Dessange, Inc.*,

2000 WL 280050, at *9.  Thus, if *Giglio* material were required to be produced well in advance

of trial, the settled rule that a criminal defendant ordinarily has no right to a witness list, *see*, *e.g.*,

*United States* v. *Fruchter*, 104 F. Supp. 2d 289, 312-13 (S.D.N.Y. 2000); *United States* v. *Bin*

*Laden*, 92 F. Supp. 2d 225, 244 (S.D.N.Y.  2000); *United States* v. *Kelly*, 91 F. Supp. 2d 580,

585-86 (S.D.N.Y. 2000); *United States* v. *Guastella*, 90 F. Supp. 2d 335, 344 (S.D.N.Y. 2000),

would effectively be a dead letter.

Following the usual practice in this District, the Government intends to produce

impeachment material when it provides prior statements of a witness pursuant to 18 U.S.C.

§ 3500 – that is, the Friday before the trial is scheduled to begin, or, if additional time is

reasonably required to review the material, sufficiently in advance of the witness' testimony to

avoid delay of the trial.  As numerous courts in this District have noted in rejecting motions

analogous to that made here by defendant, the Government's intended course of action

represents the usual practice in this District.  *See*, *e.g.*, *United States* v. *Rosario*, 01 Cr. 1034

(SWK), 2002 WL 413921, at *4 (S.D.N.Y. Mar. 14, 2002) (citing *United States* v. *Kelly*, 91 F.

Supp. 2d 580, 585 (S.D.N.Y. 2000)); *Nunez*, 2001 WL 91708, at *8 (noting that "[t]here is no

constitutional right to have early disclosure of *Giglio* and 3500 material" in denying request for

*Giglio* and impeachment information more than one day prior to the day on which the witness

testified); *United States* v. *Brickett*, 99 Cr. 338 (RWS), 1999 WL 689992, at *6-7 (S.D.N.Y.

Sept. 2, 1999) (collecting cases).  Defendant offers no explanation why the long-standing and

judicially-endorsed practice in this District should be altered here.  Accordingly, this Court

should deny defendant's motion to require disclosure of *Giglio* material two months before trial

– a date which passed simultaneously with the filing of defendant's motion.[6]

## IV.

### The Government Will Make Required Disclosures
### Concerning Expert Witnesses Thirty Days Before Trial

Vilar requests "timely" disclosure of information concerning expert witnesses to be called by the Government at trial, including reports and data on which any such expert will rely. Vilar Mot. at 9-10. Such disclosures are required by Fed. R. Crim. P. 16(a)(1)(G). Although Rule 16(a)(1)(G) contains "no specific timing requirements," the parties are expected to comply "in a timely fashion." Advisory Committee Notes to 1993 Amendment to Fed. R. Crim. P. 16.[7] The Government does not currently intend to call any expert witnesses at trial in its case-in-chief. Should the Government's position change, it will provide the required notice to defense counsel at least thirty days before trial. *See United States* v. *Pirro*, 76 F. Supp. 2d 478, 488 (S.D.N.Y. 1999) (requiring such notice no less than fifteen days prior to trial) (citing *United States* v. *Costen*, 95 Cr. 517 (LMM), 1996 WL 137483, at *2 (S.D.N.Y. Mar. 27, 1996) (same)); *United States* v. *DeYian*, 94 Cr. 719 (DLC), 1995 WL 368445, *3 (S.D.N.Y. June 21, 1995) (summaries to be provided within 30 days of receipt and in no event later than two weeks prior to trial). To the extent that Vilar seeks disclosure of expert reports more than thirty days prior to trial, that motion should be denied.

---

[6] To the extent that defendant seeks advance disclosure of impeachment material subject to disclosure solely by virtue of 18 U.S.C. § 3500, defendant's motion should be denied. As the Second Circuit has held, that statute "prohibits a District Court from ordering the pretrial disclosure of witness statements." *Coppa*, 267 F.3d at 145 (citing *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987); *United States* v. *Percevault*, 490 F.2d 126, 131 (2d Cir. 1974)).

[7] The note applies to the relevant Rule, which was formerly designated "16(a)(1)(E)" but was re-lettered in 2002 as a result of amendments to Rule 16.

**V.**

**The Government Will Provide Notice Of Its Intent
To Use Rule 404(b) Evidence Two Weeks Before Trial**

Vilar requests advance notice of any "other crimes, wrongs and acts" evidence that the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).  (Vilar Mot. at 10-11).  The Government is aware of the provisions for pre-trial notice in Rule 404(b), and will ensure that any Rule 404(b) notice is provided on a timely basis by providing such notice not less than two weeks prior to the start of trial.

"Courts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b)."  *United States* v. *Ojeikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) (citing *United States* v. *Heredia*, No. 02 Cr. 1246 (SWK), 2003 WL 21524008, at * 10 (S.D.N.Y. July 3, 2003) (securities and wire fraud); *United States* v. *Silberstein*, No. 02 Cr. 800 (SWK), 2003 WL 21488024, at *7 (S.D.N.Y. June 27, 2003) (conspiracy to commit fraud on financial institution and bank fraud); *United States* v. *Greyling*, No. 00 Cr. 631 (RCC), 2002 WL 424655, at *4 (S.D.N.Y. Mar. 18, 2002) (conspiracy to commit securities fraud and bank fraud and conspiracy to commit commercial bribery)); *see also United States* v. *Santoro*, No. 03 Cr. 484 (TPG), 2004 WL 2346621, at *3 (S.D.N.Y. Oct. 19, 2004) (accepting reasonableness of Government's offer to make *in limine* motion concerning 404(b) evidence two weeks before money laundering trial);  *United States* v. *Triana-Mateus*, No. 98 Cr. 958 (SWK), 2002 WL 562649, at *5 (S.D.N.Y. April 15, 2002) (directing Government to provide 404(b) notice two weeks before trial); *United States* v. *Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (directing Government, in securities fraud case, to provide ten working days' notice of any Rule 404(b) evidence); *United States* v. *Greo*, No. 85 Cr. 961, 1994 WL 202605, at

18

*2 (S.D.N.Y. May 23, 1994) (directing Government to provide ten working days' notice of any

Rule 404(b) evidence regarding defendant's prior drug trafficking conduct); *United States* v.

*Richardson*, 837 F. Supp. 570, 575 (S.D.N.Y. 1993) (approving Government's representation

that it will provide Rule 404(b) notice at least ten days before trial).

The Government expects to provide notice of any Rule 404(b) proof in ample time for

Vilar to prepare for its introduction, but in no event less than two weeks before trial.  In light of

the well-established case law in this Circuit and District, and in the absence of any reason

articulated by Vilar why two weeks' notice would not be adequate in this case, the Court should

deny defendant's motion insofar as it seeks notice of 404(b) evidence more than two weeks prior

to trial.

## **CONCLUSION**

For all the reasons stated herein, the defendant's motion for pretrial relief should be

denied.

Dated: February 27, 2006
    New York, New York

          Respectfully submitted,

          MICHAEL J. GARCIA,
          United States Attorney for the
          Southern District of New York,
          *Attorney for the United States of America*

     By:   /s/
          Marc Litt
          Deirdre A. McEvoy
          Assistant United States Attorneys
          (212) 637-2295 / -2309