**EXHIBIT A**

## Bow Street Magistrates' Court (2641)
### INFORMATION IN SUPPORT OF AN APPLICATION FOR WARRANT OF ENTRY TO SEARCH

Date:   10th October 2005

**This is the Application on oath by:**

Detective Sergeant Howard Shaw

Under Section 16 of the Crime (International Co-operation) Act 2003 and Section 8 of the Police and Criminal Evidence Act 1984.

**To search Premises:**

~~Cadogan Tate, Cadogan House, 239 Acton Lane, London NW10~~

**Material Sought:**

For all documents and computer records relating to the various investment schemes described below and in the Appendixes. The evidence sought should include but is not limited to, all correspondence and agreements, both draft and final, relating to:

1. Financial movements between AMERINDO UK and other companies and corporate entities controlled by the named suspects.
2. Client lists and correspondence with clients.
3. Documents showing control and influence over activities by VILAR and TANAKA.

A full list of items sought is provided at pages 10 through 13 inclusive of the Letter of Request.

I have reasonable grounds to believe that such material may be found on the premises, which is likely to be of substantial value to the investigation of the offence. I am further satisfied that the material is likely to be relevant and does not consist of, or include items of legal privilege, excluded material or special procedure material. Finally I am satisfied that entry and access to the material will not be granted unless a warrant is produced.

1

This application is made following a formal request from the Judicial Authorities of the United States to the United Kingdom Central Authority of the Home Office (copy attached at Annex A). The Secretary of State has issued a Direction under Section 13 Crime (International Cooperation) Act 2003 dated 10th October 2005 (copy attached at Annex B). A supplementary Letter of Request from the US authorities is attached at Annex C.

**A full explanation of the investigation is contained within the International Letter of Request (Annex A), which forms part of this application. A synopsis of the investigation is given below:-**

a) The US Authorities are investigating the activities of Alberto VILAR (VILAR), Gary TANAKA (TANAKA), Renata TANAKA and James STABLEFORD. The alleged offences include Mail Fraud, Wire Fraud, Money Laundering and Investment Advisor Fraud.

b) VILAR and TANAKA are Directors, Officers and Shareholders of AMERINDO US and subsidiary companies including AMERINDO Advisors (UK) Limited registered at 43 Upper Grosvenor Street, London.

c) Between 1987 and 2002 VILAR and TANAKA met and encouraged international investors to make investments in various 'investment funds' including, amongst others, funds supposedly operated by AMERINDO Panama. The investors were led to believe that their investments would be used to purchase short-term high quality deposits.

d) At least eight investors placed some USD 30 million into funds operated by AMERINDO Panama.

e) It is alleged that TANAKA and VILAR misappropriated much of the investments and used the remainder to purchase high-risk Stock.

f) It is alleged that some USD 15 million has been lost to these particular investors.

g) The attached Letter of Request also details a 'PONZI' scheme whereby investors are paid 'returns' using their own investments and/or the deposits of later investors. It is alleged that the named suspects operated an entity titled Rhodes Capital, in part from the London offices of AMERINDO for this purpose.

h) It is alleged that millions of dollars have been fraudulently obtained by the named individuals and used to purchase such things as racehorses.

i) In May 2005 VILAR and TANAKA were arrested in the United States and subsequently indicted by a Grand Jury.

2

**Information concerning the address:**

The US authorities initially requested that the offices of AMERINDO UK be searched. However enquiries revealed that the company had vacated the property and that the contents of the office (some 320 boxes) are now held in a storage facility.

A supplementary Letter of Request has now been received correctly identifying this storage facility (copy at Annex C).

Contact has been made with the Storage Company, who will facilitate execution of any warrant.

**Human Rights Act considerations:**

The premises to be searched are a storage facility company. Contact has been made with the company and the warrant will be executed in full cooperation with the company itself. It will take place during office hours and minimal disruption is anticipated. This is not a residential site.

The issue of a warrant is both necessary and proportionate.

**Additional information**

To assist with the review of material held by the storage company three US investigators have travelled to the UK. This warrant seeks permission for the named investigators to attend the execution of the warrant. This will ensure that only documents relevant to the investigation are seized.

Cynthia FRATERRIGO
Thomas FEENEY
Annmarie WILLIAMSON

The FSA has assisted the US authorities with obtaining banking evidence relating to AMERINDO UK. Although no separate UK investigation is being conducted by the FSA contact continues between the FSA and lawyers for AMERINDO/TANAKA.

**Detective Sergeant Howard Shaw**
**10th October 2005**

3

**Comments of Officer Authorising the application**

This application arises from a Letter of Request issued by the authorities of the United States and a subsequent Direction made by the United Kingdom Central Authority of the Home Office.

It is requested that a search takes place to recover evidence likely to be of substantial value to a major fraud investigation and prosecution in the United States.

I am satisfied that there is sufficient evidence to suggest that the offence is of a serious nature, involving considerable financial gain for the suspects and serious financial loss to the Investors.

I am also satisfied that there may well be relevant material at the address, which will be of substantial value to the investigation in the United States.

I am satisfied that the material does not include items subject to legal privilege, excluded material or special procedure material. Finally, I am satisfied that it would not be practicable to communicate with any person entitled to grant entry to the premises.

Date:

Signed:

Detective Inspector:



Date

Signed


District Judge

4



## IN THE GREATER LONDON COMMISSION AREA

Bow Street Magistrates' Court (Code 2641)

Application is today made before me the undersigned by:

Detective Sergeant Howard Shaw

For a warrant to search:

Cadogan Tate
Cadogan House
239 Acton Lane London NW10

The applicant says on oath that there are reasonable grounds for believing that the serious arrestable offence underlined overleaf has been committed and that it is necessary to enter the above mentioned premises to search for material which is likely to be relevant evidence and be of substantial value to the investigation of the offence and that such material does not consist of or include items subject to legal privilege, excluded material or special procedure material. The material sought is:

Documents relating to the activities of AMERINDO (UK) and associated companies along with documents relating to the activities of Alberto VILAR (VILAR), Gary TANAKA (TANAKA), Renata TANAKA and James STABLEFORD.

A full detailed list is attached to and forms part of this warrant.

And that
(a)* ~~it is not practicable to communicate with any person entitled to grant entry to the premises.~~
(b)* ~~it is practicable to communicate with a person entitled to grant entry to the premises but it is not practicable to communicate with any person entitled to grant access to the evidence.~~
(c)* entry to the premises will not be granted unless a warrant is produced.
(d)* ~~the purpose of a search may be frustrated or seriously prejudiced unless a Constable arriving at the premises can secure immediately entry to them~~

Date:

Signature of Applicant

Taken and Sworn before me


(Senior) District Judge.

*Delete as appropriate
M.C.A. 1A Information. Search warrant. Serious Arrestable Offence.

The applicant must underline the serious arrestable offence alleged

A
1. Treason.
2. Murder
3. Manslaughter
4. Rape
5. Kidnapping
6. Incest with a girl under the age of 13
7. Buggery with a person under the age of 16
8. Indecent assault which constitutes an act of gross indecency.
9. Being knowingly concerned in the importation of indecent or obscene articles

B
1. Causing explosion likely to endanger life or property
2. Intercourse with a girl under the age of 13
3. Possession of firearms with intent to injure
4. Use of firearms and imitation firearms to resist arrest
5. Carrying firearms with criminal intent
6. Hostage taking
7. Hi-jacking
8. Torture
9. Causing death by dangerous driving
10. Causing death by careless driving when under the influence of drink or drugs
11. Endangering safety at aerodromes
12. Hijacking of ships
13. Seizing or exercising control of fixed platform
14. Indecent photographs of and pseudo-photographs of children. S.1 Protection of Children Act 1978.
15. Hijacking of Channel Tunnel trains.
16. Hijacking or seizing control of the tunnel system.
17. Publication of obscene matter. Section 2 Obscene Publications Act 1959.

C. The arrestable offence of Conspiracy to Defraud
Has been committed and has led to/is intended to lead to/is likely to lead to one or more of the following consequence (please underline), or which consists of making a threat, if carrying out the threat would be likely to lead to any of the following consequences (please underline)
1. Serious harm to the security of the state or to public order
2. Serious interference with the administration of justice or with the investigation of offences or of a particular offence
3. The death of any person
4. Serious injury to any person
5. <u>Substantial financial gain to any person</u>
6. Serious financial loss to any person
(N.B. loss is serious if, having regard to all the circumstances, it is serious for the person who suffers it; and "injury" includes any disease or any impairment of a person's physical or mental condition.)

ANNEX 3



# Home Office

Crime Reduction and Community Safety Group
Judicial Co-operation Unit

463, 50 Queen Anne's Gate, London SW1H 9AT
Switchboard 0870 0001585   Fax 0207-273-4400   Direct Line 020 7273 4956
Pager 07623-523523 (457782)   E-mail stuart.blackley2@homeoffice.gsi.gov.uk   www.homeoffice.gov.uk

DS Howard Shaw
Extradition and International Assistance Unit
Metropolitan Police
Wellington House
67-73 Buckingham Gate
LONDON SW1E 6BE

Our Ref: ML105/221/1782
Your Ref:
Date: 10th October 2005

Dear Howard

## US REQUEST FOR LEGAL ASSISTANCE: VILAR & TANAKA

You have now seen the supplemental request from the US in connection with this case. The US authorities are seeking the search of premises located in the UK in connection with an investigation into fraud.

The request is for the search of the following address:

- Cadogan Tate, Cadogan House, 239 Acton Lane, London NW10 7NP

The specific evidence to be seized is as follows:

- All documents, records, files, computers, facsimile machines, photographs and other physical evidence relating to Amerindo US, Amerindo UK, and Amerindo Panama but not limited to the records and documents set out on pages 10 – 13 of the original request dated 25 July 2005

In pursuance of Sections 13 and 16 of the Crime (International Co-operation) Act 2003, the Secretary of State by this letter directs that an application be made for a search warrant under Section 8 of the Police and Criminal Evidence Act 1984. The evidence uplifted should include only that which is relevant to the offences set out in the letter of request i.e. fraud.

Section 19 of PACE only permits the extension of a search relating to material of other alleged offences that have been committed with the jurisdiction England and Wales. It does not extend to any evidence relating to other offences that may have taken place outside the jurisdiction.

Once the search has taken place, please liaise with me to discuss handling and transmission of the evidence.

BUILDING A SAFE, JUST AND TOLERANT SOCIETY