**EXHIBIT K**



United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 7, 2005

BY FACSIMILE

Glenn C. Colton, Esq.
Wilson Sonsini Goodrich & Rosati
12 East 49th Street, 30th Floor
New York, New York 10017-8203

Steven G. Kobre, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York, 10022

Jeffrey C. Hoffman, Esq.
Hoffman & Pollok LLP
260 Madison Avenue
New York, New York 10016

    Re: *United States v. Alberto William Vilar and Gary Alan Tanaka,*
      S1 05 Cr. 621 (KMK)

Dear Counsel:

  I write to memorialize the Government's understanding of the privilege review process that is now underway.

  On September 30, 2005, Mr. Kobre informed the Government, on behalf of both Mr. Tanaka and Mr. Vilar, that Eugene Licker, Esq., counsel for Amerindo, would take the first pass at reviewing the 22 boxes of potentially privileged documents segregated by the Government from the documents seized during the search of Amerindo Investment Advisors Inc.'s ("Amerindo") offices at 399 Park Avenue, New York, New York. It is the Government's understanding, based on conversations with Mr. Kobre and Mr. Licker that Mr. Licker is reviewing the documents and dividing them into categories including documents for which: (1) no privilege is applicable; (2) Amerindo is asserting a privilege; (3) Mr. Vilar may be able to assert a privilege; (4) Mr. Tanaka may be able to assert a privilege; (5) the Amerindo mutual fund may be able to assert a privilege; (6) Amerindo Investment Advisors, Inc. may be able to assert a privilege; and (7) any other entity or individual may be able to assert a privilege. It is the

Government's further understanding that Mr. Licker will create a privilege log for the documents falling into Category No. 2, and that attorneys for Mr. Vilar and Mr. Tanaka will examine the documents falling into Category Nos. 3 and 4, respectively, to determine what, if any, privilege(s) to assert and to prepare a privilege log of documents for which any privilege is being asserted. Mr. Licker will, in conjunction with the attorneys for Mr. Vilar and Mr. Tanaka attempt to determine who may properly assert privilege with respect to documents falling into categories 5, 6, and 7. Once the Government is provided with privilege logs from Amerindo, Mr. Vilar, and Mr. Tanaka (and potentially other interested parties), a "taint team" of Assistant U.S. Attorneys not participating in the prosecution of this case will review those logs and the referenced documents and will litigate privilege issues, if necessary. Finally, it is the Government's understanding that Mr. Vilar's and Mr. Tanaka's lawyers do not intend to examine the documents falling into Category No. 1 as part of the privilege review and that the defendants are waiving any applicable privileges with respect to documents so categorized by Mr. Licker.

The Government is also operating under the assumption that the defendants intend to have Mr. Licker review the potentially privileged documents recovered from the computers seized from Amerindo. When I mentioned that to Mr. Licker yesterday, it appeared to be the first time he had heard anything about reviewing computer data (including the 13 DVDs of potentially privileged materials that were forwarded to you with my letter of September 29, 2005). Please let me know how the defendants intend to review the potentially privileged computer data so that I know to whom I should send additional potentially privileged data as it becomes available. If the defendants intend to have Mr. Licker review those materials, I trust that counsel will make available to Mr. Licker either a copy of one of the sets of DVDs that were sent to you on September 29, or make a copy of those materials available to him.

Please don't hesitate to contact me if you would like to discuss this matter further.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Marc Litt
Assistant United States Attorney
(212) 637-2295

cc:   Eugene Licker, Esq. (by facsimile)

2