

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 16, 2006

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

       Re:    <u>United States v. Alberto William Vilar and Gary Alan Tanaka,</u>
               S2 05 Cr. 621 (KMK)

Dear Judge Karas:

       The Government respectfully submits this letter in support of its request to present additional testimony, specifically, the testimony of Inspector Fraterrigo and any additional inspectors who participated in the search of Amerindo U.S. from whom the Court would like to hear.

## Background

       On December 14, 2005, the Court held a hearing on defendants' motion to suppress evidence taken in the May 26, 2005 search of Amerindo U.S.'s offices.  The Government called one witness at that hearing, United States Postal Inspector John Feiter, a supervisor with 27 years of experience as a Postal Inspector, and the team leader of a securities and commodities fraud team in the Southern District of New York.  At that hearing, the defendants requested the right to call Postal Inspector Fraterrigo, the case agent, regarding the execution of the May 26, 2005 search.  The Government objected on the ground that the defendants' request appeared to be a fishing expedition and that the subjective view of Inspector Fraterrigo regarding her interpretation of the search warrant was irrelevant to the good faith inquiry under <u>Leon</u>.  (<u>See</u>, e.g., 12/14/05 Tr. at 65; Gov't. 12/15/05 Letter).  The Government also indicated that evidence concerning the circumstances of the search was introduced through Inspector Feiter and that "there is no reason to think that the additional testimony of Inspector Fraterrigo would provide evidence relevant to the questions to be decided."  (Gov't. 12/15/05 Letter at 2).

       In an order dated December 16, 2005 (the "Order"), this Court found that "the only question is whether it was objectively reasonable for the agents executing the search to rely

Hon. Kenneth M. Karas
March 16, 2006
Page 2

upon the warrant issued by the magistrate judge." Order at 2. The Court denied defendants' request to examine Inspector Fraterrigo and held that "[u]nder the objective test articulated in Leon, Inspector Fraterrigo's subjective beliefs about the validity of the warrant are irrelevant." Id. The Court also directed the parties to submit to the Court a joint scheduling order for post-hearing submissions "[g]iven that no more witness testimony is necessary." Id. at 3.

The parties submitted post-hearing submissions and, on March 9, 2006, the Court heard oral argument on the motions. During that oral argument, the Court pointed out that Inspector Feiter had testified at the suppression hearing that he had subjectively interpreted paragraph one of the search warrant to mean that he could take any business record of the Amerindo entities relating to the items specified in the first paragraph but that "[i]t may very well be that Inspector Fraterrigo had a different interpretation of that first paragraph but we don't know that." (3/9/06 Tr. at 43-44). Inspector Feiter had testified at the suppression hearing that he had referred questions from agents conducting the search to the case agent but Your Honor indicated at oral argument last week that there was no evidence in the record about what Inspector Fraterrigo told those agents regarding the manner in which the search should be limited. (3/9/06 Tr. at 44). The Court further indicated that there was no evidence in the record regarding what the other inspectors' mind frame was when conducting the search and whether they held "a more narrow view of that first paragraph." (3/9/06 Tr. at 45).

In addition to raising questions about the subjective views of Inspector Fraterrigo and other postal inspectors regarding paragraph one of the warrant, the Court indicated that in this case, unlike United States v. Burke, 718 F. Supp. 1130, 1144 (S.D.N.Y. 1989), the defendants challenged the actual extent of the searches, which was relevant to the Court's determination of whether the agents acted in good faith in relying on the warrant. (3/9/06 Tr. at 59-60). In light of defendants' challenge to the extent of the search in this case, Your Honor indicated that the instructions that Inspector Fraterrigo gave the Inspectors conducting the search and the process by which the Inspectors decided what was and what was not covered by the warrant became relevant to the Court's determination of whether the good faith exception applies.[1] (Id.). At the conclusion of oral argument, Your Honor indicated that you believed that the resolution of the motion to suppress "is going to come down to good faith." (3/9/06 Tr. at 77).

In a letter dated March 15, 2006, Defendant Tanaka opposed the Government's request to present additional testimony, reversing his earlier position that Inspector Fraterrigo was a critical witness and that information from Inspector Fraterrigo was necessary to determine

---

[1] Although Inspector Feiter testified that the agents conducting the search left approximately 30 to 40 percent of paper behind (12/14/05 Tr. at 89), Your Honor correctly noted that there was no evidence in the record whether that 30 or 40 percent of the paper that was left behind had writing on it. (3/9/06 Tr. at 45).

Hon. Kenneth M. Karas
March 16, 2006
Page 3

whether the Postal Inspectors conducted the search of Amerindo U.S. in good faith. Defendant Tanaka's main opposition to this request appears to be the Government's prior opposition to his request to call Inspector Fraterrigo and the Government's "strateg[ic]" decision to present only the evidence of Inspector Feiter at the original suppression hearing. (3/15/06 Tanaka Ltr. at 3).

### Discussion

Since the December 14, 2005 hearing on defendants' motion to suppress, this Court asked questions that have made it apparent to the Government that Inspector Fraterrigo has testimony to offer that would not be cumulative but, rather, would address factual issues relevant to the Court's determination of whether the good faith exception to the exclusionary rule applies in this case. The Court plainly indicated at oral argument last week that Inspector Fraterrigo's subjective views and interpretation of paragraph one of the search warrant and how that interpretation was conveyed to other postal inspectors conducting the search are relevant to the Court's determination of whether the inspectors acted in good faith in executing the warrant. (See, e.g., 3/9/06 Tr. at 44 ( "It may very well be that Inspector Fraterrigo had a different interpretation of that first paragraph but we don't know that."). It would in the interests of justice to permit the Government to present evidence that addresses the Court's questions.

This Court possesses the discretion to re-open the hearing to insure that the Court has all of the evidence relevant to the issues pertaining to its determination whether the good faith exception to the exclusionary rule applies in this case. In United States v. Bayless, 201 F.3d 116 (2d Cir. 2000), for example, a case where the District Court had already issued its decision on the motion to suppress, the Second Circuit affirmed the District Court's decision to re-open a suppression hearing to present additional testimony, after the Court had heard evidence and ordered suppression. Bayless, 201 F.3d at 131. The District Court granted the motion and ultimately reversed its suppression order. Id. at 124. In Bayless, the Government had chosen not to present evidence in its possession at the time of the original suppression hearing. The Second Circuit said that the District Court properly had re-opened the hearing, given the reasons advanced by the Government for electing not to introduce the evidence at the initial hearing, specifically, that the testimony echoed that of the proffered witness and it had "no reason to believe that [the second witness's] testimony would be anything but cumulative." Id. at 131-32. In upholding the reopening of the hearing, the Second Circuit stated that "'vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not control.'" Id. at 132 (quoting United States v. Tucker, 380 F.2d 206, 214 (2d Cir. 1967)). In Tucker, then Chief Judge Lombard observed that "[t]he government ought to be permitted considerable latitude as long as the defendant is not then in jeopardy." Tucker, 380 F.2d at 214.

Here, the societal interests in having this Court consider all evidence relevant to the application of the good faith exception to the exclusionary rule are extremely compelling. Significantly, the Court has not issued a decision, the matter is not settled, and, therefore, the judicial and societal interest in finality is not implicated by the Government's request to present

Hon. Kenneth M. Karas
March 16, 2006
Page 4

additional testimony. It is now clear that issues have become relevant since the December hearing that warrant exploration, namely, issues relating to the instructions provided by the case agent to those agents conducting the search, the manner in which the search was conducted, and the nature of the items (i.e., whether they had writing on them) that inspectors determined were not covered by the search warrant and were left behind.

In Leon, Justice White acknowledged a long-standing preference for search warrants and the deference to the magistrates who issue them. 468 U.S. at 914. Justice White further recognized the remedial nature of the exclusionary rule and the limited situations in which it should be applied because of the "substantial social costs exacted by the exclusionary rule for vindication of Fourth Amendment rights." Id. at 907-08. The Leon Court observed that "'[o]ur cases have consistently recognized that unbending application of the exclusionary sanction to enforce ideals of governmental rectitude would impede unacceptably the truth-finding functions of judge and jury.'" Id. at 907 (quoting United States v. Payner, 447 U.S. 727, 734 (1980)). The good faith exception to the exclusionary rule in warrant cases has the salutary effect of encouraging law enforcement to seek warrants. Thus, particularly where evidence has been obtained pursuant to a lawfully obtained warrant issued by a neutral magistrate judge, justice requires that a court evaluate all evidence relating to the circumstances under which a warrant was executed in ruling on a motion to suppress. It is, therefore, especially appropriate that this Court consider the Government's proffered evidence in determining whether suppression is, in fact, warranted in this case.

United States v. Williams, No. S1 00 Cr. 1009, 2004 WL 2980027, at *25 (S.D.N.Y. Dec. 22, 2004), on which Tanaka relies in opposing the Government's request to present additional testimony, is entirely distinguishable from the facts here. There, the defendant moved to reopen the suppression hearing after the Court had denied his motion to suppress in order to allow him another opportunity to cross-examine a detective who was one of the affiants of the search warrant in question. In denying the defendant's application, Judge Buchwald found that the defendant had failed to offer any support for the "substance or timing" of his application and observed that the witness whom the defendant proposed calling had already testified and been cross-examined at the initial hearing. Id. (citing United States v. Tzakis, 736 F.2d 867, 872 (2d Cir. 1984) (affirming denial of motion to reopen suppression hearing where defendant failed to offer "significant, new factual matters that would have been developed at such a hearing")). Here, the Government is not proposing to recall Inspector Feiter to reexamine him or present additional testimony from him. Rather, the Government is proposing that it call Inspector Fraterrigo in order to introduce factual information that was not presented at the initial hearing. If, as Your Honor seemed to indicate at the oral argument on the motion last week, the case agent's testimony about the manner in which the search was conducted is crucial, if not dispositive, to Your Honor's determination about whether the good faith exception applies in this case, it certainly is within Your Honor's discretion to allow the Government to present additional testimony on those issues.

Hon. Kenneth M. Karas
March 16, 2006
Page 5

      In sum, the Government respectfully submits that in light of the anticipated testimony of Inspector Fraterrigo and the purpose of the good faith exception to the exclusionary rule, this Court should exercise its discretion to allow the Government to present additional testimony on the issues raised by Your Honor at oral argument last week.

      Respectfully submitted,

      MICHAEL J. GARCIA
      UNITED STATES ATTORNEY

By  _____
      Deirdre A. McEvoy
      Marc Litt
      Assistant United States Attorneys
      (212) 637-2309/2295

cc:    Jeffrey C. Hoffman, Esq.
       Glenn C. Colton, Esq.
       Steven G. Kobre, Esq.