

12 East 49th Street, 30th Floor
New York, NY 10017-8203

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

March 15, 2006

**BY HAND**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

      Re:    *United States v. Alberto Vilar and Gary Tanaka*, 05 Cr. 621 (KMK)

Dear Judge Karas:

      We represent Gary Tanaka in the above-entitled matter. On his behalf, and pursuant to the Court's request at the conference held on March 9, 2006, we submit this letter augmenting our positions stated at the March 9 conference and setting forth a proposed schedule for resolving the outstanding privilege issues in this matter ("Proposed Schedule"). Under the Proposed Schedule, all privilege issues must be fully briefed by August 11, 2006, in anticipation of a September 11, 2006 trial date. Not only does this permit sufficient time for all privilege disputes to be resolved, but also it allows the Court to address any other issues that must be resolved prior to trial, including but not limited to the pending motions to suppress. Furthermore, the Proposed Schedule is specifically tailored to accommodate Mr. Vilar's counsel, who has advised the Court that he is currently scheduled to be on trial in another matter between May and July 2006.

### Materials Seized From Amerindo US's New York Office

      On May 25, 2005, the Government seized approximately 160 boxes of hard copy documents and approximately 30 computers and servers from the New York offices of Amerindo Investment Advisors Inc. ("Amerindo US"). Four months later, on or about September 30, 2005, the Government made available to Defendants twenty-three boxes of hard copy documents, which had been designated by a government "Taint Team" as potentially privileged. In addition, between September 29 and October 31, 2005, on a rolling basis, the Government provided Defendants with 26 DVDs containing hundreds of thousands of "potentially privileged" electronic files seized from Amerindo US. In accordance with the Court's Order dated December 7, 2005, Defendants completed their privilege review of the Amerindo US electronic data by December 31, 2005. The review of the hard copy documents was completed by January 18, 2006.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 15, 2006
Page 2

On or around February 2, 2006, we received a call from the Taint Team in which they indicated generally their objection to certain of Defendants' privilege designations. On March 9, 2006, the Taint Team sent us a "sampling" of documents that they contend are not privileged.

In order to resolve the outstanding privilege issues, we propose that the Court order the following schedule:

1. The Government must serve (but not file) any motion challenging Defendants' specific privilege designations on or before April 7, 2006, so that the Parties can attempt to reach an amicable resolution. In the event that the Parties are unable to resolve their disputes, the Government must file its motion by May 1, 2006.

2. Defendants and/or Amerindo US must respond to any such motion on or before May 15, 2006.

3. The Government must file its reply by May 29, 2006.

**Materials Seized From the Cadogan Tate Facility in London**

On or about October 14, 2005, the Government, in collaboration with British authorities, executed a search warrant on a Cadogan Tate storage facility in London ("Cadogan Tate"). The Government has represented that it received the items seized during this search on or around November 11, 2005. Subsequently, the Government provided Defendants with access to approximately four boxes of potentially privileged documents. In accordance with an agreement between the Parties, Defendants completed their privilege review of these documents by January 31, 2006.

On March 6, 2006, nearly four months after it received the materials seized from Cadogan Tate, the Government provided Defendants with the first of what the Government predicts will be at least three hard drives of potentially privileged electronic files. The Government has represented that it expects to provide all of the potentially privileged electronic data seized from Cadogan Tate to Defendants by March 24, 2006.

In order to conduct the necessary privilege review and resolve any disputes that may arise, we propose that the Court order the following schedule:

1. The Government must provide Defendants with any potentially privileged electronic or hard copy documents seized from Cadogan Tate by March 24, 2006.

2. Defendants must complete their review of these potentially privileged documents by June 2, 2006.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 15, 2006
Page 3

    3. The Government must serve (but not file) any motion challenging Defendants' specific privilege designations on or before June 30, 2006, so that the Parties can attempt to reach an amicable resolution. In the event that the Parties are unable to resolve their disputes, the Government must file its motion by July 14, 2006.

    4. Defendants must respond to any such motion on or before July 31, 2006.

    5. The Government must file its reply on or before August 11, 2006.

**Motions to Suppress Seized Evidence**

Currently pending before the Court are Defendants' motions to suppress the evidence seized from Amerindo US's New York office and the Cadogan Tate storage facility. The motion to suppress the evidence seized from Amerindo US is fully submitted and *sub judice*.[1] The motion to suppress the evidence seized from Cadogan Tate is due to be fully submitted by March 27, 2006, and argument on the motion is currently scheduled for April 21, 2006. In the event that the Court rules in favor of Defendants on one or both of these motions, many of the privilege concerns at issue in this case may become moot.[2] Accordingly, we respectfully request that the Court decide these motions at its earliest convenience. More specifically, if the Court's schedule permits, we respectfully request that the Court decide the motion to suppress the evidence seized from Amerindo US by March 31, 2006, and the motion to suppress the evidence seized from Cadogan Tate by May 5, 2006. We further request that, should either or both of the motions to suppress be granted, the Court revisit the scheduling issue to avoid any unnecessary delay in the trial of this matter.

**Trial Date**

Taking into account the above schedule, we respectfully request that the Court set a firm trial date of September 11, 2006. We foresee no reason why all outstanding issues – including

---

[1] As set forth in Steve Kobre's submission dated March 15, 2006, Mr. Tanaka vigorously objects to the Government's attempt to take a second bite at the apple and call additional witnesses in connection with Defendants' motion to suppress evidence seized from Amerindo US. Not only does the Government's request comes three months after the hearing on this motion, as well as after extensive post-hearing briefing and oral argument on these issues, but also the Government itself vehemently objected to Mr. Tanaka's attempt to solicit additional testimony concerning the circumstances surrounding the search.

[2] For example, if the Court grants Mr. Tanaka's motion to suppress the evidence seized from the UK, it may not be necessary for Defendants to conduct a privilege review of the massive quantity of electronic data designated by the Government as potentially privileged. Similarly, in the event that Defendants' motion to suppress the Amerindo US search is granted, it is likely that some – if not all – of the Government's challenges to Defendants' privilege designations will become moot.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 15, 2006
Page 4

the privilege issues noted above – cannot be resolved in sufficient time for the trial to proceed on this date.

      In proposing this schedule, Mr. Tanaka does not waive but rather expressly reserves his objections to the repeated exclusions of time previously requested by the Government, including the exclusions granted by the Court on August 11 and November 7, 2005.[3] Mr. Tanaka also reserves the right to request that the Court revisit his bail conditions once a final schedule is established.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/
Glenn C. Colton
Jessica L. Margolis

cc:    Marc Litt, Esq. (by fax)
        Jeffrey Hoffman, Esq. (by fax)

---

[3] On August 11, 2005, over Mr. Tanaka's objection, the Court granted the Government's request for a 90-day exclusion of time due to discovery and privilege issues, pursuant to 3161(h)(8)(A), and for a 120-day exclusion of time to enable the Government to obtain foreign evidence, pursuant to 3161(h)(1)(9). On November 7, 2005, again over Mr. Tanaka's objection, the Court granted the Government's request for an additional 90-day exclusion under 3161(h)(8)(A) and a 120-day exclusion under 3161(h)(1)(9).