

12 East 49th Street, 30th Floor
New York, NY 10017-8203

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

March 17, 2006

**ELECTRONICALLY FILED**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:    *United States v. Alberto Vilar and Gary Tanaka*, 05 Cr. 621 (KMK)

Dear Judge Karas:

    We represent Gary Tanaka in the above-entitled matter and, on his behalf, submit this response to the Government's letter dated March 15, 2006 (authored by AUSA Neal Barofsky and attached hereto). Essentially, the Government asks that the Court (1) order Defendants to re-review the documents seized from Amerindo US that Defendants have designated as privileged, and (2) decline to set a trial schedule until various privilege issues are resolved. For the reasons stated below, both requests should be denied.[1]

    In October 2006, the Government made available to Defendants over seven hundred thousand (700,000) electronic files that the Government seized from Amerindo US and that <u>the Government designated</u> as "potentially privileged." After conducting a review of these "potentially privileged" electronic files, Defendants claimed approximately 10,000 – or <u>less than 2%</u> – as privileged.[2] Pursuant to an agreement with the Government, the privileged files were produced to the "Taint Team" segregated by (1) the party or parties claiming privilege, and (2) the basis for the assertion of privilege (work product doctrine and/or attorney client privilege). The remaining files – constituting nearly 98% of those that had been flagged by the Government as potentially privileged – were returned to the prosecution team.

---

[1] As Mr. Barofsky acknowledges, the Parties attempted several times to confer on these issues prior to Mr. Tanaka's March 15 submission. Given the Court's request that Mr. Tanaka submit a proposed schedule by March 15, however, after unsuccessfully attempting to reach Mr. Barofsky on March 13, we turned our attention to the preparation of a reasonable schedule – one that we believe provides more than adequate time to resolve any privilege-related issues.

[2] It bears emphasis that every one of the documents produced to the Taint Team by Defendants was first identified by the Government as potentially privileged.

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 17, 2006
Page 2

      Despite the fact that Defendants have asserted privilege over only a small fraction of the documents initially identified by the Government as potentially privileged, the Taint Team has refused to review these files and specifically identify those that they intend to challenge as not privileged. Instead, based on a preliminary assessment of the materials, the Government has requested that the Court order Defendants to re-review these materials in the hope that Defendants' privilege claims will be whittled down before the Taint Team is obligated to conduct its full review. This request is unreasonable and should be denied by the Court.

      The fact that there might be a relatively large number of privilege disputes in this matter is entirely unsurprising considering the tremendous volume of materials seized by the Government from Amerindo US and the Cadogan Tate facility in London. Indeed, the electronic files designated by the Government as potentially privileged alone will likely be in excess of one million. Although we are sympathetic to the time and resources that are required to process this quantity of materials (having had to review an exponentially greater quantity ourselves), this is a direct result of the Government's seizure of two entire computer systems, and its subsequent failure to screen this electronic evidence for responsiveness to the applicable search warrant.[3] It does not justify shifting the burden to Defendants to challenge their own privilege designations.

      Mr. Tanaka also objects to the Government's request that no schedule be set until various issues relating to privilege are resolved. As an initial matter, the Government's assertion that it cannot file a motion challenging Defendants' privilege designations because it lacks the information to do so is simply wrong. Whereas in most cases the party challenging privilege has only a bare-bones privilege log on which to base its motion, with only select information about the documents in question, here <u>the Government has the actual privileged documents</u>. Moreover, these documents were produced by Defendants in a form specifically agreed to by the Government, in which Defendants clearly indicated the party or parties asserting privilege and the ground or grounds for the assertion. The Government's contention that it now needs further information before it can even identify those documents it wishes to challenge is therefore both unsupported and unreasonable.

      Furthermore, at the March 9, 2006 conference, the Court specifically stated that deadlines were critical in order to ensure that the privilege process proceeds at a reasonable pace, consistent with Defendants' constitutional and statutory Speedy Trial rights. Not only does the schedule proposed by Mr. Tanaka in his March 15 submission account for these concerns, but

---

[3] It is for this reason that Mr. Tanaka requested that the Court require the Taint Team to first segregate those electronic files that are outside the scope of the relevant search warrant before issues of privilege are addressed. As stated during the March 9 conference, we think this is a sensible and appropriate solution to prevent litigation of privilege issues concerning documents that may fall outside the scope of the applicable warrant. Indeed, this function is generally conducted by Postal Inspectors on site during a search; the only reason why it was not conducted in this instance was due to the impracticability of searching electronic data on site.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
March 17, 2006
Page 3

also it is specifically tailored to account for the large volume of documents in this case. Indeed, aside from requesting no schedule at all, the Government does not challenge any of the specific deadlines proposed by Mr. Tanaka as insufficient or otherwise unreasonable.[4]

      Mr. Tanaka also disagrees with the Government that all motions regarding privilege issues should be on one schedule. There is simply no reason to delay resolution of issues relating to the Amerindo US documents – which were reviewed by Defendants and provided to the Government over two months ago – until Defendants complete their review of the potentially privileged materials seized from Cadogan Tate – which the Government does not expect to provide to Defendants until late March (despite the fact that these documents were received by the Government over four months earlier, in November). Furthermore, from a resources standpoint, it makes far more sense to resolve as many privilege issues as possible upfront so that all Parties can turn their focus to preparing for trial to the extent possible.

      In sum, Gary Tanaka respectfully requests that the Court "so order" the schedule proposed in his March 15 letter. This case has been marked by continuous Government delay – eight months to search for evidence for a superseding indictment, four months to identify potentially privileged documents seized from Cadogan Tate and Amerindo US, three months and counting to review Defendants' privilege designations for the Amerindo US materials (designations that Defendants were required to make in half that time), and so on. Given that Mr. Tanaka originally asked for a trial in September 2005, and that he will be separated from his family (despite the presumption of innocence) for sixteen months before his trial even begins, we believe that it is time to put an end to the delay and to schedule, once and for all, Mr. Tanaka's long sought-after day in court.

      Respectfully submitted,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      /s/
      Glenn C. Colton
      Jessica L. Margolis

Enclosure

---

[4] Essentially, the Government suggests that Gary Tanaka's Speedy Trial rights should be entirely subordinate to the Government's own convenience. While this may seem like a harsh statement, no other reading of Mr. Barofsky's letter – in which the Government refuses even to set a trial date <u>sixteen months</u> after Defendants' arrest – is appropriate.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2006

**By Facsimile**

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    United States v. Vilar, et al
                05 Cr. 621 (KMK)

Dear Judge Karas:

      We write to object to the proposed schedule regarding privileged matters submitted by Glenn Colton, counsel for the defendant Gary Tanaka. In his letter, Mr. Colton suggests that the Government be required to serve a motion challenging the Defendants' privilege designations by April 7, 2006. As counsel has not yet returned our call of March 13, 2006, we were not consulted regarding the proposed schedule.

      Moreover, as detailed in our March 9, 2006 letter to Mr. Colton, a copy of which is attached hereto, and as we stated in Court last week, we do not believe that defense counsel has satisfied its obligation in conducting a thorough good faith review of the U.S. materials in making its privilege designations. As a result, we have identified vast numbers of documents that are plainly not privileged. For us to serve an omnibus motion on April 7, 2006, involving thousands of documents that are not even conceivably privileged, would be a colossal waste of the Government's and the Court's time. Instead, defense counsel needs to review the documents we have identified, as well as other documents in its initial privilege review, and indicate to the Government: (1) which documents it continues to believe are privileged; and (2) the basis for the assertion of the privilege with respect to each document. Until defense counsel does so, we respectfully submit that it is premature to set a date upon which the Government's motion regarding these issues would be due. Indeed, until defense counsel identifies the basis for asserting privilege for many of these documents, it will be impossible for the Government to prepare such a motion.

Hon. Kenneth M. Karas.
March 15, 2006
Page 2

      As to the UK documents, which defense counsel is still reviewing, the Government has no idea as to the volume of the documents which the defendants are going to indicate are privileged, or the degree of review the defendants' are going to undertake in conducting making such designations. It is therefore impossible for us to estimate the time we will need to respond. We would like to note, however, in a message we left for Mr. Colton on March 10, 2006, we indicated that we needed to discuss the manner in which documents are turned over to the Government to facilitate a more efficient review. As noted above, after an exchange of messages on March 10 and 13, 2006, we have not heard back from Mr. Colton, and therefore have been unable to fully discuss this issue. Furthermore, it makes little sense to have multiple motion schedules for the privilege submissions, all motions regarding privilege issues should be on one schedule.

      Accordingly, we respectfully submit that the Court not impose a schedule regarding the privileged documents until such time that counsel have time to discuss a mutually convenient and practical schedule.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
Neil M. Barofsky
Assistant United States Attorney
Rhonda Jung
Special United States Attorney
Telephone: (212) 637-2333/2217

Enc.

cc:  Susan Wolfe, Esq.
      Eugene Licker, Esq.
      Glenn Colton, Esq.

**U.S. Department of Justice**

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

March 9, 2006

**BY FEDERAL EXPRESS**

Glenn C. Colton, Esq.
Wilson Sonsini Goodrich & Rosati
12 East 49th Street, 30th Floor
New York, New York 10017

    Re:    United States v. Vilar, et al
              05 Cr. 621 (KMK)

Dear Mr. Colton:

      Enclosed please find electronic and hard copies of documents which, based upon our review, do not appear to be privileged. Your firm and Susan Wolfe of Hoffman & Pollok have previously identified these documents as privileged.

      Specifically, documents identified as P0001 - P1656 are from the documents that were provided to us in hard copy. Documents P10000 - P10569 come from a random sampling of documents provided to us electronically. The CD-Rom, identified as P1657, was generated from the electronic files produced to us.

      With respect to the documents produced to us electronically, we have attempted, to the extent possible, to conduct some key-word searches of more than 10,000 electronic files to identify non-privileged documents. Due to the volume of the documents, and it being clear that a very large portion of the documents are not privileged, we have not attempted to review all of the electronic files. However, based on these samplings, as we have discussed with you previously, it appears that you have claimed privilege over large numbers of documents based purely on the fact that an individual whose name appears in the document may be an attorney, irrespective as to whether that individual was acting in such a capacity. In that regard, we informed you that there appeared to be an issue with documents concerning David Mainzer, an attorney who was also acting as the Chief Financial Officer and Chief Operating Officer for the Amerindo entities, as well as with Carlos Castellanos. At the time of our discussion, you informed us that you would look into the assertion of privilege with respect to those two individuals. We continue to believe that while we have made an effort to review many of the electronic files, it is still necessary for

Glenn C. Colton, Esq.
March 9, 2006
Page 2

you to review entirely your assertion of privilege with respect to all of these documents.

The documents enclosed fall under certain categories, including:

- Documents that have been redacted. Obviously, since we have been walled off from the trial team in this case, there can be little justification for providing us with redacted documents;

- Documents that, on their face, appear to have no basis for privilege whatsoever, such as business related documents, financial projections, PowerPoint presentations given to third parties, documents received from third parties, etc.;

- Final execution copies of certain agreements;

- Documents which may be partly privileged, but which contain non-privileged material as well. For example, while one or two telephone messages may reflect a privileged communication, it appears that you have asserted as privileged several years' worth of telephone messages and itineraries for Alberto Vilar. Similarly, there appear to be multi-topic memoranda or emails where one topic might be privileged, but the rest of the communication is plainly not privileged;

- Documents where the cover page may be privileged, but the attachment is plainly not privileged; and

- Communications that appear to involve third-parties outside the scope of any privilege.

Glenn C. Colton, Esq.
March 9, 2006
Page 3

      Upon your review of these documents, please identify which documents you maintain are in fact privileged. For such documents, please identify the role of each person copied on the document, and a brief description of why the document is privileged.

      Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
Neil M. Barofsky
Assistant United States Attorney
Rhonda Jung
Special United States Attorney
Telephone: (212) 637-2333/2217

Enc.

cc: Susan Wolfe, Esq. (w/o enclosures).
    Eugene Licker, Esq. (w/o enclosures)
    Hon. Kenneth M. Karas (w/o enclosures)