

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 20, 2006

**BY FACSIMILE**
Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

**Re: United States v. Alberto Vilar and Gary Tanaka**
**05 Cr. 621 (KMK)**

Dear Judge Karas:

The Government respectfully submits this letter in response to the March 17, 2006 letter from Glenn Colton, Esq., counsel for the defendant Tanaka, regarding the scheduling of submissions with respect to potentially privileged documents in this case. In his letter, written in response to the Government's March 15, 2006 letter, in which we objected to the imposition of a schedule without consultation with the Government, Mr. Colton mis-characterizes our submission as objecting to a September 11, 2006 trial date and seeking to compel defense counsel to review their prior designation of privileged documents with respect to the Amerindo U.S. documents. As any plain reading of our submission would indicate, our letter took no position with respect to the trial date (by its terms, our submission concerned only the privilege review), and merely stated that the Government was unable to concur with a proposed scheduling order until we had an opportunity to discuss certain outstanding issues with defense counsel, including the adequacy of their review of the Amerindo U.S. materials. Unfortunately, as Mr. Colton continues to refuse to return our March 13, 2006 telephone call, we are compelled to offer a counter-schedule.

With respect to the materials seized from the offices of Amerindo U.S., as the Government stated in its letter to the Court dated March 15, 2006, as well as our letter to defense counsel dated March 9, 2006, due to the large number of documents that the defendants designated as privileged that plainly are not privileged, we do not believe that the defendants have satisfied their obligation to conduct a thorough, good faith review of the Amerindo U.S. materials in making their privilege designations. As the defendants note in their March 15, 2006 letter, on or about February 2, 2006, the undersigned called Mr. Colton and Ms. Margolis to discuss our overall objections to their privilege designations. We were unable to have a

meaningful, substantive discussion to resolve any of these issues because neither Mr. Colton nor Ms. Margolis had reviewed the documents. Instead, they informed us that they had retained a law firm that purportedly specializes in conducting privilege reviews to review the documents at issue. At the conclusion of that conversation, they indicated that they would look into certain categories of their privilege designations that we believed were suspect. We have not been updated on the steps that they took, if any, with regard to these documents. Accordingly, we believe it is necessary for the defendants to carefully review their assertion of privilege with respect to the Amerindo U.S. materials, segregate only those documents that they believe they have a valid basis to contend are privileged, and clearly indicate the basis for that assertion with respect to each document. This same procedure should be followed for the defendants' review of the Amerindo UK materials. Otherwise, the Government will be placed in the untenable position of preparing motion papers with respect to thousands of pages of documents involving the patently frivolous invocation of privilege, including PowerPoint presentations given to third parties and entire years' worth of telephone messages.

The Government proposes the following schedule, which ends on the same date as the defendants' proposed schedule and would not interfere with the defendants' proposed trial date. First, by March 24, 2006, the Government will provide any potentially privileged Amerindo UK documents to the defense. Second, by June 2, 2006, the defendants must provide the Government with bates-stamped, hard copies of the Amerindo U.S. and Amerindo UK materials that they maintain are privileged with a cover letter containing a brief description of why each document is privileged. Third, by June 30, 2006, assuming that the defendants have conducted a good faith review of the documents and have not made frivolous privilege designations, the Government will formally respond to the defendants' privilege designations. In the event that the parties have been unable to reach an amicable resolution concerning particular documents, the defendants must file a motion seeking a protective order by July 14, 2006. The

Government must respond to any such motion by July 31, 2006. The defendants must file their reply by August 11, 2006.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: /s/
Rhonda Jung
Special Assistant United States Attorney
Neil M. Barofsky
Assistant United States Attorney
Telephone: (212) 637-2217/2333

cc: Glenn Colton, Esq.
Jeffrey Hoffman, Esq.
Eugene Licker, Esq.