```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-

ALBERTO WILLIAM VILAR and GARY ALAN
TANAKA,

                      Defendants.

Case No. 05-CR-0621 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Before the Court is the Government's application to re-open the December 14, 2005

suppression hearing, and, in particular, to call as an additional witness the lead investigator,

Postal Inspector Cynthia Fraterrigo. Defendants oppose the Government's application. What is

striking about this application and the opposition thereto, is the willingness of each side to

abandon previously held positions regarding Inspector Fraterrigo. For example, in his post-

hearing request, Tanaka sought to call Inspector Fraterrigo as the "witness who knows the most

about the relevant facts at issue." (Letter from Steven Kobre to the Court 4, December 15, 2005)

Meanwhile, the Government, in opposing the Defendants' prior application, insisted that

Inspector Fraterrigo's testimony was "irrelevant to the determination to be made by the Court."

(Letter from Marc Litt to the Court 1, December 15, 2005). Now, the Government is advocating

that the same person who it had previously characterized as irrelevant should take the stand,

while Defendants are advocating that the person who they strenuously wanted to cross-examine

should not be allowed to testify.

Defendants insist that the standard this Court should apply is "whether the moving party

offers newly discovered evidence that could not have been presented at the time of the original

hearing." (Letter from Steven Kobre to the Court 1, March 15, 2006) (quoting *United States v. Williams*, No. S1 00 Cr. 1008, 2004 WL 2980027, at *25 (S.D.N.Y. Dec. 22, 2004)). However, the Second Circuit has explicitly declined to choose whether to adopt this standard. *See United States v. Bayless*, 201 F.3d 116, 131 (2d Cir. 2000) (declining to choose between circuit decisions requiring a justification for re-consideration and those imposing no such requirement).[1] Moreover, the Second Circuit long ago commented that "vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not to control." *United States v. Tucker*, 380 F.2d 206, 214 (2d Cir. 1967).

Here, virtually every case cited by Defendants (and the Government) involves the application by the losing party in a suppression motion to have the district court re-consider its decision. *See Bayless*, 201 F.3d at 130 (government motion for reconsideration following order suppressing evidence); *Williams*, 2004 WL 2980027, at *25 (defendant motion for reconsideration following denial of suppression motions). Yet, that is not the posture of this case. Here, the Court conducted an evidentiary hearing that was followed by, at the request of the Parties, written post-hearing submissions. In fact, after the suppression hearing was

---

[1]The circuits are split down the middle on this point. *See United States v. Rabb*, 752 F.2d 1320, 1323 (9th Cir. 1984) (rejecting the justification requirement and adopting positions of the Fifth and Seventh Circuits); *United States v. Regilio*, 669 F.2d 1169, 1177 (7th Cir. 1981) (same); *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975) (same); *United States v. Villabona-Garnica*, 63 F.3d 1051, 1055 (11th Cir. 1995) (holding that in the absence of a justification for not introducing available evidence, the government waived its right to have the evidence considered in subsequent proceedings); *McRae v. United States*, 420 F.2d 1283, 1286-88 (D.C. Cir. 1969) (same).

Two decisions within the Second Circuit after *Bayless* was decided have imposed the justification requirement on the Government. *See United States v. Leaver*, 358 F. Supp. 2d 273, 278 (S.D.N.Y. 2005); *United States v. Gagnon*, 250 F. Supp. 2d 15, 18 (N.D.N.Y. 2003). However, both of these decisions involved efforts by the Government to undo an unfavorable decision.

conducted, Defendants moved to quash the subpoena dated May 26, 2005, the service of which apparently was arranged during the execution of the search that is being challenged. Therefore, through no fault of any Party, it was not until well after the December 14 hearing that the Court was made more fully aware of the Government's efforts to collect evidence from Amerindo's New York offices, and of the reasons for the Defendants' objections to those efforts. Indeed, as the Court commented at the March 9, 2006 conference, the factual record regarding the subpoena remains murky. (Hr'g Tr. 67-69)

Thus, under these circumstances, the Court believes it is appropriate to re-open the hearing. First, in evaluating the competing claims, the Court is mindful of "society's interest in admitting all relevant evidence," which counsels strongly in favor of permitting a full consideration of all information before deciding whether to suppress evidence. *Regilio*, 669 F.2d at 1177. Here, the Court believes that it requires more information about the execution of the search, which is relevant both to the Motion to Suppress and the Motion to Quash.

Second, Defendants failed to identify any prejudice they will incur from having an opportunity to cross-examine the very same witness they initially were so eager to have testify. *See United States v. Coward*, 296 F.3d 176, 181 (3d Cir. 2002) ("[W]hen faced with a motion to reopen, the district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted.") (quotations and citations omitted); *United States v. Buffington*, 815 F.2d 1292, 1298 (9th Cir. 1987) ("Appellants present no showing that the procedure followed by the district court prejudiced them."). Defendant Vilar attempts to demonstrate otherwise, suggesting that Inspector Fraterrigo would be tainted by her presence during the December 14 hearing and subsequent conferences in which the suppression issue was

discussed.  (Letter from Susan Wolfe to the Court 1-2, March 16, 2006)  Yet, Inspector

Fraterrigo's presence at the hearing did not stop Defendants from insisting that she testify even

*after* she sat through the testimony and argument at the December 14 hearing.  Moreover, the

possibility that Inspector Fraterrigo's testimony might be tainted by her presence can be

addressed through rigorous cross-examination.[2]

Third, even if the Government should be required to justify its change of heart, the Court

finds that it has done so.  Specifically, the Court finds persuasive the Government's explanation

that it initially believed that the Court did not think Inspector Fraterrigo's testimony would be

essential to deciding the Suppression Motion.  The Court's comments at the March 9, 2006

proceeding, however, indicated to the Government that Inspector Fraterrigo could offer testimony

which is non-cumulative and relevant to the resolution of the pending motions.  *See Bayless*, 201

F.3d at 131-32 (holding that the government justified its decision not to call a second law

enforcement witness at the initial suppression hearing because the government believed that the

second witness would be cumulative).

---

[2]As the lead investigator, Inspector Fraterrigo was entitled to be present at the hearing.
*See* Fed. R. Evid. 615; *United States v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir. 1972).

In sum, the Court believes that additional testimony would be helpful in deciding the related Motions to Suppress and to Quash the Subpoena that was issued as a result of the execution of the search. Accordingly, the Government's request to re-open the hearing and call Inspector Fraterrigo is GRANTED. However, the Court also believes that the Government and Defendants should be prepared to call any appropriate witnesses to testify about the circumstances in which the subpoena for Amerindo's business records was requested of the Government. The Court will hear the testimony of these witnesses at a time to be discussed at the conference scheduled for April 7, 2006.

SO ORDERED.

Dated:       April 4 , 2006
             New York, New York

                                           KENNETH M. KARAS
                                           UNITED STATES DISTRICT JUDGE