**EXHIBIT B**



**THE INSOLVENCY SERVICE**
www.insolvency.gov.uk

Official Receiver's Office
London B
21 Bloomsbury Street
London
WC1B 3SS

MR Gary Tanaka
7 HIGH COOMBE PLACE
WARREN CUTTING
KINGSTON UPON THAMES
SURREY
KT2 7HH

Tel: 020 7637 6479
Fax: 020 7636 4709

DX address:   120875
DX exchange: Bloomsbury 6

Your ref:
Our ref:    mosh/HIGH 006446 2005/C – Please quote this in any reply
Ext. no:    6455
e-mail:     Mohammed.Shahed@insolvency.gsi.gov.uk
Date:       13 December 2005

Dear Sir

**IN THE HIGH COURT OF JUSTICE**                                    006446 of 2005

**RE: AMERINDO ADVISORS (UK) LTD (In Liquidation)**

On 30 November 2005, the court made a winding-up order against AMERINDO ADVISORS (UK) LTD.

I understand that you are or have been an officer of the company. Under section 235 of the Insolvency Act 1986, you must give me all the information I may reasonably require relating to the company and its promotion, formation, business, dealings, affairs or property; and attend on me at such times as I may reasonably require.

If you have not already spoken to someone from this office, you should telephone during normal working hours on the day you receive this letter or, if that is not a normal working day, on the next following working day. Other than the minimum required to keep them safe, you should take no action in relation to the assets or accounting records until you have received the Official Receiver's instructions.

An appointment has been made for you to be interviewed by Mr A Abrahams at this office at **10:30 AM on Tuesday 3 January 2006**. If, for good reason, you are unable to keep this appointment, or if you have special needs which may call for particular arrangements to be made, you should contact Mr A Abrahams upon receiving this letter.

During the interview extensive use will be made of the enclosed questionnaire (L75.01 or PIQC), which you **MUST** complete and then bring with you to the interview. It is important, in order to reduce the length of the interview, that you answer every question – in your own handwriting – as fully as you can. For example, you should give the **full**




INVESTOR IN PEOPLE



LS_002949470_00

**names, complete addresses and amounts** at question 5.1 about all those who owe money to AMERINDO ADVISORS (UK) LTD and at question 7.1 about all those to whom AMERINDO ADVISORS (UK) LTD owes money. If you find any of the questions difficult, help will be given when you come for interview.

When you attend for interview, you **must** bring with you any cash and cheques in hand, **and** as many of the company's accounting records, books, papers, documents etc that are in your possession or under your control as you can (but even if you do not have any of them, you must still keep the appointment). Examples of the records to be handed in include:

- a schedule of debts due to the company;
- cash books, sales and purchase day books and ledgers, etc;
- copies of all trading and profit and loss accounts and balance sheets;
- all deeds, leases, tenancy agreements, etc relating to premises used by the company;
- all insurance policies, hire purchase agreements, conditional sale agreements, etc (or details if they are not in your possession);
- all bank statements, paid cheques (if you have them), unused cheques and counterfoil cheque books, paying-in books, credit cards, etc;
- personnel, wages and PAYE records;
- the company seal, minute book, register of members and other statutory books; and a copy of the Memorandum and Articles of Association.

You may be required to provide a statement of affairs of AMERINDO ADVISORS (UK) LTD but if so formal notice will be sent to you.

I enclose

- an extract of section 216 of the Insolvency Act 1986, which you should read carefully;
- a copy of "A Guide for Directors"; and,
- notes about telephoning and attending this office.
- an ethnic monitoring form

A copy of the Insolvency Service Charter, which details the standards of service you can expect from us, is available at the Official Receiver's Office.

Yours faithfully

J O'Shea
Assistant Official Receiver

## Section 216 of the Insolvency Act 1986

1)  This section applies to a person where a company ("the liquidating company") has gone into insolvent liquidation on or after the appointed day and he was a director or shadow director of the company at any time in the period of 12 months ending with the day before it went into liquidation.

2)  For the purposes of this section, a name is a prohibited name in relation to such a person if—

    a)  it is a name by which the liquidating company was known at any time in that period of 12 months, or
    b)  it is a name which is so similar to a name falling within paragraph (a) as to suggest an association with that company.

3)  Except with leave of the court or in such circumstances as may be prescribed, a person to whom this section applies shall not at any time in the period of 5 years beginning with the day on which the liquidating company went into liquidation—

    a)  be a director of any other company that is known by a prohibited name, or
    b)  in any way, whether directly or indirectly, be concerned or take part in the promotion, formation or management of any such company, or
    c)  in any way, whether directly or indirectly, be concerned or take part in the carrying on of a business carried on (otherwise than by a company) under a prohibited name.

4)  If a person acts in contravention of this section, he is liable to imprisonment or a fine, or both.

5)  In subsection (3) "the court" means any court having jurisdiction to wind up companies; and on an application for leave under that subsection, the Secretary of State or the official receiver may appear and call the attention of the court to any matters which seem to him to be relevant.

6)  References in this section, in relation to any time, to a "name" by which a company is known are to the name of the company at that time or to any name under which the company carries on business at that time.

7)  For the purposes of this section a company "goes into insolvent liquidation" if it goes into liquidation at a time when its assets are insufficient for the payment of its debts and other liabilities and the expenses of the winding up.

8)  In this section "company" includes a company which may be wound up under Part V of this Act.

LS_002949470_00