

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

12 East 49th Street, 30th Floor
New York, NY 10017-8203
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

August 23, 2006

**BY FACSIMILE AND ECF**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

    Re:    *United States v. Alberto Vilar and Gary Tanaka*, 05 Cr. 621 (KMK)

Dear Judge Karas:

    We represent Gary Tanaka in the above-referenced action and, on his behalf, submit this letter (1) requesting that the Court hold a conference at its earliest convenience in order to arraign Mr. Tanaka on the third superseding indictment returned by the Grand Jury on August 15, 2006, and (2) requesting certain modifications to Mr. Tanaka's current bail conditions. Mr. Tanaka and his counsel can make themselves available at the Court's convenience to discuss the issues addressed in this letter.

### The Third Superseding Indictment

    Mr. Tanaka respectfully requests that the Court hold a conference at its earliest convenience in order to arraign Mr. Tanaka on the third superseding indictment returned by the Grand Jury on August 15, 2006.

    The Government's decision to supersede at this stage of the proceeding is in flagrant violation of the Court's oral order at the conference held on November 7, 2005, *see* Nov. 7 Transcript at 67-68, which was subsequently memorialized in the Court's written order dated December 7, 2005.[1] This order clearly and unconditionally required the Government (should it choose to do so) to supersede ***no later than January 31, 2006***. In recognition of this deadline, the Government in fact superseded the pending indictment on January 31, 2006, the very last day it was permitted to do so under the Court's ruling.

---

[1] Copies of the relevant portion of the November 7 transcript and the Court's December 7 order are attached as Exhibit A.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
August 23, 2006
Page 2

Now – over a year after the initial indictment against Mr. Tanaka was returned and he promptly asserted his right to a Speedy Trial, and over six months after the deadline set by the Court for any superseding indictment in this case – the Government nevertheless supersedes. Because the Government's conduct is in clear violation of the Court's prior order, we ask that this issue also be addressed at the arraignment.

### Modification of Mr. Tanaka's Bail Conditions

Mr. Tanaka also requests that the Court modify the conditions of his bail to (1) release for the payment of legal fees in defense of the above-referenced case the $500,000 cash currently securing his $10 million personal recognizance bond ("PRB"), and (2) permit Mr. Tanaka to leave his son's apartment Tuesday, Thursday and Friday between 7:30 a.m. and 5:30 p.m., provided that Mr. Tanaka leaves a phone message for pre-trial services prior to leaving and upon returning to the apartment.

On March 31, 2006, Mr. Tanaka submitted an application requesting that the Court reduce the amount of security required to support the $10 million PRB pursuant to which he was released to permit the return of the $1 million in cash (leaving $7 million in assets pledged by Mr. Tanaka's immediate family members).[2] At a conference held on April 7, 2006, the Court granted Mr. Tanaka's request in part, ordering that the cash security required in support of the PRB be reduced to $500,000. In so doing, the Court stated that this case has gone on "longer than could reasonably have been anticipated and it has been represented to me that Mr. Tanaka needs the money to help finance his defense," a request that the Court deemed "reasonable." Transcript of April 7, 2006 Conference, p. 32.[3] Regarding its decision to release only half of the cash supporting the PRB, the Court stated "I am not granting the request in its entirety, because at this point, as I said, I don't want the trial to get delayed longer than this fall." *Id.*

It is now clear that the trial will not take place until at least January 2007. In light of this additional delay, as well as Mr. Tanaka's continued need to fund his legal defense (which will include extensive and complex post-hearing submissions following the lengthy, multi-witness suppression hearing, as well as general pre-trial and trial preparation), Mr. Tanaka respectfully requests that the Court release the remaining $500,000 cash currently securing the PRB. Even without the $500,000 cash, the $10 million PRB is co-signed by Mr. Tanaka's mother, sister and son, and is secured by $7 million of collateral pledged by the same three

---

[2] Mr. Tanaka's March 31, 2006 application (attachments omitted) is attached hereto as Exhibit B. Mr. Tanaka's October 27, 2005 bail modification application, which sets forth the full details of Mr. Tanaka's initial bail package, is attached as Exhibit C (attachments omitted).
[3] Relevant portions of the transcript are attached as Exhibit D.

2

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
August 23, 2006
Page 3

immediate family members. This is significantly higher than the $4 million in assets currently securing the PRB of Mr. Tanaka's co-defendant – a disparity that the Court itself has questioned. *See* Transcript of April 7, 2006 Conference, p. 30 (acknowledging that Mr. Tanaka's bail conditions are "more stringent" than Mr. Vilar's, stating "I am not sure why that at this point needs to be the case").

Also in light of the most recent postponement, pursuant to which the trial will not begin until at least nineteen months after defendants' arrests, Mr. Tanaka requests that the Court relax the terms of his home detention to permit him to leave his eldest son's apartment three days a week – Tuesday, Thursday and Friday – between the hours of 7:30 a.m. and 5:30 p.m., provided that Mr. Tanaka calls his pre-trial services officer prior to leaving and upon returning to the apartment. Currently, Mr. Tanaka is required to remain in the apartment at all times, with the following exceptions: (1) three hours a day, two days a week (Tuesday and Friday), Mr. Tanaka is permitted to leave the apartment to run errands, (2) Mr. Tanaka is permitted to leave the apartment weekdays between 7:30 a.m. and 5:30 p.m. for business-related appointments, provided that he advises pre-trial services in advance of the appointment, and (3) Mr. Tanaka is permitted to leave the apartment for medical and legal appointments, provided that he provides pre-trial services with advance notice.

Given the continued delay of Mr. Tanaka's trial in this matter, the modest revision to the conditions of Mr. Tanaka's house arrest requested in this application (permission to leave the apartment three days a week between 7:30 a.m. and 5:30 p.m. without having to seek prior approval from pre-trial services) is appropriate.[4] Even with the modifications requested in this application, the conditions of Gary's Tanaka's release – which include electronic monitoring, confiscation of travel documents, restriction of travel to locations within the Southern and Eastern District of New York and devastating financial penalties to his immediate family members should he flee – are more than sufficient to address any risk of flight. Moreover, since his release in the beginning of June 2005, Gary Tanaka has fully complied with the requirements set forth in his Appearance Bond, including the terms of his home detention. There is no reason to believe he will not continue to abide by the conditions of his release even with this modest adjustment.

Finally, it is worth noting that, in addition to the impact the delay in this case has had on Mr. Tanaka individually, some of which he seeks to alleviate in the instant application, the delay has also had a tremendous impact on Mr. Tanaka's family situation. In particular, Mr. Tanaka has been separated from his wife and young son, both of whom reside in the United

---

[4] On the other two weekdays – Monday and Wednesday – Mr. Tanaka would continue to be able to leave the home for business, medical or other appointments at the discretion of pre-trial services.

3

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

The Honorable Kenneth M. Karas
August 23, 2006
Page 4

Kingdom, since his arrest in May 2005. By the time the trial begins, Mr. Tanaka will have been separated from his wife and youngest child for over a year and a half.

Although Mr. Tanaka's pre-trial services officer, Leo Barrios, is currently on vacation, we have spoken to pre-trial services officer Franco Furelli, who in turn has spoken with Mr. Barrios. According to Mr. Furelli, pre-trial services has no objection to Mr. Tanaka's request that the conditions of his house arrest be modified as set forth in this application.[5] We have also spoken with AUSA Deirdre McEvoy, who presently takes no position with respect to the bail modifications requested in this application.[6]

                              WILSON SONSINI GOODRICH & ROSATI
                              Professional Corporation

                              /s/

                              Glenn C. Colton
                              Jessica L. Margolis

cc:    Marc Litt, Esq. (via email)
        Deirdre McEvoy (via email)
        Jeffrey Hoffman, Esq. (via email)
        Steven Kobre, Esq. (via email)
        Franco Furelli (via fax)

---

[5] Pre-trial services does not take any position with respect to Mr. Tanaka's request for the release of the cash security.
[6] Ms. McEvoy reserves the right to object to the requested relief upon reviewing this application.