# Exhibit F



## SUBPOENA

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Amerindo Investment Advisors Inc. (NY-7469)

To:   Custodian of Records
      Amerindo Investment Advisors Inc.
      399 Park Avenue
      New York, NY  10022

☒    YOU MUST PRODUCE everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, NY 10281 on Friday, June 3, 2005 at 10:00 a.m.

☒    YOU MUST TESTIFY before officers of the Securities and Exchange Commission, at the place, date and time specified below:

Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, NY 10281 on Friday, June 3, 2005 at 10:00 a.m.

### FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.
Failure to comply may subject you to a fine and/or imprisonment.

By:  _Paul G Gizzi_ (signature)                     Date: May 26, 2005
     Paul G. Gizzi
     Securities and Exchange Commission
     3 World Financial Center, Room 4300
     New York, NY 10281

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933, Section 21(a) of the Securities Exchange Act of 1934, and Section 209(a) of the Investment Advisers Act of 1940.

NOTICE TO WITNESS:    If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

Attachment to Subpoena to
Amerindo Investment Advisors Inc. dated May 26, 2005

A.    Instructions and Definitions

1.    "Amerindo" means Amerindo Investment Advisors Inc., all entities or facilities in which it has or had a controlling interest, all parents, subsidiaries, affiliates, predecessors, successors, shareholders, officers, directors, principals, employees, and agents, including Amerindo Investment Advisors (Cayman) Limited, Amerindo Advisors (U.K.) Limited, and Amerindo Investment Advisors, Inc. (Panama).

2.    "Amerindo Investor" means any person or entity for whom Amerindo currently has or previously had investment authority, including, without limitation, hedge funds and managed accounts; provided, however, that "Amerindo Investor" shall not include mutual funds.

3.    "Document" means all materials from which information can be obtained that are or have been in Amerindo's possession, custody, or control at any time up to the present, whether drafts or finished versions, originals or non-conforming copies, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise), including, without limitation, contracts, agreements, papers, correspondence, memoranda, notes, articles, reports, lists, logs, files, records, books, message slips, wires, electronic mail, computer discs, computer print-outs, tape recordings, voicemail, videotapes, telegrams, facsimile copies, telephone logs, calendars, date books, bank records, worksheets, summaries, invoices, paid or unpaid bills, records of billings, purchase orders, checks, drafts for money, records of payments, cash receipts, cash disbursements ledgers, magnetic tape, disks, diskettes, optical disks, disk packs and other electronic media, microfilm, microfiche, and storage devices.

4.    "Concerning" means relating to, referring to, describing, mentioning, memorializing, reflecting, evidencing, pertaining to, involving, embodying, or constituting.

5.    "Communication" means the transmission of information in the form of facts, ideas, inquiries, or otherwise.

6.    The following rules of construction apply:

   a.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to make the request more inclusive rather than exclusive.

   b.    "All" includes each, any, and all.

   c.    The use of the singular form of any word includes the plural and vice versa.

7.    The staff requests that, if possible, you comply with this subpoena by voluntarily producing the documents requested as digital images on dvd-rom or cd-rom, and, if possible, the

imaged documents should be compatible with a Concordance database with fields for (i) bates number ranges, (ii) date of document, (iii) document type (i.e. letter, memorandum, fax, or other identifying language), and (iv) OCR information for each imaged document.

B.    Production

1.    Produce all documents concerning Amerindo's investment advisory business during the period from January 1, 2000 to date.

2.    Produce all Amerindo organizational charts.

3.    Produce all lists of Amerindo employees.

4.    Produce documents sufficient to identify all direct and beneficial owners of each Amerindo entity, including Amerindo Investment Advisors Inc., Amerindo Investment Advisors (Cayman) Limited, Amerindo Advisors (U.K.) Limited, and Amerindo Investment Advisors, Inc. (Panama).

5.    Produce all contracts, agreements, and other documents concerning the relationships among Amerindo and affiliated entities during the period from January 1, 2000 to date.

6.    Produce the following documents for each Amerindo Investor during the period from January 1, 2000 to date:

   a)   Account opening materials and documents reflecting the account number(s), account name(s), and the current balance (for wrap fee clients show only the sponsor's name and give other information on an aggregate basis for all clients that are associated with each sponsor);
   b)   Documents sufficient to identify whether the client is a related person or a proprietary account;
   c)   Documents sufficient to identify all custodians;
   d)   Documents sufficient to identify all investment advisers;
   e)   Monthly or other period account statements internally generated, from client custodians, and from broker-dealers as well as any written reconciliations between such;
   f)   Canceled checks (front and back), debit memos, wire transfer instructions and confirmations, money transfer and instruction memos, account transfer instructions and letters of authorization, and other documents evidencing funds and securities in amounts over $1,000 debited from or credited to the client's account;
   g)   Custodian account statements showing all transactions in and balances of all accounts;

2

h)  Documents sufficient to identify the type of account (e.g., individual, wrap fee, pension, registered fund, hedge fund, other unregistered fund);

i)  Written agreements between the client and Amerindo;

j)  Correspondence between the client and Amerindo

k)  Powers of attorney and other documents evidencing Amerindo's discretionary authority with respect to the client;

l)  Documents sufficient to identify whether the client has a directed brokerage arrangement;

m)  Margin agreements;

n)  Account valuations and other documents reflecting the value of the client's account at the end of the period that was used for purposes of calculating the advisory fee for the most recent billing period; and

o)  Documents sufficient to identify the amount of performance-based compensation the client paid.

7.  Produce all schedules of fees Amerindo Investors paid to Amerindo during the period from January 1, 2000 to date.

8.  Produce all letters of authorization, trade instructions, wire or money transfer requests, records of deposits or credits, checks (front and back), credit memos, account transfer instructions, monthly or other period account statements, and other documents concerning transfers from Amerindo Investors to or for the benefit of Amerindo, Alberto William Vilar, Gary Alan Tanaka, and Renata Tanaka during the period from January 1, 2000 to date.

9.  Produce all account opening materials, powers of attorney, letters of authorization, trade instructions, wire or money transfer requests, records of deposits or credits, checks (front and back), credit memos, account transfer instructions, monthly or other period account statements, and other documents concerning the beneficial ownership of either Alberto William Vilar or Gary Alan Tanaka in an Amerindo Investor (including, without limitation, private investment funds) during the period from January 1, 2000 to date.

10.  Produce all correspondence, account ledgers, charts of accounts, general ledgers, correspondence, and other documents concerning the reconciliation of Amerindo Investors' accounts during the period from January 1, 2000 to date.

11.  Produce all manuals, memoranda, e-mail, and other documents concerning Amerindo's policies and procedures for reconciling client security holdings to outside custodian records.

12.  Produce all pleadings and other documents concerning any threatened, pending, and settled litigation or arbitration to which Amerindo was a party during the period from January 1, 2000 to date.

13.     Produce all correspondence, notes, memoranda, e-mail, and other documents concerning all redemption requests made by Amerindo Investors during the period from January 1, 2000 to date.

14.     Provide all notes, memoranda, correspondence, e-mail, and other documents concerning all Amerindo Investor complaints received during the period from January 1, 2000 to date.

15.     Produce all balance sheets, trial balances, income statements, cash flow statements, and cash receipts and disbursements journals for each Amerindo entity for each fiscal year ended during the period from January 1, 2000 to date.

16.     Produce all escrow bank or custodian statements, agreements, and other documents concerning funds and securities escrowed during the period from January 1, 2000 to date.

17.     Produce all custodian or bank statements for all Amerindo or Amerindo Investor sub-accounts during the period from January 1, 2000 to date.

18.     Produce the following documents for each private investment fund advised by Amerindo during the period from January 1, 2000 to date:

    a)  The private placement memorandum and any other offering document (including amendments thereto);
    b)  The operating agreement (e.g. – partnership agreement) and any other organizational documents (including any amendments thereto);
    c)  Financial statements, audited or unaudited, for its five most recent fiscal years;
    d)  The general ledger, separated by calendar year, underlying the financial statements;
    e)  Bank statements and canceled checks;
    f)  The organizational chart of the general partner/managing member;
    g)  Account statements sent to investors;
    h)  Lists of current investors and the values of investors' interests in fund;
    i)  Lists of investors who purchased and redeemed an interest in the fund;
    j)  The latest advisory fee calculation, including any performance fee calculations, and the specific manner in which the fees were calculated;
    k)  If applicable, a statement showing the last two performance fee calculations and the specific manner in which the fees were calculated; and
    l)  Lists of illiquid securities and/or private placements, including their corresponding valuations.

19.     Produce all applications, reports, questionnaires, resumes, business plans, submissions, memoranda, and other documents concerning Amerindo's pursuit of licensing from

4

the U.S. Small Business Administration for a Small Business Investment Corporation during the period from January 1, 2000 to date.

20.    Produce all notes, memoranda, correspondence, e-mail, and other documents concerning communications with the U.S. Small Business Administration during the period from January 1, 2000 to date.

21.    Produce all organizational documents, operating agreements, executed subscription agreements, Form D filings, "blue sky" filings, correspondence and other documents concerning the potential formation of and offering of interests in any Small Business Investment Corporation during the period from January 1, 2000 to date.

22.    Produce all documents concerning investment advisory or other services Amerindo provided to Lily Cates during the period from January 1, 1987 to date.

23.    Produce all documents concerning redemptions made by or for the benefit of Lilly Cates, including the amounts redeemed and the recipient of the funds, during the period from January 1, 2000 to date.

24.    Produce all documents concerning investment advisory or other services Amerindo provided to Lisa Mayer, Debra Mayer, Mary Mayer, and Herbert Mayer during the period from January 1, 1986 to date.

25.    Produce all documents concerning redemptions made by or for the benefit of Lisa Mayer, Debra Mayer, and Herbert Mayer, including the amounts redeemed and the recipient of the funds, during the period from January 1, 2000 to date.

26.    Produce all agreements, offering documents, notes, memoranda, correspondence, e-mail, and other documents concerning Rhodes Capital during the period from January 1, 2000 to date.

27.    Produce all agreements, offering documents, notes, memoranda, correspondence, e-mail, and other documents concerning Amerindo's Guaranteed Fixed Rate Deposit Accounts during the period from January 1, 2000 to date

28.    Produce all e-mail (with attachments) and other correspondence during the period from January 1, 2000 to date for each of the following:

        a)    Alberto William Vilar;
        b)    Gary Alan Tanaka;
        c)    Renata Tanaka;
        d)    Dana Smith;
        e)    Michael Shatiner
        f)    Maxine Ryc;
        g)    Michael Sandifer;

5

       h)    James Stableford;
       i)    Marc Weiss; and
       j)    David Mainzer.

29.    Produce agreements, correspondence, presentation materials, analyses, due diligence investigations, and other documents concerning Amerindo's contemplated, proposed, or completed mergers, or purchases or sales of Amerindo entities, during the period from January 1, 2000 to date.

30.    Produce all notes, memoranda, manuals, e-mail, acknowledgements and other documents concerning Amerindo's securities trading policies that were in effect at any time during the period from January 1, 2000 to date.

31.    Produce Amerindo's Code of Ethics and insider trading policies that were in effect at any time during the period from January 1, 2000 to date, and a list of all access persons, including contract employees, required to report transactions.

32.    Produce any regulatory compliance manual that was in effect at any time during the period from January 1, 2000 to date not already provided in response to a previous item.

33.    Produce all notes, memoranda, correspondence, e-mail, and other documents concerning communications by Gary Tanaka, Renata Tanaka, and any other Amerindo officer, director, employee, consultant, or Amerindo entity, during the period from January 1, 2000 to date concerning Amerindo, its investments, or its clients.

34.    Produce all account opening documentation, new account forms, trading authorizations, margin agreements, option agreements, powers of attorney, discretionary agreements, trade instructions, records of deposits or credits, monthly and other periodic account statements, confirmations, ledgers, notes, memoranda, e-mail, correspondence, agreements, and other documents concerning all Amerindo's securities brokerage accounts during the period from January 1, 2000 to date.

35.    Produce all account opening documentation, new account forms, powers of attorney, signature cards, letters of authorization, wire or other money transfers, records of deposits or credits, checks (front and back), credit memos, account transfer instructions, special instructions, monthly and other periodic account statements, ledgers, notes, memoranda, e-mail, correspondence, agreements, and other documents concerning all Amerindo's bank accounts (domestic or foreign) during the period from January 1, 2000 to date.

36.    Produce all calendars, diaries, appointment books, agendas, itineraries, travel and expense reports, and other documents concerning the daily appointments, activities, meetings, travel plans, and whereabouts during the period from January 1, 2000 to date for each of the following:

       a)    Alberto William Vilar;

    b)   Gary Alan Tanaka;
    c)   Renata Tanaka;
    d)   Dana Smith;
    e)   Michael Shattner
    f)   Maxine Rye;
    g)   Michael Sandifer;
    h)   James Stableford;
    i)   Marc Weiss; and
    j)   David Mainzer.

37.   Produce all offering memoranda and other documents concerning the Amerindo Technology Growth Fund I and Amerindo Technology Growth Fund II.

38.   Produce all documents concerning any redemptions from the Amerindo Technology Growth Fund I or Amerindo Technology Growth Fund II during the period from January 1, 2000 to date.

39.   Produce all documents concerning any fees or other compensation earned from the Amerindo Technology Growth Fund I or Amerindo Technology Growth Fund II during the period from January 1, 2000 to date.

40.   Produce all notes, correspondence, e-mail, and other documents concerning communications during the period from January 1, 2000 to date: (a) with any investor in the Amerindo Technology Growth Fund I and Amerindo Technology Growth Fund II, (b) with any Amerindo employee concerning either fund, and (c) with any administrator or auditor of either fund.

41.   Produce all documents concerning the administration of the Amerindo Technology Growth Fund I and Amerindo Technology Growth Fund II, including records concerning investors in either fund, redemptions from either fund, subscription agreements, and monthly or other periodic account statements.

42.   Produce all documents concerning any audit of the Amerindo Technology Growth Fund I and Amerindo Technology Growth Fund II.