Exhibit N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | S1 05 Cr. 621 (KMK) |
| - against - | ECF CASE |
| ALBERTO WILLIAM VILAR, a/k/a "Albert Vilar," and GARY ALAN TANAKA | |
| Defendants. | |

### DECLARATION OF PAUL MARCUS

Paul Marcus hereby declares as follows:

1. I submit this declaration in support of Gary Tanaka's and Alberto Vilar's opposition to the Government's application to exclude additional time under the Speedy Trial Act and thereby further delay trial and resolution of this matter. I have personal knowledge of the facts set forth below.

2. I have known defendants Gary Tanaka and Alberto Vilar for approximately 25 years. Throughout this time, I have invested in various Amerindo entities (collectively, "Amerindo"). I continue to have money invested and managed by Amerindo.

3. I was extremely surprised to learn of the charges against Gary Tanaka and Alberto Vilar. As I have told the Government, I am not aware of anything indicating that Gary Tanaka or Alberto Vilar has done anything wrong. To the contrary, they have successfully managed my money throughout the years and have never failed to return assets upon my request. Frankly, having known Gary Tanaka and Alberto Vilar for twenty-five years, it is inconceivable to me that they have been dishonest toward me or other investors.

C:\NrPortbl\PALIB1\EMA\2753328_1.DOC

4.   I would like Mr. Tanaka and Mr. Vilar to continue managing my investments. I have spoken at length with other investors and have been told that they, too, want Mr. Tanaka and Mr. Vilar to continue managing their money as soon as possible. Those investors include Alfred Heitkonig, Dr. Ron Silvatti and Mrs. Jordan.

5.   I am informed that the public's interest in a speedy trial is one of the factors the Court considers in determining whether to grant a request to delay a trial. I, as well as these other investors, object to any further delay in this matter. Instead, I ask that the Court set a trial date so that the charges against Mr. Tanaka and Mr. Vilar can be resolved. I believe that a speedy resolution of these charges is in the best interests of clients (including myself) who have money invested with Amerindo. Our view is that the sooner Mr. Tanaka and Mr. Vilar return to active management of our investments, the better off we and the private companies whose stocks are held by Amerindo funds will be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on October 27, 2005.

Paul Marcus