**EXHIBIT L**

FROM :                                      FAX NO. :                      Jan. 09 2006 04:18PM  P2

09-JAN-2006  14:18  FROM  020 83360873              TO  07092026976            P.01/07

Your Ref.

Our Ref.   COM 661/05

Date   4th January 2006



Mr David ARAD
Scodie Deyong Chartered Accountants
United House
23 Dorset Street
London  W1U 6EL

**METROPOLITAN POLICE SERVICE**

*Specialist Crime Directorate*
International Assistance Team
Wellington House
67-73 Buckingham Gate
London  SW1E 6BE

Tel:   020 7230 1188
Mobile: 07733206015
Fax:   020 7230 3618
E-mail: howard.shaw@met.police.uk

Dear Mr Arad

Re.  Amerindo Advisors (UK) Ltd.

I confirm that on 13th and 14th October 2005 I executed a search warrant at Cadogan Tate NW10. The warrant granted authority for the search of property relating to Amerindo (UK), associated companies and named individuals.

Some 43 boxes of documents along with several computers were seized under the terms of the warrant.

This material has now been forwarded to the US Postal Inspection Service under the terms of an International Mutual Legal Assistance request.

Copies of the material sent have not been retained.

I enclose a copy of the search warrants (one for each day) along with a copy of our search record and the Client Inventory held by Cadogan Tate.

I appreciate that the Official Receiver will require information to be derived from some documents sent to the US. I would ask that my details be forwarded to him/her so that specific items can, between us, be located and copies supplied.

Yours sincerely

Howard SHAW



## IN THE GREATER LONDON COMMISSION AREA    Copy B

Bow Street Magistrates' Court   (Code 2641)

To each and all of the Constables of the Metropolitan Police Force.

On this day an application, supported by an information on oath, was made by

**Detective Sergeant Howard Shaw
Metropolitan Police**

For the issue of a warrant under:

**Section 16 Crime (International Co-operation) Act 2003 and
Section 8 Police and Criminal Evidence Act 1984**

To enter and search premises situated at (specify premises)

**Cadogan Tate
Cadogan House
239 Acton Lane London NW10**

And search for: (identify as far as possible, the articles or persons sought)

**Documents relating to the activities of AMERINDO (UK) and associated
companies along with documents relating to the activities of Alberto VILAR
(VILAR), Gary TANAKA (TANAKA), Renata TANAKA and James
STABLEFORD.**

**A full detailed list is attached to and forms part of this warrant.**

Authority is hereby given for any constable accompanied by Cynthia FRATERRIGO,
Thomas FEENEY and Annmarie WILLIAMSON, to enter the said premises on one
occasion only within one month from the date of issue of this warrant and to search
for the articles or persons in respect of which the above application is made

Date: 10 October 2005

And I certify that this copy warrant marked B is true copy of the warrant.

(Senior) District Judge.

POLICE

## IN THE GREATER LONDON COMMISSION AREA     Copy B

### Bow Street Magistrates' Court   (Code 2641)

To each and all of the Constables of the Metropolitan Police Force.

On this day an application, supported by an information on oath, was made by:

**Detective Sergeant Howard Shaw**
**Metropolitan Police**

For the issue of a warrant under:

**Section 16 Crime (International Co-operation) Act 2003 and
Section 8 Police and Criminal Evidence Act 1984**

To enter and search premises situated at (specify premises)

**Cadogan Tate
Cadogan House
239 Acton Lane London NW10**

And search for: (identify as far as possible, the articles or persons sought)

**Documents relating to the activities of AMERINDO (UK) and associated
companies along with documents relating to the activities of Alberto VILAR
(VILAR), Gary TANAKA (TANAKA), Renata TANAKA and James
STABLEFORD.**

A full detailed list is attached to and forms part of this warrant.

Authority is hereby given for any constable accompanied by Cynthia FRATERRIGO,
Thomas FEENEY and Annmarie WILLIAMSON, to enter the said premises on one
occasion only within one month from the date of issue of this warrant and to search
for the articles or persons in respect of which the above application is made

Date: 14th October 2005

And I certify that this copy warrant marked B is true copy of the warrant.

_____
(Senior) District Judge

Distribution:
The original warrant to enter and search premises, for endorsement, see back.
Copy A, to be left with the occupant or on the premises.
Copy B to be retained by police.
M.C.A. 156. Warrant to enter and search premises. S. 15 PACE.

1.  Corporate records relating to (a) the formation of the foregoing entities; (b) their
    shareholders, principals, officers, directors, and employees; (c) changes in ownership;
    (d) bylaws, resolutions, client lists and client files; (e) investment brochures; (e)
    marketing materials and investment advisory agreements; (f) copies of correspondence
    sent to — or received from — clients; and (g) other documents concerning or reflecting
    the identities of, and communications with, any clients;

2.  Documents reflecting financial transactions between and among Amerindo U.S.,
    Amerindo U.K., and Amerindo Panama;

3.  Documents concerning the following brokerage accounts at Bear, Stearns & Company
    Inc.: Amerindo Management Inc., sub a/c M26, Amerindo Technology Growth Fund
    Inc., Amerindo Technology Growth Fund II, and, Techno Raquia, SA (collectively,
    the "Amerindo Brokerage Accounts"), including account opening documents, account
    statements, wire transfer requests, correspondence, electronic mail messages, trade
    tickets, trade blotters, trade confirmations, trade allocation sheets, trade memoranda,
    trade notes, client account statements, memoranda and notes and other documents
    reflecting or relating to investment performance, and other documents reflecting or
    relating to securities transactions entered into on behalf of clients, by any current or
    former Amerindo entity, affiliate, principal, officer and employee;

4.  Current and former client lists, client files, investment brochures, marketing materials,
    investment advisory agreements, copies of correspondence sent to or received from
    clients, including redemption requests received from clients, and other documents

concerning or reflecting the identities of, and communications with, clients who have investment in the Amerindo Brokerage Accounts;

5.    Current and former client lists, client files, investment brochures, marketing materials, investment advisory agreements, copies of correspondence sent to or received from clients, and other documents concerning or reflecting the identities of, and communications with, clients who have investments managed or advised by Amerindo Panama;

6.    Documents concerning Rhodes Capital, including copies of prospectuses, private placement memoranda, subscription agreements, descriptions of Rhodes Capital, lists of investors, and the allocation and distribution of returns;

7.    Documents concerning investments in Guaranteed Fixed Rate Deposit Accounts, including lists of investors, account statements, documents pertaining to certificates of deposit, government securities, or other debt instruments held by Amerindo entities, and documents reflecting securities underlying any such investment;

8.    Documents concerning PTC Management Limited, including all documents reflecting the relationship between any Amerindo entity, principal or employee and PTC, instructions given by any Amerindo entity, principal or employee to PTC, and any investor receiving redemptions of Amerindo investments through PTC;

9.    Documents concerning account number 3308442 at Barclays Bank PLC, Nassau, Bahamas, and/or FirstCaribbean International Bank Limited, Nassau, Bahamas, including any account opening documents, monthly statements, documents pertaining to any deposits, withdrawals, and wire transfers, and any documents regarding the beneficial owners of the account;

10.   Documents reflecting any effort made by any Amerindo entity, including Amerindo SPIC Venture Fund LP, to obtain an SBIC license from the U.S. Small Business Administration, including correspondence, Management Assessment Questionnaires, license applications, documents reflecting efforts to obtain investor funds or commitments from investors to invest funds, capital commitments and investments, investments undertaken prior to licensure and the investment of funds received prior to licensure were invested pending licensure;

11.   Documents reflecting any private bank, brokerage account or any other account with any financial institution held by Amerindo principals, including Vilar and Tanaka;

12.   Documents reflecting any direct financial or beneficial ownership interest held by Vilar or Tanaka in Amerindo and the Amerindo Brokerage Accounts;

13.   Documents reflecting brokerage accounts maintained by Amerindo at any broker-

dealer other than Bear, Stearns & Co. Inc., including documents reflecting trades conducted "away" from Bear, Stearns, and settled in Amerindo Brokerage Accounts at Bear, Stearns;

14. Bank account statements, brokerage account statements, transaction records, wire transfer instructions and records, copies of checks sent to or received from clients, notes, ledgers, cash receipt journals, deposit tickets and records, and other documents reflecting or relating to movements of funds into or out of the Amerindo Brokerage Accounts;

15. Records of expenses, including copies of checks and wire transfers to landlords, employees, counsel, accountants, brokers, utility companies, and other organizations and individuals who provide goods and services to Amerindo; incorporation and governance documents relating to various entities through which Amerindo, Vilar and Tanaka conduct business (including Amerindo U.S., Amerindo U.K., and Amerindo Panama); accounting records; documents relating to any communications with accountants, boards of directors, and the operation and supervision of Amerindo's investment advisory business(es);

16. Documents reflecting information about any current or former Amerindo employee who had any contact with, or responsibility for, the management of, redemptions from, or preparation of account statements for, any current or former Amerindo client that had a direct or indirect interest in the Amerindo Brokerage Accounts;

17. Photographs, address books, Rolodex indices, diaries, calendars, identification documents, travel documents, and other documents relating to any participants in the fraudulent investment schemes;

18. Facsimile machines to determine the telephone numbers used to send and receive documents;

19. Computers, hard drives, and any other devices or equipment capable of storing data or text in any format, including but not limited to cellular telephones, personal digital assistants, and any other storage media capable of containing data or text in magnetic, electronic, optical, digital, analog, or any other format, used to store information described above, as well as drafts and final versions of documents and correspondence prepared in connection with the running and supervision of the operations of the investment advisory business;

20. Any device (mechanical or electronic, including stamps, electronic signatures, etc.) by which the signature of any current or former client or current or former employee has been or may be affixed to a document by a person other than the individual whose signature is contained on or in the device;

21.  Documents concerning the purchase of thoroughbred horses, or goods and services related to the training and maintenance of thoroughbred horses;

22.  Documents and records identifying all current and former employees of Amerindo and their contact information (e.g., addresses and telephone numbers) and personal identifiers (e.g., date of birth, social security number, and passport number);

23.  Documents related to any audited financial records relating to Amerindo advised accounts other than the audited financial records for any publicly traded Amerindo mutual fund; and

24.  Documents related to the withdrawal of funds from the Amerindo Brokerage Accounts for the direct or indirect benefit of Vilar, Tanaka, Ms. Tanaka, or any individual or entity other than an investor in the accounts.