# EXHIBIT A

Case 1:05-cr-00621-RJS    Document 225-2    Filed 10/04/2007    Page 1 of 3



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 18, 2007

BY FACSIMILE

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

    Re:    United States. v. Alberto William Vilar and Gary Alan Tanaka,
             S3 05 Cr. 621 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter concerning the Court's proposal to enter a "limited waiver" order in connection with the review of documents, including potentially privileged documents, that may be responsive to the May 26, 2005 Grand Jury Subpoena (the "Subpoena") served on Amerindo Investment Advisors Inc. ("Amerindo U.S.").

      As the Government understands the Court's suggestion: (a) Amerindo U.S. and/or the defendants would produce to the Government, for review by the prosecution team, the universe of documents that may be responsive to the Subpoena (the "Subject Materials") prior to screening those documents for materials as to which Amerindo U.S., the defendants, and/or other Amerindo entities may seek to assert attorney-client, work product, or other privileges (the "Privileged Materials"); (b) the parties would agree that the provision of any Privileged Materials to the Government would consititute a limited waiver of any applicable privilege solely in connection with this matter; and (c) the defendants be permitted to seek to preclude the admission at trial of any Privileged Materials. The Government understood it to be implicit, if not explicit, that the defendants would be precluded from raising a "taint" argument (*i.e.*, an argument to disqualify any member of the prosecution team or witness, or an argument to preclude the derivative use of materials derived from review of the Documents) as a result of the Government's review of any Subject Materials that either: (1) fall outside the scope of the Subpoena, or (2) are later claimed to be protected by privilege.

      Although the Government would prefer that Amerindo U.S. and/or the defendants comply with the Subpoena by producing responsive materials to the Government along with a privilege

Hon. Kenneth M. Karas
May 18, 2007
Page 2

log, if necessary, describing whatever responsive materials are being withheld on the grounds of privilege, the Government has no objection to resolving this situation through an agreement of the parties (the defendants, Amerindo U.S., and the Government) along the lines suggested by the Court that would be so ordered by the Court. The Government encloses a draft limited waiver agreement that seeks to memorialize the suggestion of the Court and to address certain concerns of the Government including: (a) protection against future assertions by the defendants of "taint" with respect to these documents; and (b) protection from future appellate issues that defendants might raise were documents produced pursuant to the limited waiver agreement process suggested by the Court. The Government further believes that, were the parties able to reach agreement on the terms of such a limited waiver agreement, the defendants should be required to allocute to their understanding and knowing and voluntary waiver of the rights they would be waiving under such an agreement. That allocution would help alleviate the Government's concerns about potential appellate issues that may be raised were this somewhat novel procedure to be employed in this case.

Finally, with respect to the issue of the Government's "return" of seized electronic evidence that falls outside the scope of the search warrant and Subpoena, the Government will extract the subset of responsive material from the seized evidence. When that process is completed, the Government proposes to deposit the images (which contain non-responsive documents and other data about the computers) with the Court so that, if necessary, the Government can seek to use those images to, among other things: (1) conduct additional forensic examinations; (2) establish the authenticity of documents offered as evidence at trial; and (3) rebut any arguments raised by defendants about evidence offered by the Government at trial. The Government has informed Jessica Margolis, Esq., counsel to defendant Gary Alan Tanaka, of this plan, and she consents to the proposed procedure.

              Respectfully submitted,

              MICHAEL J. GARCIA
              UNITED STATES ATTORNEY

By: _[signature]_
              Marc Litt
              Deirdre A. McEvoy
              Benjamin A. Naftalis
              Assistant United States Attorneys
              (212) 637-2295 / -2309 / -2456

cc: Glenn C. Colton, Esq. (By facsimile)
   Ivan S. Fisher, Esq. (By facsimile)
   Eugene R. Licker, Esq. (By facsimile)