USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-23-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                        Defendants.

No. 05 Crim. 621 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    By Memorandum and Order dated January 14, 2008, the Court denied defendants' motion to suppress purportedly "tainted" evidence. (January 14, 2008 Memorandum & Order (the "January 14 Order") at 31.) At that time, the Court also denied, *inter alia*, defendants' request for an order compelling the government to disclose prior to trial "any . . . information relevant to the issue of whether evidence to be presented at trial is tainted by the [initial,] illegal seizure" in this case. (*Id.* at 19-20.) Nevertheless, the Court directed the government to disclose to defendants prior to trial "(1) a list of all witnesses that the government intends to call at trial, (2) a list of all exhibits that the government intends to offer at trial, and (3) a letter detailing the 404(b) evidence it intends to offer at trial." (*Id.* at 21.)

    On February 19, 2008, defendants raised the issue of whether the government should also be directed to disclose prior to trial materials within the scope of 18 U.S.C. § 3500 ("Section 3500" or the "Jencks Act"). Subsequently, the Court directed the parties to submit additional briefing "regarding this Court's authority and/or the need to compel early disclosure by the government" of Section 3500 material. (*See* Feb. 20, 2008 Order at 2.) For the following reasons, the Court finds that Section 3500 constrains this Court's authority to compel the early disclosure of Section 3500

material, other than those items within the scope of the government's constitutional disclosure obligations.

## I. Legal Standard

Section 3500 "prohibits a District Court from ordering the pretrial disclosure of witness statements."[1] *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (citing *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987) (rejecting the district court's conclusion that the government had an obligation to disclose witness statements prior to trial and observing that "the Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies") and *United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974) ("[W]e hold that the government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act.")). Nevertheless, while defendants concede that Section 3500 constrains this Court's discretion to compel early disclosure of witness statements, they correctly assert that the statute's constraints are "not absolute." (Tanaka's March 3, 2008 Ltr. ("Tanaka's Ltr.") at 2.[2])

The Second Circuit has repeatedly emphasized that the government's *constitutional* obligation to disclose material exculpatory or impeaching evidence trumps the limiting provisions of Section 3500. For instance, in *Coppa*, the Second Circuit recognized that "the Government's

---

[1] The statute provides, in relevant part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. . . . After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500 (a)-(b).

[2] Defendant Alberto Vilar did not submit a letter addressing the Section 3500 issue. However, the letter-brief submitted by Defendant Gary Tanaka presented arguments applicable to the government's purported obligation to disclose material to both defendants. Therefore, for the purpose of convenience, the Court refers to the arguments presented therein as "defendants' arguments."

2

obligations under *Brady*" and its progeny "must prevail" over the "mere legislative enactment" in Section 3500. 267 F.3d at 145. Specifically, the court observed that where "witness statements . . . fall within the ambit of *Brady/Giglio*" they "may be required to be produced in advance of trial despite the Jencks Act . . . ." *Id.* at 146. Similarly, in *United States v. Rodriguez*, the Second Circuit noted that "*Brady* and its progeny require the Government to disclose material information that is favorable to the accused, either because it is exculpatory, or because it is impeaching," regardless of whether the information was also within the scope of the Jencks Act. 496 F.3d 221, 224-25 (2d Cir. 2007). Thus, it is well settled that Section 3500's bar on early disclosure of witness statements must give way to the constitutional disclosure obligations set forth in *Brady* and its progeny. *See United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008) ("Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under *Brady* — a constitutional requirement that trumps the statutory power of 18 U.S.C. § 3500.").

## II. Discussion

Defendants argue that, notwithstanding Section 3500's limitations on the disclosure of witness statements, the Court should compel the government to disclose such information sixty days prior to trial in order to protect defendants' constitutional rights.[3] However, defendants do not assert

---

[3] As noted above, in the January 14 Order, the Court rejected defendants' previous request to compel the disclosure of, *inter alia*, "any . . . information relevant to the issue of whether evidence to be presented at trial is tainted by the illegal seizure." (January 14 Order at 19-20.) This previous request arguably encompassed the material sought by defendants in their current application, wherein defendants seek disclosure of Section 3500 material that itself constitutes tainted evidence or is relevant to issues of taint. Thus, it appears that defendants' current application may be precluded by the Court's previous ruling on the basis of the "law of the case" doctrine. *See Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 7-8 (2d Cir. 1996) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *DiLaura v. Power Auth.*, 982 F.2d 73, 76 (2d Cir. 1992)). Nevertheless, because the government has not raised the "law of the case" doctrine in response to defendants' application, and because the Court did not specifically address Section 3500 in rejecting defendants' prior application for a broader set of material, the Court does not determine the

3

that *Brady* or its progeny require early disclosure of Section 3500 material. Rather, they argue that early disclosure is necessary to provide defendants with "sufficient time" prior to the commencement of trial to "meaningfully vet[]" the material for tainted evidence, thereby "ensur[ing] the enforcement and protection of defendants' constitutional rights under the Fourth Amendment." (Tanaka's Ltr. at 3.) In response, the government asserts that defendants have failed to offer any persuasive basis to depart from the mandatory restrictions on disclosure in Section 3500, and indicates, once again, that it will produce Section 3500 material at least two weeks prior to trial. (*See* Gov't's March 12, 2008 Ltr. ("Gov't's Ltr.") at 2-3.)

As an initial matter, the Court notes the well-settled rule that, notwithstanding the limitations on disclosure in Section 3500, the government must disclose any *Brady* exculpatory and impeachment material — including items that may also fall within the scope of Section 3500 — "in time for its effective use at trial" and "no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made . . . ." *Coppa*, 267 F.3d at 142 ("An assessment of whether an outcome would have been different if undisclosed evidence had been disclosed is best made after a trial is concluded."). Defendants do not argue, and there is absolutely no basis to conclude at this time, that the government is shirking its obligations under *Brady*.

However, apart from this constitutional obligation, the Court finds no basis to depart from the constraints of Section 3500 in the instant case. Specifically, the Court rejects defendants' argument that early disclosure of Section 3500 material is necessary "to provide [d]efendants with

---

applicability of the law of the case doctrine and, instead, proceeds to analyze the merits of defendants' current request.

a realistic opportunity to address taint issues" prior to trial and, therefore, "ensure" that defendants Fourth Amendment rights are upheld. (*See* Tanaka's Ltr. at 3.)

In fact, there is no authority — constitutional or otherwise — that requires the early disclosure of Section 3500 material in order to facilitate litigation of Fourth Amendment issues. Rather, the Second Circuit has specifically rejected the contention that Section 3500 gives way to a criminal defendant's need to litigate Fourth Amendment claims prior to trial. In *United States v. Sebastian*, the Second Circuit found that Section 3500 precluded the district court from ordering the disclosure of the statements of government witnesses that had testified at a pretrial suppression hearing. 497 F.2d 1267, 1268 (2d Cir. 1974). The Second Circuit observed that:

> [T]he case for pre-trial disclosure [of witness statements] is strongest in the framework of a suppression hearing. . . . But although we might well — as a matter of policy — favor broadening the Jencks Act or generally liberalizing federal discovery, we do not feel that we can ignore the weight of authority, including our own, or the language of the Act in the absence of contrary legislative history or specific direction from Congress.

*Sebastian*, 497 F.2d at 1270; *see also United States v. Williams*, 10 F.3d 1070, 1079 (4th Cir. 1993) ("Under the Jencks Act, the government was not required to turn over witness statements during the suppression hearing."); *United States v. Murphy*, 569 F.2d 771, 773 -774 (3d Cir. 1978) ("In . . . a pre-trial evidentiary hearing resulting from a motion to suppress federal appellate authority is unanimous in precluding district courts from ordering surrender of Jencks material during such a proceeding."); *United States v. Feola*, 651 F. Supp. 1068, 1139 -1140 (S.D.N.Y. 1987) (rejecting defendants' request for the pretrial disclosure of witness statements on the ground that such disclosure was necessary "to prepare and present the defense, to protect the due process rights of defendants, and to prevent undue and burdensome delays at time of trial," and observing that "[a]s

5

much as this Court would like to assist the defendants in the preparation of their defense and at the same time avoid delays at trial, the Court cannot order the Government to produce these materials prior to trial by virtue of 18 U.S.C. § 3500") (Brieant, J.). Moreover, in this case, the Court has already determined that no binding authority requires the pretrial resolution of defendants' anticipated concerns regarding tainted evidence. *See* Jan. 14 Order at 27-28 (finding that defendants' anticipated taint motion "may, for good cause shown, be deferred until after the trial in this action."); *see also United States v. Ostrer*, 481 F. Supp. 407, 414-15 (S.D.N.Y. 1979) (deferring resolution of a taint hearing until after the trial); *see also United States v. Buck*, 548 F.2d 871, 874 (9th Cir. 1977).

Therefore, given that the Fourth Amendment does not confer upon defendants the right to early disclosure of Section 3500 material as an aid to litigation of Fourth Amendment issues, nor even the right to litigate taint issues prior to trial, this Court cannot conclude that defendants are constitutionally entitled to early disclosure of Section 3500 material that may be relevant to defendants' concerns regarding tainted evidence. Thus, in the absence of a constitutional obligation that "must prevail" over the statutory limitations in Section 3500, *cf. Coppa*, 267 F.3d at 145, this Court lacks the authority to compel the early disclosure of Section 3500 material. *See* 18 U.S.C. § 3500; *Sebastian*, 497 F.2d at 1270.

### III. Conclusion

For the foregoing reasons, defendants' application for early disclosure of Section 3500 material is denied, except to the extent that such material constitutes *Brady* exculpatory or impeachment material. The Court expects the government to abide by its disclosure obligations under *Brady* as well as its pledge to produce Section 3500 material no later than two weeks prior to the trial in this action.

6

SO ORDERED.

Dated:  New York, New York
         June 22, 2008

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE