```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                  Defendants.

No. 05 Crim. 621 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

On May 28, 2008, Herald Price Fahringer, Esq., sought leave to enter this case as counsel for defendant Alberto William Vilar. At a conference held before the Court on that date, he assured the Court that he was aware of the September 8, 2008 trial date in this action, and that he had seen the order setting that date, wherein the Court stated that the trial was expected to "last approximately seven weeks" and set forth a pretrial discovery and motion schedule. (May 28, 2008 Tr. at 5; *see* May 5, 2008 Order.) Mr. Fahringer further indicated that he was "prepared to fulfill those commitments," that he "under[stood] the magnitude of the work that must be accomplished," and that he had "cleared [his] schedule to do that . . . ." (May 28, 2008 Tr. at 3-5.)

It has now come to the Court's attention that, at the time of the May 28 conference, Mr. Fahringer failed to inform the Court that another case in which he was retained as counsel, *United States v. Efrain Gonzalez, et al.*, No. 06 Crim. 0726 (WHP), had already been scheduled to proceed to trial on October 6, 2008, less than four weeks after the then-scheduled September 8 trial date in the instant action. (*See* Gonzalez Tr. at 2.[1]) Below, the Court recites the facts that have recently

---

[1] "Gonzalez Tr." refers to the transcript of the conference held before the Honorable William H. Pauley, District Judge, in *United States v. Efrain Gonzalez, et al.*, No. 06 Crim. 0726, in which Mr. Fahringer filed a notice of appearance on behalf of one of the four co-defendants on May 27, 2007.

come to light which demonstrate that Mr. Fahringer failed to adequately apprise the Court of this scheduling conflict.

The following sequence of events is now clear: Prior to Mr. Fahringer's involvement in the case, by order dated January 14, 2008, this Court recognized "the large number of documents at issue in this case," and thus directed the government to disclose, *inter alia*, its exhibit and witness lists at least sixty days prior to trial. (Jan. 14, 2008 Order at 25.) This was done in order to, among other things, mitigate the burden on defendants in attempting to prepare for trial. (*Id.*) Subsequently, by order dated February 21, 2008, the Court indicated that September 8, 2008 was one of two possible dates that trial would begin in this action, that the trial would last approximately "seven weeks," and that the parties and their counsel were "advised to avoid scheduling other matters" during that time. (Feb. 21, 2008 Order at 1.) Thereafter, by order dated May 5, 2008, the Court set September 8, 2008 as the trial date, estimated that the trial would last "approximately seven weeks thereafter," and, once again, advised the parties to avoid scheduling other trials prior to the commencement of the September 8 trial in this case. (May 5, 2008 Order.)

On May 28, 2008, nearly three years after defendants were indicted and only three months prior to the then-scheduled trial date, Mr. Fahringer sought to enter this case as Vilar's counsel. In light of the timing of his request as well as the complexity of this case, the Court permitted Mr. Fahringer to enter this case on the basis of his representations at the May 28 conference that (1) he was aware of this Court's order setting the September 8 trial date, wherein the Court indicated that the trial would last approximately seven weeks; (2) he recognized that the September 8 trial date was a firm trial date and had been set well before May 28, 2008; (3) he "under[stood] the magnitude of the work" that had to be accomplished in this case in order to prepare for trial; and (4) he had

2

"cleared [his] schedule to do that . . . ." (May 28, 2008 Tr. at 5.) However, it is clear that, at the time Mr. Fahringer made the above-cited representations to this Court at the May 28 conference in *Vilar*, Mr. Fahringer misrepresented his ability to try this case on the schedule set by the Court. Specifically, Mr. Fahringer's statements during the August 12, 2008 conference in *Gonzalez* before the Honorable William H. Pauley, District Judge, make clear that Mr. Fahringer has been aware since approximately April 2008 that he was scheduled to begin trial in the *Gonzalez* case on October 6, 2008 — less than four weeks after the September 8 trial date in *Vilar*. (*See Gonzalez* Tr. at 2.) There is no doubt that this Court would have denied Mr. Fahringer's request to enter this case had it known of Mr. Fahringer's October 6 trial date in the *Gonzalez* case.

However, Mr. Fahringer failed to disclose this scheduling conflict to this Court at any point during the pretrial proceedings in *Vilar* — that is, until he was specifically directed to do so by Judge Pauley at the conclusion of the August 12 conference in *Gonzalez*. For instance, on July 14, 2008, Mr. Fahringer sought an adjournment of the September 8 trial in this case for a "reasonable" period of time, but failed to specify a new trial date. (*See* Vilar's July 14, 2008 Ltr. at 2.) At a conference before the Court on July 18, 2008, Mr. Fahringer apologized for not requesting a specific date, and, for the first time, asked this Court to adjourn the trial to "November 10" in order to give counsel time to "go[] through all this material that we have to go through . . . ." (July 18, 2008 Tr. at 95.) Yet, Mr. Fahringer failed to disclose to this Court in his moving papers or at the July 18 conference either the fact of the October 6 trial or that his request for an adjournment in this case was motivated, in any way, by the need to accommodate the trial in *Gonzalez*.

Subsequently, on July 31, 2008, this Court granted in part Mr. Fahringer's motion to adjourn the trial based, *inter alia*, on the "difficult, although certainly not impossible[] task" facing Mr.

3

Fahringer in reviewing the government's pretrial disclosures. (*Gonzalez* Tr. at 2.) Accordingly, the Court ordered an adjournment of the trial to September 22. (July 31, 2008 Order at 6-7.) This adjournment moved the start date of the *Vilar* trial to within *two weeks* of the start date of the *Gonzalez* trial on October 6. Yet, subsequent to the July 31 Order, Mr. Fahringer failed to make *any* efforts to inform this Court of the October 6 trial date in *Gonzalez* or to request a further adjournment of the trial in *Vilar*, at least until Judge Pauley specifically directed Mr. Fahringer to do so. On these facts, there is no reasonable explanation for his failure, after the *Vilar* trial was adjourned to September 22, to inform this Court of the conflicting trial date in *Gonzalez*.

The Court also takes issue with several of Mr. Fahringer's statements at the August 12 conference in *Gonzalez* that grossly mischaracterized the record in this case. Specifically, at the August 12 conference in *Gonzalez*, Mr. Fahringer stated that, at the May 28 conference in *Vilar*, this Court "set [the *Vilar*] trial down for the first week of September." (*Gonzalez* Tr. at 2.) This was, of course, incorrect. As Mr. Fahringer acknowledged at the May 28 conference in *Vilar*, the September 8 trial date had been set long before that conference. Mr. Fahringer also indicated at the August 12 conference in *Gonzalez* that, upon receiving the government's pretrial disclosures in the *Vilar* case in early July 2008, he was "surprise[d]" to learn of the "magnitude of the trial" in the *Vilar* case. (*Gonzalez* Tr. at 2.) This statement directly contradicted Mr. Fahringer's statements to this Court at the May 28 conference, wherein he indicated that he "under[stood] the magnitude of the work" required to prepare for the trial in *Vilar*, that he was "prepared to fulfill those commitments," and that he had, in fact, "cleared [his] schedule" to do so. (May 28, 2008 Tr. at 3-5.)

In addition, at the August 12 conference in *Gonzalez*, Mr. Fahringer stated that, as of May 28, he "honestly didn't believe there was any difficulty attending to [the *Vilar*] matter and attending

4

to the trial [in *Gonzalez*] on October the 6th because it was anticipated that [the *Vilar*] trial would take less than four weeks." (*Id.*) Mr. Fahringer's statement that the trial in *Vilar* was expected to take "less than four weeks" was flagrantly incorrect. Indeed, at the May 28 conference in *Vilar*, Mr. Fahringer acknowledged that he had "seen" the order issued by this Court wherein it set the September 8 trial date and indicated that the trial would last approximately seven weeks thereafter. (May 28, 2008 Tr. at 5; *see* May 5, 2008 Order.) Moreover, even a cursory review of the docket sheet in this action reveals that this Court has stated in two written orders — dated February 21 and May 5 — that the estimated length of trial was approximately six to seven weeks. (*See* Feb. 21, 2008 Order at 1; May 5, 2008 Order.) This estimate was derived from the representations of counsel for defendant Tanaka and the government — who remained in the case after Mr. Fahringer's appearance on Vilar's behalf — as well as the representations of Vilar's former counsel that were made in the presence of Vilar himself.

In any event, even assuming *arguendo* that Mr. Fahringer was somehow unaware of the estimates offered by this Court and counsel that the trial would last six to seven weeks, there was absolutely no basis in the record for Mr. Fahringer to conclude that the trial in this action "would take less than four weeks." (*Gonzalez* Tr. at 2.) Indeed, since this case was reassigned to the undersigned in October 2007, no one — not the parties, their counsel, nor the Court — has ever indicated that the trial in this case would last less than six weeks, let alone less than four weeks. Thus, there appears to have been no reasonable basis for Mr. Fahringer to offer such an estimate, other than Mr. Fahringer's apparent desire to explain away his mishandling of the trial schedule in *Vilar*.

In sum, the events described above present a disturbing pattern of omissions and misrepresentations on Mr. Fahringer's part concerning the trial date in this case. It appears to this Court that Mr. Fahringer made a significant gamble, which he has now lost, in hoping that I would grant an adjournment of the trial date in *Vilar* without ever learning the facts outlined above. In any event, due to Mr. Fahringer's conduct, the Court and the defendants in *Vilar* now face a troubling predicament in regard to the scheduling of the trial.

Accordingly,

IT IS HEREBY ORDERED that the parties shall appear for a conference regarding this issue on Friday, August 22, 2008, at 10:30 a.m. in the United States District Court, Courtroom 9A, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated:   New York, New York
         August 15, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE