USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                Defendants.

No. 05 Crim. 621 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

By order dated July 31, 2008, this Court granted in part and denied in part the government's motion pursuant to Rule 15 of the Federal Rules of Criminal Procedure to take the depositions of four witnesses in the United Kingdom ("U.K.") in advance of trial. (*See* July 31 Order at 17.) In regard to two witnesses, Maxine Rye ("Rye") and Vanessa Laybourn ("Laybourn"), the Court found that the government had failed to establish that their anticipated testimony was "material," or "'highly relevant to a central issue in the case," and directed the parties to submit additional briefing regarding that issue. (*See id.* at 11-13 (internal quotation marks and citation omitted).)

Subsequently, the government withdrew its request to depose Laybourn and presented additional information regarding the materiality of Rye's anticipated testimony. Specifically, the government asserted four bases for this Court to find Rye's anticipated testimony "material." *See United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001). First, the government asserted that Rye is expected to testify that she was directed to mail the allegedly false account statement described in Count Five of the Indictment, and that "no other Amerindo witness can testify about this mailing." (Govt.'s Aug. 6 Ltr. at 2.) Therefore, according to the government, Rye's testimony on this matter is likely to be material to the mail fraud charge alleged in Count Five of the Indictment. (*Id.*) Second, the government asserted that Rye is expected to testify that defendant Gary Tanaka directed

her to send certain instructions relating to the transfer of funds that were allegedly "fraudulent[ly] misappropriat[ed]" from an Amerindo client. (*See id.* at 3.) Therefore, according to the government, Rye's testimony on this matter is likely to be material to the fraud charges alleged in the Indictment. Third, the government asserted that Rye is expected to testify that, as a general practice, she provided Tanaka with printed copies of emails, and that certain emails sent by defendant Alberto Vilar to Rye, among others, contained instructions to print the emails for Tanaka. (*See id.* at 3-4.) Therefore, according to the government, Rye's anticipated testimony on these matters is likely to be material to establishing Tanaka's knowledge of the alleged scheme, at least where the government asserts that it will demonstrate that some of the emails sent by Tanaka to Rye contained instructions for advancing defendants' alleged scheme to defraud an Amerindo client. (*See id.*) Finally, the government asserted that Rye is expected to authenticate Tanaka's handwriting on certain documents that (1) were allegedly altered by Tanaka to further the alleged scheme and/or (2) contain information allegedly indicating that Tanaka had knowledge of the alleged scheme. (*Id.* at 4.)

In response, defendant Tanaka argued that the government's renewed application concerning Rye is premature because the government has not yet provided "any indication that Ms. Rye is willing or able to be deposed" in the U.K. (Tanaka's Aug. 8 Ltr. at 1.) The Court rejected this argument in its July 31 Order, and does so once again in this Order. (*See* July 31 Order at 10 ("Neither the text of Rule 15 nor binding case law concerning the Rule provide any basis to conclude that, in resolving a Rule 15 motion, courts must consider the witness's willingness to voluntarily appear at a deposition in a foreign country. Rather, it is clear that, in order to resolve a motion under Rule 15, courts need only look to the witness' unavailability 'for trial' and not to whether they have actually consented to make themselves available for the deposition.") (quoting *Cohen*, 260 F.3d at

2

78 (observing that, in order to conduct a Rule 15 deposition, "[a] movant must show that . . . the prospective witness is unavailable for trial").)

In addition, Tanaka challenged the reasons advanced by the government in support of the materiality of Rye's anticipated testimony. Having carefully reviewed Tanaka's arguments, the Court finds that his responses fail to undermine the government's showing as to the materiality of Rye's anticipated testimony for the purposes of Rule 15. In particular, the Court rejects Tanaka's argument that Rye's anticipated testimony is likely to be cumulative to that offered by another witness, Robert Griffin. Although Rye's anticipated testimony is likely to bear on certain issues that the government also expects Griffin to address and will likely be cumulative of *some* portion of Griffin's anticipated testimony — namely, that portion relating to Tanaka's alleged practice of authorizing all uses of the stamp bearing his signature — it is clear, based on the government's representations, that Rye is expected to present a substantial amount of non-cumulative testimony that is entirely distinct from that expected to be offered by Griffin.[1] Moreover, even assuming *arguendo* that defendants had shown that Rye's anticipated testimony was largely cumulative to that of Griffin, this Court would nevertheless, in the "interest of justice," Fed. R. Civ. P. 15(a), grant the government's motion relating to Ms. Rye on the ground that (1) the anticipated testimony, while cumulative, was highly relevant to central issues in the case, and (2) the government has an interest in providing corroborative, credible evidence on important evidentiary matters in order to attempt to satisfy its burden of establishing the defendants' guilt beyond a reasonable doubt.

---

[1] The Court notes, as it did in the July 31 Order, that "[w]hether the deposition testimony actually will be deemed material and admissible at trial is a different matter," and the Court takes no position on that issue at this time. *See United States v. Khan*, No. 06 Crim. 255 (DLI), 2008 WL 2323375, at *2 (E.D.N.Y. June 2, 2008); July 31 Order at 12 & n.10.

3

Thus, the Court finds that the government has sufficiently established that Rye is unavailable for trial, that her anticipated testimony is material, and that the testimony is necessary to prevent a failure of justice.[2] *See Cohen*, 260 F.3d at 78. Accordingly, the government's renewed motion to take the deposition of Rye in the U.K. prior to trial is hereby GRANTED pursuant to Rule 15. The government shall make all reasonable efforts to schedule the deposition of Rye during the period that it expects to depose the two other U.K. witnesses.

SO ORDERED.

Dated:   New York, New York
         August 22, 2008

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court previously found Rye to be unavailable in the July 31 Order. (*See* July 31 Order at 10-11.) In regard to the "failure of justice" factor, the Court finds that its holding in the July 31 Order concerning this factor as it applied to the two U.K. witnesses at issue therein applies with equal force to Rye. Specifically, in regard to Rye, the Court finds that her deposition is necessary to prevent a failure of justice because the unavailability and materiality requirements have been satisfied and "there are no substantial countervailing factors militating against the taking of the deposition," given that "the circumstances of the instant case do not evidence such a serious lack of due diligence on the government's part so as to require this Court to reject the government's [Rule 15] motion solely on the basis of delay." (*Id.* at 13-14 (internal quotation marks and citations omitted).

4