```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ALBERTO WILLIAM VILAR and
GARY ALAN TANAKA,

                              Defendants.

No. 05 Cr. 621 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Clerk of the Court is respectfully directed to docket the attached letter.

    The parties are reminded that, pursuant to the Court's individual sentencing procedures, the Government is responsible for filing all letters from victims, and the Defendants are responsible for filing all letters submitted on their own behalf.

Dated:      February 4, 2010
               New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

JONATHAN MARKS, P.C.
ATTORNEY AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, N.Y. 10001

E-MAIL: jon@jonmarks.com
URL: jonmarks.com

TEL: (212) 545-8008
FAX: (212) 889-3595

February 4, 2010

By email: sullivannysdchambers@nysd.uscourts.gov

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      **Re:**    **United States v. Alberto Vilar, et al.**
              **1:05-cr-00621 (RJS)**

Dear Judge Sullivan:

      I am writing in response to the government's letter of February 3 concerning the disposition of the Amerindo assets.

      Mr. Litt asserts that, contrary to my claim, "the Government has not seized <u>any</u> assets in connection with this prosecution." I was imprecise, though I submit substantially correct, when I wrote to the Court that the government had "seized" Amerindo's funds. Rather, I should have sad that the government had frozen the funds. Today, Mr. David Petercsak of JP Morgan Chase informed me that the funds have been frozen since 2005 at the request of the U. S. Attorney's Office or the SEC or both. The funds have been unmanaged during that time resulting in probable losses to the investors.

      In addition, Mr. Litt suggests that the claims by the ATGF investors listed on page 7 of his letter "may represent only a small fraction of ATGF investors" because in July 2004, ten months before the government or the SEC caused their funds to be frozen, there were 50 additional investors not accounted for. The fact is that during the period leading up to the freezing of the funds, most of the investors left Amerindo. The government's assertion that there may be other investors whom they do not know about is completely speculative and in all likelihood wrong. We do not have access to the ATGF documents, but I believe that the government does. It is incumbent upon the government to identify any other investors. Mr. Vilar's sentence should not be enhanced on the basis of the government's guess that there might be other investors whom they do not know about.

      Finally, by its own admission, the government did not notify the investors that the U. S. Attorney's Office had caused tens of millions of dollars of funds to be frozen and that those funds could be used to repay the investors, quite possibly in full. The victim impact statements

JONATHAN MARKS, P.C.

Honorable Judge Sullivan
February 4, 2010
Page 2

appear to be based on a mistaken belief that their mone was unaccounted for. This belief resulted from the government's refusal to tell that they their funds were frozen at JP Morgan Chase. The government's excuse for not telling them is unavailing. Perhaps the real reason the government remained silent was to insure that the victim impact statement bristled with anger resulting from a false assumption that their money was missing.

Respectfully,

Jonathan Marks

cc:  Marc Litt, Esq.
     Benjamin Naftalis, Esq.
     Glenn Colton, Esq.
     (by email)