UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    v.

ALBERTO WILLIAM VILAR,                              05 cr 621(RJS)
      a/k/a "Albert Vilar,"
GARY ALAN TANAKA,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    VIVIAN SHEVITZ, under penalty of perjury, hereby declares:

    I was appointed by the Court of Appeals to represent ALBERTO VILAR on his appeal.  I do not know the record.  I am learning it.  It is some 6,000 pages of trial transcript, motions to suppress, which were granted in part, and sentencing material.

    When the government filed its motion to amend the forfeiture judgment, I concluded that I must respond to it, lest I waive Mr. Vilar's positions by not responding.

    Consequently, I asked the Court for needed time.

    This is not "gamesmanship", contrary to the government's offensive position.

    I am not a potted plant, nor fungible counsel.  I am and have been an appellate specialist, with extensive experience in federal criminal litigation  – but not with knowledge of this expansive record.

    The government cavalierly states that if there is a "delay" in the substitute assets forfeiture order "victims" will be harmed.  It does not

state how.  I would, in fact, like to know which assets the government has tried to obtain through the initial forfeiture order and why it believes it is entitled to a "substitute".  That is one of the issues I am considering.

The government is trying to put the burden in the wrong place.  It suggests that present counsel will not be able to trace assets – and admits that it could not do so either.

Before there can be any determination of "proceeds" subject to forfeiture, the government has the burden of showing that such funds are in fact "proceeds".  If not, then there should be nothing to "substitute" for.

The government suggests that it needs the substitute asset forfeiture order because it wants to make the victims whole.  Yes, that is what Mr. Vilar "wanted to do".  But (1) "forfeiture" is not a remedy to make victims whole; that is what restitution is for; and (2) the fact that we want to see victims made whole, does not translate into a desire to waive legal positions.

I understand that Mr. Vilar had prior counsel who litigated certain issues.  However, with due respect, if I believe that there is a faulty position taken by previous counsel, I am bound to raise the issue now.

Frankly, I cannot understand the government's objection, and failure of professional courtesy, to new counsel becoming familiar enough with this record so she can intelligently comment (or decide not to comment).

The Court should respectfully adhere to the extended schedule.

Dated: Forest Hills, NY
      June 2, 2010

                                         _____
                                         Vivian Shevitz

                                        Vivian Shevitz  
                                        Attorney For APPELLANT VILAR  
                                        150 Greenway Terrace  
                                        Forest Hills, New York 11375  
                                        (914) 763-2122  
                                        Fax: (888) 859-0158  
                                        Vivian@shevitzlaw.com