UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

United States of America,

                                      05 cr 621 (RJS)

                                      DECLARATION
v.                                    IN OPPOSITION TO
                                      GOVERNMENT'S
Alberto William Vilar, AKA Alberto Vilar,  NOTICE OF
Gary Alan Tanaka                           CRIMINAL FORFEITURE

       Defendants

_____

       VIVIAN SHEVITZ, under penalty of perjury, hereby declares:

1.       I am counsel to ALBERTO VILAR.

2.       I make this declaration to oppose the entry of a final order of forfeiture in the "full" amount of the so-called "substitute assets" as claimed by the government.

3.       This Court already stated that its forfeiture order was "error" (Order of 8/26/10, p.12) – and was $36.7 <u>million</u> too high.

4.       Notwithstanding the stated error, the government is moving forward seeking an order of criminal forfeiture as to all of

defendants' assets – an order which would given the government "clear title" to all of that property, which is plainly worth more than the $17,651.159 that the court stated is the proper amount (Order of 8/26 p.13, n.5).

5. It seems clear that it would be at least an abuse of discretion to enter an order for a sum that the Court knows is too high – by a huge percentage.

6. It is also unnecessary at the present time. We have had discussions with the prosecutors and SEC counsel, who want to be able to distribute the principal amounts invested by "victims" – those favored at trial -- and other investors who have apparently filed petitions. We stated that we consent to the distribution of initial investment sums, without interest, and less amounts already obtained from Amerindo from the investment – which is what the prosecutor wanted. But we do not consent to any order which creates "clear title" in the government as to all of the assets they have identified, unless and until, after the appeal, the Court affirms the convictions and sentences.

7.  AUSA Levin, in our conversations, asked how the government could distribute funds, if a final order of forfeiture is not entered. Respectfully, the defendants consented – and a distribution was somehow made to the Mayers some time in the past, for $150,000. Whatever mechanism was used last time, could be used now.

8.  Further, this Court should know that the parties have now agreed on a briefing schedule for the appeal, by which appellants' briefs are due September 20.

9.  This Court should await the end of the appeal to enter an Order which gives the government "clear title" to all of the identified assets of the defendant. Though I still suggest that no forfeiture can be entered now since it was not determined at sentencing, any order of forfeiture the Court enters should not be over the stated "proper" amount, of $17,651,159.

10. Again, the defendants will agree, under those circumstances, to payments in the amounts suggested during the parties' recent phone conversation, pending the outcome of the appeal.

Dated:  June 28, 2010            _____
                                 Vivian Shevitz