UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : 05 Cr. 621 (RJS) |
| ALBERTO WILLIAM VILAR and GARY ALAN TANAKA, | : |
| | : |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : 05 Civ. 5231 (LTS) |
| Plaintiff, | |
| | : |
| v. | |
| | : |
| AMERINDO INVESTMENT ADVISORS, INC, *et al.,* | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant Alberto Vilar submits this statement in accord with the Court's January 10, 2012 order that, by January 18, 2012, the defendants submit any objections to the hardship requests of the Mayers in the amount of $1.8 million and Mr. Heitkoenig in the amount of $50,000.

To reiterate, Mr. Vilar does not have a theoretical objection to the return of funds in various Amerindo accounts that were held for Amerindo's investors in the first place, be they suffering "hardship" or not. Mr. Vilar's "objections" to the "hardship" requests are a matter of process, not substance and are made in light of the Court's "proposed structure for an interim distribution." We have a substantial response and objections to the Order setting forth the proposed distribution structure, which was apparently filed on January 13, 2012 but was not entered or received until January 17, 2012. We will set forth that response in detail in a submission to be filed by January 27, 2012, as directed.

For now, we note that the stated goal of the proposed interim distribution structure is to distribute moneys to investors "proportionately" from a $17 million "Fund" (we will be objecting to the definition of the fund and other matters), with no investor receiving "a greater proportionate return of his original investment than any other investor." In short, the goal appears to be to avoid preferences, a goal Mr. Vilar shares.

The problem is that it is not possible for Mr. Vilar to assess the reasonableness of the Mayers' hardship request, or to determine whether acceding to the request will bestow a preference to the Mayers, until the total amount of the original, unredeemed principal investment of each investor with a claim is calculated.

By way of illustration: Evidence introduced by the government at the criminal trial showed investments by the Mayers of $4,476,000 between 1995-2000. (GX8202B) Adding the hardship request for $1.8 million to the $150,000 distribution made to the Mayers prior to sentencing, the total distribution to the Mayers would be $1,950,000. Assuming that the $4,476,00 figure is correct, and further assuming *arguendo* that no other distributions to the Mayers were made between 1995 and 2005, $1,950,000 represents 44% of the Mayers' $4,476,000 "original" investment. Whether this 44% is more or less than the share that the other investors would receive under the interim distribution proposal relative to their original investments is unknown at this time.

If the Mayers were to receive $1.8 million ahead of the other investors and the moneys for this distribution were to come from the proposed "Fund" (and whether this is what is envisioned is not clear),

$15.2 million would be left in the Fund.  Again assuming no other distributions had been made to the Mayers, they would receive a preference if their hardship request is accommodated unless the "original" unredeemed investment of all other investor-claimants is less than $34,545,454.

Given the unknowns (and the government's refusal to provide even an estimate of the size of the claims of the "20-30" claimants it believes exist), Mr. Vilar submits that, at this point and until further information is made known, the wiser course is for any distribution to the Mayers to be made within the same structure and framework as distributions to other claimants.

Our assent to any interim payment is conditioned also on the Mayers withdrawing their State lawsuit with prejudice.  It is a waste of resources to litigate on many fronts.

Finally, to the extent the Court is considering hardship interim distributions, we remind the Court of witness/investor Graciela LeCube Chavez, who seems to have no voice at this time.  As we wrote in our brief (at 243, n. 73):

> On June 7, 2005, On June 7, 2005, Graciela Lecube-Chavez, an 82-year-old woman who was one of the GFRDA

"victims" who testified she could not get redemptions in 2003 (though she had withdrawn $152,000 on a $74,000 investment over the years), wrote the Postal Agent an email asking the agent's "advice" about getting her money. (U-GX 3520-006).

Two years later, she emailed Edward Gallashaw (another Postal Agent) with a "subject" line: "Amerindo's victim". She wrote: "You called me last month and spoke about the status of Mr. Vilar's trial,... Meantime I'm considering bankruptsy [sic] after holding a perfect credit rating for more than 50 years, without the pension money Vilar stole so cruelly from me, without fancy lawyers full of tricks. On top of that I'm suffering the stiffness and pain of `the inflammation to my nerve system' that this financial blow brought to my 82 old body already battling diabetes and rheumatoid arthritis." She continued: "You told me that you were going to see if I could get help from the District Attorney. After all I'm an American Citizen that earned my keep without hand outs, and paying taxes even on the Social Security annual money!" (U-GX-352–013).

Though the government is not invoking rights of Ms. Lecube Chavez now, we point out this issue for the Court's consideration.

We also state that there is no theoretical objection to Mr. Heitkoenig's request for $50,000.00.

5

Dated: Portland, Maine
       January 18, 2012

_____
Vivian Shevitz

Courtesy copies sent as follows:

Honorable Laura Taylor Swain  (fax:  212-805-0426)
Honorable Richard J. Sullivan
    sullivannysdchambers@nysd.uscourts.gov

Cc:   Sharon Levin (sharon.levin@usdoj.gov)
      Benjamin Naftalis (benjamin.naftalis@usdoj.gov)
      Mark Salzberg (salzbergm@sec.gov)
      Neal Jacobson (jacobsonn@sec.gov)
      Susan C. Wolfe (scwolfe1@aol.com)
      Jane Simkin Smith (jssmith1@optonline.net)
      David C. Burger (dcb@robinsonbrog.com)
      Julian Friedman (jfriedman@stillmanfriedman.com)
      Patrick W. Begos (pwb@begoshorgan.com)
      Minidoka@aol.com
      John Preetzmann Aggerholm (jpaggerholm@hotmail.com)
      Timothy Wright (twright@entecworks.com)
      Thomas J. Hall (hallt@hallandhalllaw.com)
      Alfred Heitkoning
      Gary Tanaka
      Alberto Vilar

6