# Fisher, Byrialsen & Kreizer, P.L.L.C.
### Attorneys At Law

|  |  |  |
|---|---|---|
| David N. Fisher* | 291 broadway, Suite 709 | |
| Jane H. Fisher-Byrialsen+ | new york, New york 10007 | |
| David P. Kreizer* | | |
| _____ | | 482 Notch Road |
| Alissa M. Boshnack | Tel: (212) 962-0848 | Woodland Park, NJ 07424 |
| Lara H. Weissman* | Fax: (212) 577-1178 | T: (973) 638-1530 |
| _____ | | F: (973) 638-1531 |
| Judd B. Shaw^ | _____ | |
| Of Counsel | | *Admitted in NY & NJ |
| | www.FBKlegal.com | + Admitted in NY, MD & DC |
| | _____ | ^Admitted in NJ |

October 18, 2013

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: United States v. Gary Tanaka 05 cr 621 (RJS)
<u>Response to Government Motion to Revoke Bail</u>

Dear Judge Sullivan:

  Defendant, Gary Alan Tanaka, respectfully submits this letter in opposition to the government's application to revoke bail pending re-sentencing. The government's request that Mr. Tanaka's bail be revoked at this time is mere formality and in no way a necessity to protect the public from harm or prevent Mr. Tanaka's flight. As detailed below, Mr. Tanaka is neither a risk of flight nor a danger to the community and certainly meets the burden imposed on an individual seeking bail pending sentencing under 18 U.S.C. §3143(a).

**I. Applicable Law**

  Pursuant to 18 U.S.C. §3143(a) a defendant seeking bail pending sentencing must "be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." The burden is on the defendant to provide such clear and convincing evidence. *United States v. Abuhamra*, 389 F.3d 309, 316 (2d Cir. 2004).

"Even though a guilty verdict greatly reduces a defendant's expectation in continued liberty, it does not extinguish that interest." *Id*. at 319.  In fact, "if a defendant can make the required evidentiary showing, the statute establishes a right to liberty that is not simply discretionary but *mandatory*: the judge 'shall order the release of the person in accordance with section 3142(b) or (c).'"  S. Rep. 225, 98th Cong., 1ST Sess. 26, 27 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3210; 18 U.S.C. § 3143(a)(1) (emphasis added).  Mr. Tanaka has met his burden.

## II. Discussion

### A. Mr. Tanaka does not pose a danger to the safety of any other person or the community if released

The government does not argue that Mr. Tanaka poses a danger to the community in its submission to the Court, with which we certainly agree.

### B. Mr. Tanaka is not a risk for flight

The government argues that Mr. Tanaka poses a risk of flight.  The government paints a picture of Mr. Tanaka as a desperate man without connections or ties to anyone or anything in this country.  *See* Gov't's Application to Revoke Bail, p.3 ("It is also apparent from Tanaka's need to reside with counsel for Vilar that he is without family or other resources in this country and has no significant ties to or reason to remain within the United States").  This is completely inaccurate.  Mr. Tanaka's 89 year old mother and two sisters live in California.  They are very close.  His mother and sister visited him regularly when he was incarcerated and even visited him once when he lived in Maine.  They have signed large bonds and Mr. Tanaka would not flee and leave them with such an immense financial burden.

Moreover, the government's insinuation that Mr. Tanaka is living with Ms. Shevitz only because he has nowhere else to go is blatantly untrue.  Mr. Tanaka has started a new life with Ms. Shevitz, a trusted friend and confidant, in South Salem, New York.  The government's suggestion that the relationship is anything less is disingenuous as this relationship was their basis for moving for a *Curcio* hearing less than one month ago. The government now wants to disregard the relationship for bail purposes.

Additionally, though it is true that Mr. Tanaka has ties abroad, the notion that he will flee to the United Kingdom (hereinafter "UK") if allowed to remain free on bail is especially of no merit.  Tragically, after years of restrictions and incarceration that have made it impossible for Mr. Tanaka to physically see his London family, Mr. Tanaka's relationship with his wife has ruptured under the pressures of distance, the threat of financial ruin, the threat of her indictment as a co-conspirator in this case and her arrest should she try to come to the United States.  As Pretrial Services Officer Leo Barrios observed in a meeting with Mr. Tanaka, the prosecutor has stated on the record that Mr. Tanaka cannot return to the UK as he is not a citizen of that country and would be denied entry upon arrival.  In fact, Mr. Tanaka would have had to seek special entry merely to go to the UK to witness Maxine Rye's deposition in this case.  Mr. Tanaka has nowhere to flee to.

Mr. Tanaka's funds and his family's funds are exhausted. He was given CJA counsel because he cannot pay for anything on his own. Mr. Tanaka is not about to live the rest of his life as a fugitive, and would not cause financial harm to his mother, sister, and son, who have all signed bonds for him.

Further, there is a strong Petition for Rehearing and Rehearing *en banc* filed in the Court of Appeals. If Mr. Tanaka prevails there will be no re-sentencing. While in a normal case it may be false hope on the part of a defendant to rely on rehearing after a conviction is affirmed, however, here the Petitions are strong and the Court has reversed the sentencing completely. Though the government is sure this Court will and should impose the same sentence on Mr. Tanaka if there is a resentencing, this Court should evaluate the Petitions for Rehearing for itself. There is a substantial issue likely to result in reversal and punishment should await the result.

### III. Conclusion

Mr. Tanaka has no incentive and no ability to flee and, as seems to be conceded by Government, does not pose a danger to the community. Mr. Tanaka has met his burden pursuant to 18 U.S.C. §3143(a). Therefore, it is respectfully requested that Mr. Tanaka's present bail conditions remain unchanged.

Sincerely,


Jane Fisher-Byrialsen, Esq.
*Attorney for Mr. Gary Alan Tanaka*