

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 14, 2013

**BY ELECTRONIC MAIL & ECF**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Vilar and Tanaka*, S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

    As the Court is no doubt already aware, on November 13, 2013, the date the Government submitted its letter in opposition to Vilar's motion, the Second Circuit issued an opinion that supersedes the October 31, 2013 Order of that Court that Vilar relies on in support of his motion to recuse Your Honor. *In re Reassignment of Cases: Ligon; Floyd et al. v. City of New York, et al.*, Nos. 13-3123, 13-3088 (Nov. 13, 2013). Regarding this Court's Rules for the Division of Business, the Second Circuit, in its November 13, 2013 superseding opinion, stated in pertinent part:

> The designation by parties, and acceptance by district judges, of cases as related to other pending matters pursuant to Rule 13 of the Local Rules for the Division of Business Among District Judges, is a routine practice that promotes judicial efficiency and economy. Our decision in this opinion should not be construed as casting doubt on the proper designation and acceptance of cases as "related" in the normal course—that is, when a district judge does not invite the filing of a suit and encourage its direction to their Court. We also note that, for civil matters, the Rule explicitly anticipates cases being marked as related to "earlier-filed case[s] . . . then pending," *see* Rule 13(c), which is "designed to reduce litigants' costs by informally consolidating proceedings in related cases," *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 347 (2d Cir. 1995). Here, at the time *Floyd* was filed in January 2008, *Daniels*, to which it was accepted as "related," was closed.
>
> . . . .
>
> In any event, the gravamen of why reassignment of this case is necessary is not simply the use of Local Rule 13. It is the appearance of partiality that was created by Judge Scheindlin's conduct throughout the December 21, 2007 hearing

Hon. Richard J. Sullivan
November 14, 2013
Page 2

> in suggesting that the plaintiffs bring a lawsuit, outlining the basis for the suit, intimating her view of its merit, stating how she would rule on the plaintiffs' document request in that suit, and telling the plaintiffs that she would take it as a related case, as well as the media interviews she gave during the Floyd proceedings.

Slip op. at 9 n.17.

As the Second Circuit's superseding opinion makes clear, Vilar's motion—baseless at inception—is all the more frivolous today.

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

By: _____
        BENJAMIN NAFTALIS / JUSTIN ANDERSON
        Assistant United States Attorneys
        (212) 637-2456 / -1035

cc: Defense Counsel (by email)