UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

United States of America,

v.

Alberto William Vilar and Gary Tanaka,

                Defendants.
_____

05 CR 621 (RJS)

DECLARATION
IN SUPPORT OF
MOTION FOR A NEW TRIAL
PURSUANT TO
FED.R.CRIM.P 33

VIVIAN SHEVITZ, under penalty of perjury, hereby declares:

1. I am counsel to ALBERTO VILAR having been appointed by this Court. For the purpose of this motion, with the knowledge and permission of Mr. Tanaka's sentencing lawyer Frederick Cohn, I am also counsel to GARY TANAKA for purposes of this motion for a new trial pursuant Fed. R. Crim.P. 33.

2. This Declaration and the accompanying Memorandum of Law filed also in connection with the resentencing of Alberto Vilar – DOC 671, filed today in this case -- are based upon counsel's investigation, review of documents, records and transcripts of the criminal case *United States v. Alberto* Vilar, 05 Cr. 621 (RJS), the related civil case, *Securities and Exchange Commission v. Amerindo Investment Advisors*, Inc. et. al., 05 cv 05231 (RJS), and documents collected by counsel in these, and related State cases.

3. In preparing a response to the government's "3553(a) factors" on behalf of Alberto Vilar, factors, it became clear that to adequately represent Mr. Vilar at his resentence, a motion to set aside the jury verdict would be required – as the government makes assertions based on the trial record produced as a result of ineffective assistance of counsel.

4. For reasons stated in the sentencing memorandum, DOC 671, which is submitted in support of this motion for a new trial as well as in rebuttal of the government's sentencing positions, the Court should grant a new trial.

5. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate and grant a new trial if the interest of justice so requires."  The need for a new trial under Rule 33 "is triggered where there is a serious danger that a miscarriage of justice has occurred." *United States v. Suggs*, 230 Fed.Appx. 174, 185 (3d Cir. 2007). *See United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001).

6. Rule 33 has been construed to allow a Fed.R.Crim.P. 33 new trial claim to be made at this time, under the "excusable neglect" provision. *United States v. Polouizzi*, 687 F. Supp. 2d 133 (E.D.N.Y 2010) (Weinstein, J.).  The Second Circuit vacated the new trial order in a summary order, but the vacatur was on the merits, not on the ground of procedural correctness of the Rule 33 order. *United States v. Polouizzi*, 09-4594, 393 Fed.Appx. 784 (2d Cir. 2010).

7. We invoke that case and the excusable neglect provision of Rule 33 here.

8. For reasons stated in the memorandum filed on behalf of sentencing for Mr. Vilar, a new trial should be granted for defendants Gary Tanaka and Alberto Vilar.

                                        ___/s/_____
                                        Vivian Shevitz
                                        Attorney for
                                        ALBERTO VILAR and GARY TANAKA
                                        46 Truesdale Lake Drive
                                        South Salem, New York, 10590
                                        (914) 763-2122 (office and cell)
                                        888-859-0158 (fax)
                                        Vivian@shevitzlaw.com

April 14 2014
To:  Benjamin Naftalis, Justin Anderson, AUSAs