Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
Fax 888-859-0158
vivian@shevitzlaw.com

April 23, 2014

Honorable Richard J. Sullivan, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

       Re: *United States v. Vilar* 05 Cr. 621 (RJS)

Dear Judge Sullivan:

  Just now, at 5:17 pm the night before sentencing, I received the government's 70-page "response" to defendants' sentencing submissions (DOC 678). In 2010, the government also filed a last-minute sentencing "reply". Defense counsel did not respond. I am going to TRY to respond briefly to this last minute submission now. The Court should reject it.

  At a proceeding as serious as a criminal sentencing, there should be *time* for counsel to discuss this submission with defendants before having to respond (or accept the government's say-so). The defendants are incarcerated. They are being sentenced at 9:30 tomorrow morning.

  The government *still* insists that the presence of sufficient funds in 2014 to pay all investors "has no bearing" – apparently on *any* issue before the Court. When Your Honor directed the government to *ascertain* claims, and assets, when the David Ross report first came into the Court's hands in 2010, Your Honor ruled that the issue bore "at a minimum" on 3553 factors. (Order DOC 408, 1/29/10). The government still disdains this.

  The government yells "losses" but it has not *proved* them. They just continue talking about *four* accounts, when (as we've discussed repeatedly) Amerindo had a multitude of accounts. SEC witness Wraga did not know what they were. Ian Gazes has not even gathered (yet), or at least he has not so stated. It is almost a decade down the line. The government wants to pretend the presence of sufficient funds is "irrelevant" (and ignore its burden).

  The government turns to the issue of whether there were or are sufficient funds in the four "investor" accounts to have funded payouts to all investors in 2005. Of course, Mr. Gazes has said that there are sufficient funds once privates are valued – a task he was supposed to have undertaken long ago.

  Not *all* of the investor accounts were *due* in May 2005, when there was an artificially caused run on the bank. If everyone who had an account at JP Morgan demanded their money all at once, *it* would not have sufficient liquid funds. With an orderly payout, Amerindo could

have and would have liquidated assets in *other* accounts (as JP Morgan *might* be able to do).  But unlike SAC Capital, it was not given time.  It was shuttered.

No one has said that the presence of sufficient funds "excuses" defendants' "deception." But "deception" is not the whole case.  Notwithstanding the government's distaste for it, the criminal statutes require it to assume a burden of *proving* "losses" – not "credits" against losses (which is what the Court of Appeals discussed), but *actual losses*.  *See United States v.Rutkoske*, 506 F.3d 170 (2007).

This is not a "pledged collateral" argument, as the government contends in this last-minute submission.  This is about losses in the first place, and constitutionally ineffective counsel at the first sentencing.  That counsel talked about "credits" when they did not know the universe of claims or assets, does not mean we should all do that again.  There are realities in the case.  The government has ignored them.  (We'd like to have the time to actually research the cases the government cites (and ponder its arguments more deeply).  But we have *minutes*.  This is not due process.)

The government likens this to cases where an "investor puts money in a fraudster's hands, and ultimately receives nothing of value ...."  This, however, is not a Ponzi case, and defendants *did* give something of value.  The government's citation of *United States v. Hsu*, 669 F.3d 112, 121-22 (2d Cir. 2011), and *United States v. Byers,* 586 F.3d 222, 226 (2d Cir. 2009, is inapt.  In Ponzi cases the "loss" *is* the amount of money taken.  There is nothing given in return in a Ponzi case.  This is not a Ponzi scheme, as much as the government might have thought so when it arrested defendants in 2005.  Otherwise, one wonders just what it is that (finally) an S.E.C. receiver intends to distribute.

The government also says that it need not prove losses causation, because "reliance" is not an element of a 10b offense.  That it may not be an element of the offense, does not mean the government does not have to prove "causation" for *sentencing*.   We stand on our papers and on the Supreme Court's decision in *Erica John Fund*.

The government also says that Dextra was never repaid.  That is false.  Perhaps *it* does not know that Dextra was repaid.  But Dextra did not make a claim for funds in 2008 at the trial (or 2010 at sentencing).  That is because Renata Tanaka paid it.

We are stymied in *proving* that it was repaid, however, because we do not have the Amerindo records:   they are in the government's possession.   But it is the government's burden.

Mr. Naftalis, however, himself says that Dextra was repaid.  He makes himself an unsworn, uncross-examinable, witness, on an issue we have no time or opportunity to litigate. He says that in 2009 he "spoke personally... with a representative of Dextra who confirmed that Dextra had never been <u>fully</u> repaid [emphasis added]  ... [but[ did not wish to be treated" as a restitution victim.

If Mr. Naftalis *knew* Dextra had been repaid (even in part – it was part of a settlement

deal) – the government had no business taking the position at sentencing that Dextra had suffered a "full" loss.  We demand a hearing.  (Nor should one "wonder" why Renata Tanaka paid Dextra when "their other clients' requests ... were met with deaf ears."  Dextra demanded money *after* the defendants' arrests when it was clear that Amerindo was shuttered.   That Dextra was paid is not a basis for scorn.  It is a fact, and Amerindo was able to honor its guarantee in this instance.  (Glenn Colton was told this; he chose to ignore it).

The government also discusses the Mayers and the account statement "submitted to the Court by Mr. Begos."  (Gov. Submission p.4 n.5).  First, that was submitted in the S.E.C. case.  Second, the Receiver has valued the Mayers' "claim" (not "loss") as $3 million less.  Third, there is an issue whether the Mayers *settled* the case.  The prosecutor's submission today of a letter from Renata Tanaka forwarding some 2004 account statement, shows a letter sent in August referring to settlement discussions, ongoing on August 2004.  As shown in the State case, the Mayers accepted the fruits of the settlement payment.

We further must respectfully question the Court's order of today, seemingly requiring the defendants ("the parties") to take a position as to "authenticity" and "accuracy" of the statement submitted by Mr. Begos in the S.E.C. case.  The Court's order not only did not reveal the specific *issue* on which the Court may be considering this matter (and seeking "information" and testimony), but it infringes on the defendants' Fifth Amendment rights.  It was an unjustified order. [1]  It did not and does not give the defendants an opportunity to respond (to the issue being considered).  If it is about "losses", there should be a hearing at which the government has the burden of proof.

The government finally dismisses the Rule 33 motion as "untimely and meritless."  The government should be directed to respond to the motion.  If it wants to raise timeliness, we should have an opportunity to reply.   We note that we alternatively made the motion under section 2255.  The government should respond to the serious showing of Sixth Amendment / Due Process violations.

The Court should reject the government's last minute sentencing "response."  It should reject the government's attempt to put the burden of "disproving" loss on the defendants.  That is not how the criminal statutes operate.

                                                   Respectfully,
                                                    /s/
                                               Vivian Shevitz

cc:  Frederick Cohn
     Benjamin Naftalis/ Justin Anderson
     Ying Stafford

---

[1] We again raise the fact that at the March 14, 2014 hearing in the SEC case, the Court seemingly had accepted an *erroneous* conclusion that there was "ATGF fraud."  (Tr. 30-31).  Mr. Begos then told the Court that any such claim had never been *proved.*  No ATGF investor has ever claimed "fraud."  The Court apparently drew its unjustified and ill-based conclusion on the last-minute sentencing submission of the government last time, when AUSA Litt took the position in a sentencing submission of February 3, 2010 that there was ATGF "fraud" he had not (yet) proved.  This is discussed in our sentencing submission, DOC 671.  The government's submission is misleading.