

**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 9, 2016

BY CM/ECF & E-MAIL

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

      Re:    United States v. Alberto William Vilar and Gary Alan Tanaka,
                S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this letter in advance of the Court's reconsideration of the defendants' respective fines, pursuant to the Second Circuit's summary order. *See United States* v. *Tanaka*, 644 F. App'x 36, 39-40 (2d Cir. 2016).

      Offense Conduct

      The Government agrees with the statements of offense conduct set forth in the revised presentence investigation reports ("PSRs"). (*See* Aug. 10, 2016 Vilar PSR ("Vilar PSR") ¶¶ 21-81; Aug. 30, 2016 Tanaka PSR ("Tanaka PSR") ¶¶ 21-80).

      The Statutory Maximum and Guidelines Range

      With respect to Vilar, the Government submits that the applicable statutory maximum fine is $14,510,000 because the maximum fine for conspiracy (Count One) is $250,000, 18 U.S.C. § 3571(b); for securities fraud (Counts Two and Three) is $5 million on each count, 15 U.S.C. § 78ff(a); for investment advisor fraud (Count Four) is $10,000, 15 U.S.C. § 80b-17; for mail fraud (Count Five) is $1 million, 18 U.S.C. § 1341; for wire fraud (Counts Six and Seven) is $1 million for each count; for money laundering (Counts Eight, Nine, Ten, and Eleven) is $250,000 for each count, 18 U.S.C. § 3571(b); and for false statements (Count Twelve) is $250,000, 18 U.S.C. § 3571(b). Vilar agrees. (Vilar Br. 4)

      With respect to Tanaka, the Government submits that the applicable statutory fine is $5,260,000 because the maximum fine for conspiracy (Count One) is $250,000, 18 U.S.C. § 3571(b); the maximum fine for securities fraud (Count Three) is $5 million, 15 U.S.C. § 78ff(a); and the maximum fine for investment advisor fraud (Count Four) is $10,000, 15 U.S.C. § 80b-17. Tanaka agrees. (Tanaka Br. 34, *United States* v. *Tanaka*, No. 14-1452 (2d Cir.)).

At the April 24, 2014 resentencings, the Court concluded that Vilar's and Tanaka's respective adjusted offense level was each 37. (April 24, 2014 Tr. 24). Thus, the applicable Guideline fine range is $20,000 to $5,000,000. *See* 15 U.S.C. § 78ff(a); U.S.S.G. § 5E1.2(c)(4). At those resentencings, the Court also imposed upon the defendants a forfeiture money judgment of $20,578,855.38 (the "Forfeiture Money Judgment") and, separately, a restitution obligation of $26,637,502.69 (the "Restitution Judgment"). *See United States* v. *Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011) (forfeiture and restitution are separate remedies with different purposes).

The Appropriate Fine

On remand, the Second Circuit has directed the Court to "reconsider [the defendants'] fines in light of the defendants' actual ability to pay and to take into account all the aforementioned obligations, including civil obligations." *United States* v. *Tanaka*, 644 F. App'x at 40. To aid the Court in determining what, if any, fine is appropriate under 18 U.S.C. §§ 3572 and 3553(a), and U.S.S.G. § 5E1.2, and to ensure that the defendants do not profit from their crimes, the Government notes the following.

As a threshold matter, these resentencings follow the defendants' resolution of their SEC and civil cases, which is typically not the case. Thus, the defendants argue that they do not have the current or future ability to a pay a fine. Vilar claims that he has a net worth of negative $254,968,759 (Vilar Br. 3), while his PSR concludes that he has a net worth of negative $231,781,811 (Vilar PSR ¶ 126). Tanaka's PSR concludes that he has a net worth of negative $100,872,301.13 (Tanaka PSR ¶ 123); Tanaka does not dispute that amount in his sentencing memorandum.

The one category of assets that the PSRs do not include are the defendants' claims to the remaining Amerindo assets. (*See* Vilar PSR ¶ 129; Tanaka PSR ¶ 129).[1] The Government understands from Ian J. Gazes, the Court-appointed Receiver for Amerindo, that approximately $47,850,000 in Amerindo assets have yet to be distributed, as follows: (a) approximately $22,716,000 remain in Amerindo accounts; (b) approximately $20,300,000 remain in the Amerindo pension fund, of which Vilar and Tanaka are two of the four beneficiaries; and (c) approximately $4,833,000 remain in private securities and other assets.[2]

As the Court is aware, throughout this case, the defendants have consistently asserted their rights to these assets. The defendants appear to do the same in their sentencing

---

[1]   The Government also believes that Vilar and Tanaka may have assets secreted overseas, which are not included in the PSRs. For example, the Government notes that in Tanaka's initial PSR, he disclosed as an asset that $49 million was owed to him "by others." (¶ 123). That asset does not appear in the most recent PSR.

[2]   The Receiver is undertaking the distribution of these assets in the context of the related SEC action, *SEC* v. *Amerindo Investment Advisors, Inc.*, 05 Cv. 5231 (RJS) (the "SEC Action"). Accordingly, the Government is not presently seeking the forfeiture of these assets in the criminal case. However, in the event that any of those funds are released to the defendants in the SEC Action, the Government reserves its right to seek forfeiture of those assets in order to satisfy the outstanding Forfeiture Money Judgment. *See, e.g.*, 21 U.S.C. § 853(p) (providing for the forfeiture of substitute assets).

memoranda, though they concede that the Court is likely to reject such claims. (Vilar Br. 6 (noting "the unlikely event that this Court were to return those funds entirely to the defendants"); Tanaka Br. 6 ("it is not likely the defendants will be given the receiver's assets")). They also claim that, even if the Court were to award them these assets, their liabilities would still substantially exceed their assets. (Vilar Br. 5-6; Tanaka Br. 5-6); *see* U.S.S.G. § 5E1.2(a) ("The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."); *id.* § 5E1.2(d)(2); 18 U.S.C. § 3572(a)(1) (including "the defendant's income, earning capacity, and financial resources" as a factor for the district court to consider in imposing a fine).

The Court's primary concern at the April 2014 re-sentencing was that the defendants not profit from their crimes, a concern that the Government shares. (*See* April 24, 2014 Tr. 319 ("[The defendants] are now claiming the residual amount in the Amerindo accounts . . . could be worth millions or tens of millions of dollars and that may, in fact, be true.")); *see also* 18 U.S.C. § 3572(a)(5) (including "the need to deprive the defendant of illegally obtained gains from the offense" as a factor for the district court to consider in imposing a fine). The Government notes that even if the defendants file claims in the SEC Action claiming that they are entitled to these assets, the Court may decline to distribute any of these assets to them. And to the extent these assets are somehow released in the SEC Action to the defendants, the Government intends to pursue vigorously the forfeiture of those assets in order to satisfy the Forfeiture Money Judgment and/or the Restitution Judgment. Moreover, there are the outstanding civil judgments. Thus, it appears that the defendants will be precluded from profiting from their crimes in either scenario. *See* 18 U.S.C. § 3572(a)(4) (including "whether restitution is ordered or made and the amount of such restitution" as a factor for the district court to consider in imposing a fine); U.S.S.G. §§ 5E1.2(d)(4) & (5) ("In determining the amount of the fine, the court shall consider . . . any restitution or reparation that the defendant has made or is obligated to make[, and] "any collateral consequences of conviction, including civil obligations arising from the defendant's conduct").

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    /s/
        Joshua A. Naftalis
        Rebekah A. Donaleski
        Assistant United States Attorneys
        (212) 637-2310 / 2423

cc:    Michael K. Bachrach, Esq. (by CM/ECF and e-mail)
      *Attorney for Defendant Alberto William Vilar*
   Barry D. Leiwant, Esq. (by CM/ECF and e-mail)
   Robert Baum, Esq. (by CM/ECF and e-mail)
      *Attorneys for Defendant Gary Alan Tanaka*
   Ian J. Gazes, Esq. (by e-mail)
      *Receiver in SEC Action*