UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :    **GOVERNMENT'S MOTION IN**
       -v.-                                                  :    **SUPPORT OF PROPOSED**
                                                             :    **PRELIMINARY ORDER OF**
ALBERTO WILLIAM VILAR and                                    :    **FORFEITURE AS TO**
GARY ALAN TANAKA,                                            :    **SUBSTITUTE ASSETS**
                                                             :
                                                             :
              Defendants.                                    :    05 Cr. 621 (RJS)
                                                             :
------------------------------------------------------------x

       The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of Preliminary Order of Forfeiture as to Substitute Assets to forfeit certain property of ALBERTO WILLIAM VILAR and GARY ALAN TANAKA (the "Defendants") as substitute assets, to be applied towards the forfeiture money judgment entered against them on or about April 24, 2014.

      **I.**     **Background**

       The Defendants were the sole shareholders of three investment companies: 1) Amerindo Investment Advisors Inc., an investment advisor registered with the Securities and Exchange Commission ("SEC"); 2) Amerindo Investment Advisors, Inc., organized under the laws of Panama; and 3) Amerindo Investment Advisors (UK) Ltd., (collectively the "Amerindo Corporations"). Over a twenty-year period, the Defendants used the Amerindo Corporations to perpetrate a scheme to defraud investors by soliciting millions of dollars under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to their own benefit and the benefit of others.

       On or about August 15, 2006, the Defendants were charged in a twelve-count

1

Superseding Indictment, S3 05 Cr. 621 (KMK) (the "Indictment"), with engaging in a conspiracy to commit securities fraud, investment adviser fraud, mail fraud, wire fraud, and money laundering, in violation of Title 18, United States Code Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two and Three); investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 and Title 18, United States Code, Section 2 (Count Four); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Counts Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Six and Seven); money laundering, in violation of Title 18, United States Code, Sections 1957 and 2 (Counts Eight through Eleven); and making false statements in violation of Title 18, United States Code, Sections 1001(a) and 2 (Count Twelve). (D.E. 133).

The Indictment contained a forfeiture allegation seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to at least $19,706,363.74 in United States currency, representing the proceeds obtained as a result of the charged securities, mail, and wire fraud offenses charged in the Indictment (Counts 1 through 7); and seeking, pursuant to Title 18, United States Code, Section 982, the forfeiture of any and all property, real and personal, involved in the charged money laundering offenses, including all property traceable to such property, including but not limited to at least $5,000,000 in United States currency (Counts 8 through 11). (*Id.* at ¶¶ 62-63).

The Indictment also included a substitute asset provision providing that if, as a

result of the Defendants' actions or omission, forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendants.  (*Id.* at ¶ 64).

On or about November 19, 2008, a jury returned a guilty verdict against defendant Vilar on all twelve counts of the Indictment, and against defendant Tanaka on Counts One, Three and Four of the Indictment (conspiracy, securities fraud and investment advisor fraud).  (D.E. 329).

On or about October 22, 2009, the Government filed with the Court an Application for a Post-Conviction Restraining Order (the "Application"), seeking to restrain various substitute assets of the Defendants on the grounds that the Defendants no longer had the majority of the direct proceeds of their offenses in an identifiable form, and that the Government would therefore seek to forfeit the substitute assets.  (D.E. 359, at ¶ 15).

On or about October 26, 2009, the Court granted the Application and entered a post-conviction restraining order (the "Post-Conviction Restraining Order") barring the Defendants, any of their agents or anyone with actual notice of the order from taking any action that would diminish the value of the assets listed, including among others, the following:

- J. P. Morgan Chase (f/k/a Bear Stearns & Co., Inc.) brokerage account numbers:
    - 102-17995 MOL, held in the name of Techno Raquia;
    - 102-01485 MOL, held in the name of Amerindo Management Inc., sub-Account M26;
    - 102-01495 MOL, held in the name of Amerindo Technology Growth Fund II, Inc.;
    - 102-15833, held in the name of Olafson, Inc.;
    - 102-25612, held in the name of Amerindo Investment Advisors, Inc. Money Purchase Plan and Trust; and

- Approximately $273,611.89 in funds formerly held by @Ventures Management, LLC for the benefit of Amerindo Technology Growth Fund II, Inc.

(the "Substitute Assets").  (D.E. 364, at 2-3 (Substitute Assets listed as items (b)(i), (ii), (iv), (v), (viii), and (d).

On or about February 8 and 10, 2010, the Defendants were sentenced and ordered to forfeit an amount of United States currency to be determined by the Court.  On April 7, 2010, the Court entered Orders of Forfeiture (the "2010 Forfeiture Orders") ordering a money judgment in the amount of $54,351,159 against both Defendants.  (D.E. 436, 438).  The Defendants appealed their convictions.

On or about May 19, 2010, the Government filed a motion to amend the 2010 Forfeiture Orders to include substitute assets (the "2010 Substitute Asset Motion") (D.E. 444). Those substitute assets included, among others, the Substitute Assets listed above.  In a declaration filed in support of the 2010 Substitute Asset Motion, Assistant United States Attorney Marc Litt stated, based on his personal involvement in the prosecution of the Defendants, his review of numerous documents, and his discussions with law enforcement agents, that despite the Government's exercise of due diligence in investigating the assets of the Defendants, that "it is believed the Government will not be able to locate or collect the direct proceeds of the [D]efendants' offenses to satisfy the Money Judgments because the proceeds are no longer held in an identifiable form, have been transferred by the defendants to third parties, and/or placed beyond the jurisdiction of the Court."  (D.E. 444-2, at ¶¶ 2, 7).

On or about November 9, 2010, the Court entered an Order of Forfeiture of Substitute Assets ordering that all of the Defendants' right, title and interest in specified substitute assets, including the Substitute Assets, be forfeited to the United States and applied towards the money judgments entered against the Defendants (the "2010 Substitute Asset Order").  (D.E. 463).

On or about December 1, 2011, the Government moved for entry of a final order of forfeiture with respect to the substitute assets listed in the 2010 Substitute Asset Order. The Government's intention at that time was to provide remission of the forfeited funds to victims and investors while the Defendants' appeal was pending. (D.E. 488, at 10). On December 2, 2011 Defendant Alberto Vilar filed a cross-motion to stay forfeiture proceedings pending his appeal. (D.E. 489).

On or about April 6, 2012, the Court issued an Order that the Government's motion for final order of forfeiture and Defendant Vilar's motion to stay be denied without prejudice to renewal.[1] (D.E. 518).

On or about August 30, 2013, the Court of Appeals affirmed the Defendants' convictions, vacated their sentences and remanded the case to the District Court for resentencing. *See United States* v. *Vilar*, 729 F.3d 62 (2d Cir. 2013).

On or about April 24, 2014, the Defendants were resentenced (the "Resentencing") and ordered, among other things, to forfeit $20,578,855.28 in United States currency representing the property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Indictment for which the Defendants were found guilty. (Resentencing Tr. 30, 60 (D.E. 694)). In connection with its forfeiture ruling, the Court expressly found that both Defendants had indirectly obtained the proceeds at issue, because to the extent proceeds were obtained by the Amerindo Corporations, the Defendants, "indirectly obtained everything gained by Amerindo because they entirely dominated and controlled the companies and used the

---

[1] The Court's Order was based, in part, on a letter from the Government dated March 28, 2012 in which the Government stated that it had taken the position on appeal that the order of forfeiture should be vacated and that the matter should be remanded to allow the Court to determine the proper amount of forfeiture, and thus the government was no longer seeking entry of a final order of forfeiture at that time. (D.E. 518).

companies' assets for their own personal expenses." (*Id*. at 30).

On or about April 25, 2014, the Court entered a Preliminary Order of Forfeiture/Money Judgment for each of the Defendants, which made final as to each defendant a joint and several money judgment in the amount of $20,578,855.28 in United States currency (collectively, the "Money Judgments"). (D.E. 684, 687).[2] To date, the total amount of the Money Judgments remains unpaid.

In connection with the Resentencing, the Court also ordered the Defendants to pay restitution in the total amount of $26,637,502.69 on a joint and several basis (D.E. 682, 685), and also ordered each of the Defendants to pay a $10 million fine (D.E. 685, 686).

On or about March 23, 2016, the Second Circuit affirmed the sentences imposed on the defendants, but vacated their fines and remanded for resentencing solely with respect to the appropriate fine. *See United States* v. *Tanaka*, 664 F. App'x 36 (2d Cir. 2016). On or about November 2, 2016, the Court resentenced the Defendants and imposed no fines. (D.E. 749, 751).

As the Court is aware, the Receiver appointed by it in the concurrent civil action brought by the SEC, *SEC* v. *Amerindo Investment Advisors Inc. et al.*, No. 05 Civ. 5231 (RJS) (the "SEC Action"), has been liquidating the assets of the Amerindo Corporations and making disbursements to, among others, the victims in this criminal action. The Government has been advised by the Receiver that as of the fourth interim distribution approved by the Court on July 14, 2017, the victims have now received disbursements in the full amount of their claims filed in

---

[2] In *Honeycutt* v. *United States*, 137 S. Ct. 1626 (2017), decided after the Resentencing, the Supreme Court held that the Government could not obtain a forfeiture money judgment against a defendant for proceeds obtained only by a co-conspirator based on a theory of joint and several liability, but was limited to proceeds acquired directly or indirectly by that defendant. As the Court found during Resentencing that both of the Defendants indirectly obtained the proceeds received by the Amerindo Corporations, however, the Money Judgments remain entirely valid post-*Honeycutt*.

the SEC Action and that a balance of $771,502 remains to compensate the victims under the Court's restitution order in the criminal case. It is the Government's intent to recommend that the $771,502 balance be paid to the victims out of the Substitute Assets through the restoration process provided under the Regulations Governing the Remission or Mitigation of Administrative, Civil, and Criminal Forfeitures. *See* 28 C.F.R. § 9.

## II.     The Substitute Assets

The Substitute Assets are currently under the control of the Receiver and were the residual assets left after nearly full repayment of losses to the victims. Based on the information provided by the Receiver, as of July 2018, the Substitute Assets were collectively valued at approximately $12,950,596 in United States currency, roughly $7.5 million less than the outstanding balance of the Defendants' Money Judgments.

Therefore, as discussed in further detail below, the United States seeks to forfeit the Defendants' interest in the Substitute Assets pursuant to Title 21, United States Code, Section 853(p).

## III.    Discussion

Title 21, United Stated Code, Section 853(p) provides that, if any forfeitable property "cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond jurisdiction of the Court, [or] has been commingled with other property which cannot be divided without difficulty," as a result of the defendant's own actions or omissions, the "court shall order the forfeiture of any other property of the defendant, up to the value of property" so transferred or moved by the defendant.

Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure provides that:

> On the government's motion, the court may *at any time* enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> . . .
>
> (B) is a substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

Thus, the Court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds. *See United States* v. *Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary. . . . [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").

In entering the 2010 Substitute Assets Order, the Court previously found that forfeiture of substitute assets is required here pursuant to Section 853(p). (D.E. 463). Notably, the Defendants have repeatedly acknowledged that the proceeds they obtained from the defrauded GFRDA investors were commingled with the funds of other investors in various Amerindo accounts, including those containing the Substitute Assets. (*See*, *e.g.*, D.E. 503, at 7-8 ("We agree that funds in various commingled accounts that were used in connection with client investment activities should be used to satisfy investor claims. These accounts are: Bear Stearns Accounts ## 102-17995 (Techno Raquia, S.A.); 102-01484 (Amerindo Management Inc., sub-Account M26); 102-01490 (Amerindo Technology Growth Fund Inc.); and 102-01495 (Amerindo Technology Growth Fund II.); as well as SG Americas Securities, LLC Account # 64524357 (Amerindo Growth Fund), and Ventures Management (Amerindo Technology Growth Fund II, Inc.)"). In addition, as set forth in the Government's Sentencing Memorandum dated October 2,

8

2009, proceeds of the separate fraud on victim Lily Cates were directly misappropriated and transferred to third parties by the Defendants.  (D.E. 355, at 6-10).  Accordingly, the Government is entitled to forfeit substitute assets up to the amount of the proceeds of their offenses, as reflected in their Money Judgments, including the Substitute Assets.

If there are other persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings.  *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c) and (c)(2)(B).  Under Title 21, United States Code, Section 853(n) and Rule 32.2(e)(2), the Government must provide notice of its intent to dispose of the property to known interested third parties.  Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims.  21 U.S.C. § 853(n)(2).  If no petitions are filed or a petition is denied, the Court will enter a final order forfeiting the Substitute Assets to the United States.  The Substitute Assets will not be disposed of by the Government until all third party claims are resolved by the Court.  Upon entry of a final order of forfeiture as to the Substitute Assets, the Government will apply the total value of the Substitute Assets towards both Defendants' outstanding Money Judgments.

### IV.     Conclusion

Wherefore, for the aforementioned reasons, the United States respectfully requests that its motion for forfeiture of the Substitute Assets be granted and that the proposed Substitute Asset Order be entered forthwith forfeiting all of the Defendants' right, title and interest in the

Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
August 14, 2018

                                            GEOFFREY S. BERMAN
                                            United States Attorney for the
                                            Southern District of New York

By:      /s/
                      JOSHUA A. NAFTALIS
                      Assistant United States Attorney
                      (212) 637-2310