**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

September 11, 2018

**BY ECF AND EMAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square Room 2104
New York, New York 10007

Re: **United States v. Gary Tanaka**
    S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

I respectfully write to request that the Court order early termination of Gary Tanaka's supervised release. Following conviction by a jury on November 19, 2008, Mr. Tanaka was sentenced to a term of incarceration to be followed by a 3 year term of supervised release.

The Court also ordered restitution in the amount of $26,637,502.69. In a filing by the Government seeking substitute assets, dated August 14, 2018, the Government advised the Court that after speaking with the receiver distributing Mr. Tanaka's assets, as of the fourth distribution, "the victims have now received disbursements in the full amount of their claims filed in the SEC action and that a balance of $771,502 remains to compensate the victims under the Court's restitution order." Government Motion at 6-7. We believe that all restitution has been paid based on a motion filed before Your Honor on January 27, 2017, in which the Receiver sought additional distributions, and wrote "following remittance of the Third Interim Distribution, the aggregate amount of the allowed principal amount of the investor claims of $54,404,467.83 had been paid in full." See Motion paragraph 8. This amount far exceeds the Ordered restitution in the criminal case and includes all investors. Nevertheless, all parties would agree that almost $26M has already been released to compensate the victims, and any remaining disbursements are in the hands of the referee for distribution.

Honorable Richard J. Sullivan  September 11, 2018
United States District Court  Page 2
Southern District of New York

Since his release from custody, Mr. Tanaka has completed approximately 24 months of his 36 month term of supervision and is in full compliance with the terms of his supervision.

### Legal Standard

The Court may terminate an individual's supervised release "at any time after the expiration of one year… if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, courts are directed to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)," essentially the same factors a court considers at sentencing. 18 U.S.C. § 3583(e).

Pursuant to this standard, courts have ordered early termination where a defendant has completed a substantial portion of his supervised release, complied with all relevant conditions, completed programming (such as drug treatment), and if he does not represent a danger to the community.[1] See, e.g., United States v.

---

[1] A court is not required to find "exceptional" circumstances to order early termination. That language does not appear in the statute. United States v. Lussier, 104 F.3d 32 (2d Cir. 1997), is often cited for this language. However, Lussier's holding concerns the legality of modifying a restitution order post-sentencing. The court did not hold that exceptional circumstances were required for early termination – the only mention of such an idea is when the court noted, in passing, that "[o]ccasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36. To the extent that the Court determines it must find exceptional or changed circumstances here, it should find them based on Mr. Ruiz's full compliance, completion of treatment, educational advancement, and

Chaar, No. 00 Cr. 217 (JGK), 2005 WL 1844773, at *1 (S.D.N.Y. Aug. 3, 2005) (granting early termination where these conditions were met and supervision potentially interfered with work opportunities); United States v. Kapsis, No. 06 Cr. 827 (WHP), 2013 WL 1632808, at *1 (S.D.N.Y. Apr. 16, 2013) (finding early termination warranted based on changed circumstances, including the defendant's steady employment, successful completion of treatment, and lack of law enforcement contact); United States v. Jimenez, Nos. 99 Cr. 1110, 99 Cr. 1193, 2012 WL 3854785, at *2 (S.D.N.Y. Sep. 5, 2012) (granting early termination where defendant had only one year remaining, had performed well on supervised release, and was considering relocation to Florida).

### Discussion

Mr. Tanaka was found guilty after trial and was sentenced on February 10, 2010 to 60 months incarceration. He was later re-sentenced to a term of 72 months. At the time of this conviction, he had no prior criminal history. Mr. Tanaka voluntarily surrendered to commence his sentence and was released from custody, beginning supervised release on September 1, 2016.

Mr. Tanaka's medical condition is well known to the Court and has been well documented in the past. He is 75 years old and in very ill health. He had jaw cancer in 2004; prostate cancer and radiation 6 months ago for which he is still in treatment at Memorial Sloan Kettering; he recently had heart failure and arterial ablation in April and a ventricular ablation last month. See Defense Exhibit A, Discharge Summary, Westchester Medical Center, April, 2018.

Mr. Tanaka's post-release conduct makes him exactly the type of probationer who deserves early termination. He has successfully completed 24 months of his 36 months of supervised release, which would otherwise expire in September, 2019. He is currently subject to low intensity supervision, in which his reporting is at a minimum. His age and medical condition by all standards demonstrate that a risk of recidivism is negligible. He does not have a long criminal history; he was not convicted of a violent offense; and there is no reason to think that he represents a danger to the

---

his family situation, including the needs of his ailing father-in-law in Brazil.

Honorable Richard J. Sullivan  September 11, 2018
United States District Court  Page 4
Southern District of New York

public. Supervision is no longer necessary for either his own rehabilitation or the protection of the community. And because of his ongoing medical treatment and failing health, he seeks the ability to travel without the undue burden of supervision, to visit with family members.

If supervision were terminated, he is contemplating moving to Los Angeles to be with his mother (age 94), and his sister who is caring for his mother. For all of these reasons, early termination is warranted. Under similar circumstances, Judge Koeltl recently granted early termination for Nelson Ruiz who had completed two of his three years of supervision and wanted to travel to Brazil to care for his sick father. See Exhibit B, United States v. Nelson Ruiz, 12 Cr. 949 (JGK), Court Order.

In a recent Memorandum to all District Court Judges, the Probation office has articulated a policy of promoting an increasing number of early terminations of supervision, particularly in low risk cases like Mr. Tanaka. In fact, they have identified a "presumption" for early termination in those cases with Mr. Tanaka's criteria. See Defense Exhibit C. They note that an outstanding financial penalty, "per se does not adversely affect early termination."

## Conclusion

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends…" United States v. Johnson, 529 U.S. 53, 59 (2000). Mr. Tanaka's performance on supervision, his family situation, and his age and medical condition all make clear that he has, in fact, successfully reintegrated to his community. For all of these reasons, the Court should find that early termination of Mr. Tanaka's supervised release is in the interests of justice and the Court should order such termination.

Respectfully submitted,

Robert M. Baum, Esq.
Assistant Federal Defender
Tel: (212) 417-8760

Honorable Richard J. Sullivan                       September 11, 2018
United States District Court                         Page 5
Southern District of New York

cc:   Joshua Naftalis, Esq.
      Assistant United States Attorney
      Southern District of New York

      Meaghan E. Briggs
      U.S. Probation Officer
      White Plains, NY
      (BY EMAIL)