

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 12, 2018

BY CM/ECF & E-MAIL

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square
New York, New York  10007

      Re:    United States v. Gary Tanaka,
                  S3 05 Cr. 621 (RJS)

Dear Judge Sullivan:

      On April 20, 2014, the Court sentenced the defendant to a below-Guidelines sentence of 72 months' imprisonment, to be followed by a term of supervised release of three years. The Court also ordered restitution and forfeiture.[1] After serving approximately two years of his term of supervised release, the defendant has now moved for its early termination. The Government opposes this motion. The U.S. Probation Office takes no position.

      Under Title 18, United States Code, Section 3583(e), a Court may modify a term of supervised release if, after the expiration of at least one year of probation, "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *See also* 18 U.S.C. § 3564(c) (same standard for early termination of probation). Early termination of supervised release — which is a revision of a previously-imposed sentence — is reserved for "new or unforeseen circumstances." *United States* v. *Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."); *see also*, *e.g.*, *Karacsonyi* v. *United States*, 152 F.3d 918, at *1 (2d Cir. 1998) (summary order) ("[E]arly termination of supervised release . . . is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior."); *Whittingham* v. *United States*, 14 Civ. 7738 (RJS), 12 Cr. 971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) ("[T]he law is clear that only 'exceptional cases' involving 'special, extraordinary, or unforeseen circumstance[s]' warrant early termination." (quoting *United States* v. *Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014))).

---

[1] After remand from the Second Circuit, the Court declined to impose a fine on the defendant at a November 2, 2016 resentencing.

"A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination. In addition, obtaining productive employment, while laudable, does not justify the termination of supervision." *United States* v. *Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (denying motion for early termination) (internal citations omitted); *see also United States* v. *Gonzales*, 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination." (quoting *United States* v. *Rasco*, 88 Cr. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000))); *Whittingham*, 2017 WL 2257347, at *6 ("a defendant's full compliance with the terms and conditions of supervised release, standing alone, is insufficient" to warrant early termination).

Here, the defendant asserts that his supervised release should be terminated early because he "has successfully completed 24 months of his 36 months of supervised release"; he is 76 years' old; he is "very ill"; and "he is contemplating moving to Los Angeles to be with his mother (age 94), and his sister who is caring for his mother." (Tanaka Sept. 11, 2018 Ltr. 3-4.) None of these considerations meet the standard for early termination. As noted above, the fact that the defendant has "successfully completed" a portion of his supervised release is insufficient to entitle him to early termination. The Court previously considered the defendant's age and health in imposing a below-Guidelines sentence, and thus these are not changed circumstances. (*See id.* at 3 ("Mr. Tanaka's medical condition is well known to the Court and has been well documented in the past."); *see also* Apr. 24, 2014 Sentencing Tr. 48; Apr. 14, 2014 Tanaka Sentencing Mem. 5-6; Sept. 1, 2009 Tanaka Sentencing Mem. 14, 45; Feb. 5, 2010 Sentencing Tr. 142.) The fact that the defendant's father lives in Los Angeles is similarly not a basis to terminate supervision early. The defendant can simply seek permission to move there or to visit.[2]

The defendant's reliance on the Probation Office's March 8, 2018 memorandum is misplaced. Here, the Probation Office is not proposing early termination and has taken no position on the defendant's application. One of the general criteria the Probation Office indicates it assesses is whether the defendant had "[n]o aggravated role in the offense of conviction, particularly large . . . fraud cases." Of course, this was an enormous fraud led by the defendant and his co-defendant. The defendant notes that the memorandum provides that "an outstanding financial penalty, 'per se does not adversely affect early termination.'" But he omits the remainder of the sentence, which is important: "The existence of an outstanding financial penalty, per se does not adversely affect

---

[2] None of these cases that the defendant cites supports his position. In *United States* v. *Ruiz*, 12 Cr. 949 (JGK) (S.D.N.Y. March 20, 2018), and *United States* v. *Chaar*, 00 Cr. 217 (JGK), 2005 WL 1844773 (S.D.N.Y. Aug. 3, 2015), a primary factor the Court considered in each was the defendant's need to travel internationally — to Brazil to care for a parent and to Iraq for work, respectively. This international factor, to the extent it is appropriately considered, is not present here. In *United States* v. *Jimenez*, 99 Cr. 1110 (RWS), 99 Cr. 1193 (RWS), 2012 WL 3854785 (S.D.N.Y. Sep. 5, 2012), the defendant had completed four of his five years of supervised release and had suffered new health issues during his supervision. In *United States* v. *Kapsis*, 06 Cr. 827 (WHP), 2013 WL 1632808, at *1 (S.D.N.Y. Apr. 16, 2013), the Court found the defendant's conduct on supervision was "exemplary."

early termination eligibility *as long as the releasee has been paying in accordance with the payment plan*." (emphasis added.)  The defendant's restitution obligation will be met through the work of the Receiver, not because the defendant made substantial payments, and his forfeiture obligation is outstanding.  The Court should also consider the defendant's continued efforts to profit from his crimes, evidenced by his apparent intent to object to the Government's recent forfeiture motion.

        Accordingly, the defendant's motion should be denied.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    /s/
        Joshua A. Naftalis
        Assistant United States Attorney
        (212) 637-2310

cc:    Robert M. Baum, Esq.
       Meaghan E. Biggs,
          U.S. Probation Office