# Ballard Spahr
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Julian W. Friedman
Tel: 646.346.8019
Fax: 212.223.1942
friedmanj@ballardspahr.com

July 24, 2019

*By Electronic Filing*

Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   SEC v. Amerindo, 05-cv-5231 (RJS)
      United States v. Vilar and Tanaka, Case No. 05-cr-621 (RJS)

Dear Judge Sullivan:

This firm represents Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-Podhaizer Trust and The Eve S. Marcus Children's Trust (the "Marcus Claimants"). Although the Marcus Claimants are not parties in either of the above-captioned actions, Your Honor has allowed them to file papers supporting their claims to the funds collected by the Receiver.

I am writing this letter to request the aid of the Court in moving this matter forward. As discussed below, there appears to still be in excess of $13 million which is presumably sitting in one or more bank accounts at JPMorgan Chase, but is not being actively managed by anyone whose mission is to secure the appreciation of those assets. While I hesitate to burden the Court – particularly in view of Your Honor's Second Circuit responsibilities – I feel compelled to write this letter in order to summarize what I believe to be the current status of this matter.

As Your Honor will recall, the Receiver whom you appointed collected funds totaling over $54 million, and was authorized by the Court to make three interim distributions, plus an inflation adjustment, to the recognized claimants. After those distributions were made, the Receiver was left holding approximately $10.5 million.[1]

---

[1]   Based upon the government's Motion for a Proposed Preliminary Order of Forfeiture as to Substitute Assets filed in the related criminal case (05-cr-621), this amount had apparently risen to $12.9 million by last fall. In addition, we believe that there are

Honorable Richard J. Sullivan
July 24, 2019
Page 2

       In its prior Orders authorizing the four interim distributions described above, Your Honor considered the argument by the Marcus Claimants that there are two categories of claimants that should be considered separately, the Amerindo Technology Growth Fund investors who believed they were investing in an equity mutual fund providing the potential for capital appreciation, and the Guaranteed Fixed Rate Deposit Account investors who believed they were investing in a debt instrument paying a specified rate of interest.

       Your Honor issued a number of rulings rejecting the Marcus Claimants' argument that the two categories of investors should be treated differently. Thus, on May 6, 2014 (SEC Case, Dkt. No. 432), the Court authorized a first interim distribution to be made pro rata to all claimants. Similarly, on December 31, 2014 (SEC Case, Dkt. No. 510) and May 20, 2016 (SEC Case, Dkt. No. 618), the Court authorized second and third interim distributions using the same pro rata method. Finally, on July 14, 2017 (SEC Case, Dkt. No. 669), the Court authorized an inflation adjustment that was also to be paid to all investors on a proportionate basis.

       The Marcus Claimants and others appealed the Court's rulings. On January 8, 2018, the Court of Appeals issued an Order denying the SEC's motion to dismiss the Marcus Claimants' appeals from the Orders entered by this Court on December 31, 2014, May 20, 2016 and July 14, 2017, but stayed those appeals "until the district court enters an order approving a final distribution plan and/or dissolving the receivership." *Securities and Exchange Commission v. Marcus, et al.*, Case No. 17-2534, Dkt. No. 165, page 2.

       The Marcus Claimants therefore find themselves in the position that they cannot appeal Your Honor's prior rulings treating all claimants proportionately, since no Order "approving a final distribution plan and/or dissolving the receivership" has been entered. In fact, there has been little activity in either the civil or criminal case since September of last year. In August, the government filed a Motion for a Proposed Preliminary Order of Forfeiture as to Substitute Assets (Criminal Case, Dkt. No. 769). Your Honor granted the Marcus Claimants' Motion for Leave to Oppose the Government's Forfeiture Motion (SEC Case, Dkt. No. 707), and they did so on September 28, 2018 (SEC Case, Dkt. No. 708). The Court then granted the government the right to file a reply brief in support of the forfeiture motion (SEC

---

       assets that the Receiver never recovered, including but not limited to an account held at JPMorgan Chase in the name of the "Trustees of the Amerindo Advisors (UK) Ltd. Retirement Benefits Scheme." In a letter to the Court dated August 11, 2017, the SEC listed "the monetization and distribution of the Retirement Benefits Scheme" as one of the "significant matters remaining in the SEC action...." (SEC Case Dkt. No. 672) We believe that the assets in this account had a value several years ago of over $20 million.

Honorable Richard J. Sullivan
July 24, 2019
Page 3

Case, Dkt. No. 712), and the government did so on October 12, 2018 (Criminal Case, Dkt. No. 795).

      Neither the SEC nor the criminal docket sheets reflect any further action on the government's preliminary forfeiture motion.  In addition, as noted above, no Order "approving a final distribution plan and/or dissolving the receivership" – the prerequisite set by the Second Circuit for permitting the appeal of the prior distribution Orders – has been filed.

      We respectfully request that the Court take appropriate action so that this matter may move forward.  My principal client is 89 years old, and it is becoming increasingly difficult for him to await the outcome of the Amerindo matter that began with the arrest of the defendants over 14 years ago – or to even exercise his right to appeal the Court's prior Orders. We are mindful of what we are sure is Your Honor's heavy workload, but we do not know where else to turn at this point.

Respectfully submitted,

Julian W. Friedman

JWF/cn

cc:    All Counsel (by ECF)