**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2020

**BY EMAIL and ECF**

The Honorable Richard J. Sullivan
United States Circuit Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re: *United States v. Vilar and Tanaka*
> Case No. 05-CR-621 (RJS)

Dear Judge Sullivan:

The Government respectfully submits this letter pursuant to the Court's Order dated June 29, 2020 (the "June Order") (Dkt. No. 897) directing the Government to set forth proposed next steps regarding the Second Preliminary Order of Forfeiture as to Substitute Assets and to provide the Court with an update regarding discussions with Lisa and Debra Mayer regarding their claims to the assets subject to forfeiture in this ancillary proceeding.

On December 9, 2019, the Court entered the Second Preliminary Order of Forfeiture as to Substitute Assets forfeiting all of Defendants' right, title and interest in the assets listed therein (the "Additional Assets") (Dkt. No. 848).

As noted in the June Order, seven parties or groups of parties have filed petitions asserting an interest in the Additional Assets: Lauranne Christov (the "Christov Petition") (Dkt. Nos. 863, 865, 892); Alfred Heitkonig (the "Heitkonig Petition") (Dkt. No. 869); Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-Podhaizer Trust, and The Eve S. Marcus Children's Trust (the "Marcus Petition") (Dkt. No. 878); E. Ronald Salvitti (the "Salvitti Petition") (Dkt. No. 890) (Christov, Heitkonig, the Marcuses and Salvitti collectively "the Non-Mayer Creditor Claimants"); Lisa and Debra Mayer (Dkt. No. 864); the current trustees of the Amerindo Advisors (UK) Limited Retirement Benefits Scheme (the "Trustees" and the "Trustee Petition") (Dkt. No. 882); and James Stableford (the "Stableford Petition") (Dkt. Nos. 886-87).[1]

---

[1] Stableford is both a trustee and a named beneficiary of the benefits scheme, and the Stableford Petition is filed in his individual capacity as a beneficiary.

The Non-Mayer Creditor Claimants' petitions are based on essentially the same grounds as their prior petitions regarding the substitute assets that are subject to the first Preliminary Order of Forfeiture as to Substitute Assets, August 2, 2019 (Dkt. No. 802) (the "Substitute Assets"). The Government's motion to dismiss those petitions for lack of standing is currently pending *(See* Memorandum in Support of the Government's Motion to Dismiss (the "First Motion to Dismiss")) (Dkt. No. 868), and the Non-Mayer Creditor Claimants similarly lack standing to claim the Additional Assets for essentially the same reasons set forth in the First Motion to Dismiss. Accordingly, the Government proposes to file a second motion to dismiss those petitions as to the Additional Assets (the "Second Motion to Dismiss," and collectively with the First Motion to Dismiss, the "Motions to Dismiss") by this Friday, July 10.

The Government respectfully requests that the Court set a briefing schedule for the Second Motion to Dismiss as follows: (1) the Government to file its motion by July 10, 2020; (2) any opposition to be filed within four weeks, by August 7, 2020; and (3) the Government to file any reply within one week of the opposition deadline, by August 14, 2020. With the exception of Petitioner Christov, the Non-Mayer Creditor Claimants have agreed to this briefing schedule. The Government has attempted to reach Christov who is *pro se*, by email and phone, but has not received a response regarding the proposed briefing schedule. Given the common factual and legal issues, the Government believes that any oral argument can address both Motions to Dismiss, and could be scheduled at any time convenient to the Court after August 14, 2020, when the Second Motion to Dismiss will be fully briefed.[2]

The Government and counsel for the Mayers have continued to have discussions regarding a potential resolution of the Mayers' claims to the Substitute Assets and the Additional Assets. The nature of such a resolution will turn, however, on whether or not the Non-Mayer Creditor Claimants' petitions are dismissed. Accordingly, a resolution will not be possible until after the Court's ruling on the Motions to Dismiss.

With respect to the Trustees and Stableford in his individual capacity, the Government has had preliminary communications with their counsel regarding potential resolution of their respective petitions. Before such a resolution can be seriously advanced, however, the Trustees must complete an analysis relating to the current state of the benefits scheme, and the tax implications of a seizure or distribution of its assets. (*See* Trustee Petition, Ex. 5 ¶ 49.) That work is still in progress.[3] In addition, as with the Mayers, the prospect and nature of a resolution of the Trustee Petition and Stableford Petition will turn in significant measure on the Court's ruling on the Motions to Dismiss.

---

[2] Briefing for the First Motion to Dismiss concluded on March 5, 2020. *See* Dkt. No. 888.

[3] The Government and the Trustees have entered into a records-sharing agreement whereby JPMorgan will be directed to provide benefits scheme account and tax records to both the Government and the Trustees. The Trustees have represented that the expected accounting will be completed within 90 days of receiving all requested tax records from JPMorgan.

The Government would propose to update the Court on the progress of its discussions with the Trustees and Stableford in 90 days, when the Trustees' analysis will hopefully be complete and the Government will have had an opportunity to discuss it with their counsel.[4]

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney

    by: */s/*
    Alexander J. Wilson
    Assistant United States Attorney
    (212) 637-2453

cc: All counsel of record (by ECF)
    Joanna Osborne (Joanna.Osborne@EdwinCoe.com)
    Alfred Heitkonig (alfredo@ahfs.biz)
    Dr. Ronald Salvitti (Renee Wong, Esq. at gnd401@aol.com)
    Lauranne Christov (laurie.christov@yahoo.com)

---

[4] To the extent that the Government, the Trustees and Stableford conclude that a resolution is not likely after the Trustees complete their analysis, the Government believes certain limited discovery will be required before a hearing on the Trustee Petition and the Stableford Petition. If the parties have made that determination by the time of the next update to the Court, the Government would propose a discovery schedule at that time.