**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**UNITED STATES OF AMERICA**

                                                   **05 Cr. 621 (RJS)**

       -v-

**ALBERTO WILLIAM VILAR and**
**GARY ALAN TANAKA,**

                               **Defendants.**
------------------------------------------------------------x

**PAUL MARCUS, et al.,**

                               **Petitioners.**

------------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS THE THIRD-PARTY PETITIONS OF PAUL MARCUS, THE DEANE J. MARCUS TRUST, THE STEVEN E. MARCUS TRUST, THE CHERYL MARCUS-PODHAIZER TRUST, THE EVE S. MARCUS CHILDREN'S TRUST, ANGELIKA JORDAN, ALFRED HEITKONIG, JOHN PREETZMANN-AGGERHOLM, E. RONALD SALVITTI, LAURANNE CHRISTOV AND VIVIAN SHEVITZ**

Goldberger & Dubin, P.C.

Paul A. Goldberger, Esq.
401 Broadway, Suite 306
New York, New York 10013
Tel: 212-431-9380
Fax: 212-966-0588
Email: gnd401@aol.com
*Attorney for Petitioner*
E. Ronald Salvitti

Petitioner, E. Ronald Salvitti, MD (Dr. Salvitti), by and through his attorneys Goldberger & Dubin, P.C., respectfully submits this memorandum of law in opposition to the Government's motion to the dismiss the third-party petitions of Paul Marcus, the Deane J. Marcus Trust, the Steven E. Marcus Trust, the Cheryl Marcus-Podhaizer Trust, and the Eve S. Marcus Children's Trust, (collectively, the "Marcus Claimants"), Angelika Jordan, Alfred Heitkonig, John Preetzman-Aggerholm, E. Ronald Salvitti, Vivian Zhevitz, and Lauranne Christov (together with the Marcus Claimants, the "Petitioners"), pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and Rule 12(b)(1) of the Federal Rules of Civil Procedure as to the assets subject to the Second Preliminary Order of Forfeiture as to Substitute Assets (Dkt. No. 838) (the "Additional Assets").

## **Preliminary Statement**

Petitioner, Dr. Salvitti is seeking to claim his legal portion of the Additional Assets, worth approximately $54 million. Dr. Salvitti was an investor of funds managed by the Defendants Vilar and Tanaka.

Dr. Salvitti was an investor in funds managed by the Defendants through their Amerindo entities. The petitioner has received prior compensation from this Court through the parallel action *SEC v. Amerindo Investment Advisors Inc. et al*, No. 05 CIV. 5231 (RJS) (the "SEC Action"). Through the SEC Action, Dr. Salvitti has received his principal investment, as well as, an inflation adjustment payment. The instant funds were not uncovered, and hence not considered during the SEC Action.

1

The Receiver proposed several methods of distribution to this Court. The alternative methods would have resulted in a higher distribution to Dr. Salvitti and the other similarly situated claimants. However, this Court declined to award alternative methods of distribution to the underlying petitioners as it was unknown whether the Receiver in the SEC Action would recover any additional assets. The Government has now recovered substitute assets (valued at $12.7 million), as well as the Additional Assets (valued at $54 million).

Pursuant to the claim, Dr. Salvitti's direct financial contributions to the Defendants are found within the Additional Assets. A motion to dismiss a third-party petition in a criminal forfeiture proceeding prior to discovery or a hearing is akin to a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). The Government fails to demonstrate facts controverting that Dr. Salvitti's direct contributions does not grant the claimant a legal claim to the Additional Assets.

The Government alludes that the Salvitti Claim and the Motion to Dismiss state completely contradictory theories, specifically that Dr. Salvitti made direct contributions to the ATGF fund and that the Defendants unlawfully co-mingled funds between funds. First, these facts are not mutually exclusive. Second, Dr. Salvitti has not had the benefit of discovery this stage of the proceedings. Also, at this stage of the proceedings, a claimant is permitted to assert factual and legal theories in the alternative.

As such, the Government's motion to dismiss must be denied.

## Background[1]

Over a twenty-year period, the Defendants used three investment companies to perpetrate a scheme to defraud investors by soliciting millions of dollars under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to their own benefit and the benefit of others.

On or about November 19, 2008, a jury returned a guilty verdict against Defendant Vilar on all twelve counts of the Indictment, and against defendant Tanaka on Counts One, Three, and Four of the Indictment.

In 1999, Petitioner Dr. Salvitti, transferred a total of $6,000,000 to the Defendants. On July 29, 1999, the petitioner authorized a wire transfer of $5,000,000 to Amerindo Investment Advisors, Inc., for an investment into the Amerindo Technology Growth Fund. On November 15, 1999, Dr. Salvitti transferred an additional $1,000,000 for an investment into the Amerindo Technology Growth Fund.

Dr. Salvitti believed that he was transferring his funds into an investment fund registered and regulated by the SEC. As a result of the transfer, Dr. Salvitti was given 91,993.83 shares of the Amerindo Technogology Growth Fund.

---

[1] The Court is familiar with the facts and procedural history of this case, as set forth in numerous prior orders, and the Claimant's prior opposition to the Government's First Motion to Dismiss . (*see, e.g.* Doc. Nos. 272, 348, 432, 510, 618, 873).

Concurrent with the criminal proceedings, the SEC filed the SEC Action against Amerindo Investment Advisors, Inc., and the Defendants, which resulted in the appointment of a Receiver and the disbursement of approximately $68.2 million of Receivership assets.

On July 14, 2017, this Court entered an Order directing the Receiver to distribute an inflation adjustment to the Allowed Investors. (Doc. No.669)  At the time of the Order the Receiver had paid over three distributions reflecting payments totaling $54,404,467.83, which was the payment of principal only, with no adjustment for inflation, interest, or appreciation.

After the Allowed Investors were repaid their principal sums, the Receiver held an additional sum of $24,387,214 in assets. The Court approved an inflation adjustment distribution. As a result of the SEC action Dr. Salvitti recovered $7,524729.30, which included a $1,524,729.30 adjustment payment.

The Court denied the Receiver's proposal of a Federal Underpayment Distribution in favor of the inflation adjustment distribution. The Court declined to award this higher distribution because "it was far from guaranteed that [the Receiver] will recover anything more." (Doc. No. 669 at 10-11). During the SEC Action, the Receiver had proposed distributing an additional $14 million pursuant the Federal Underpayment Rate Proposal to the allowed investors. This proposal was rejected because it was unknown if there were going to additional assets recovered.

## Argument

Dr. Salvitti states in his claim that his original investment funds were used to directly contribute to the Additional Assets. As such, the claimant has a legal interest in the Additional

4

Assets and therefore has standing to pursue a claim in this ancillary proceeding. Therefore, the Government's motion to dismiss must be denied.

A motion to dismiss a third-party petition in criminal forfeiture proceedings prior to discovery or hearing is treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). Under 21 USC 853(n)(2), the petitioner must demonstrate a legal right, title, or interest in the property.  During the motion to dismiss analysis the Court must assume that Dr. Salvitti's allegations found within the Claim are true, *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004).

The Government argues that Dr. Salvitti has asserted contradictory statements. Claimant does not have the benefit of discovery; however, it has been asserted in the claim that Dr. Salvitti made direct contributions to the Additional Assets. It has been further been asserted that the Defendants have illicitly co-mingled funds. These are not facts are mutually exclusive.

Even assuming that these statements are contradictory, it does not deny the claimant relief. At this stage of the proceedings, a party may set out 2 or more statements of a claim or defense alternatively or hypothetically, and that a party may state as many separate claims or defenses as it has, regardless of consistency. Fed. R. Civ. P. 8(d) (2)-(3).

The Government argues that the claimant should be arguing for the entirety of the Additional Assets, rather than a *pro rata* share. The purpose of claiming the share, is an acknowledgement that others have also made direct contributions. Hence Dr. Salvitti and others,

have a legal claim in the Additional Assets.[2] Dr. Salvitti's legal claim is not one as a general creditor, but identifies a specific possessory interest.

The Government is seeking to dismiss Dr. Salvitti's claim without the opportunity for discovery demonstrating the traceability of the Additional Assets. At the outset of this action, Dr. Salvitti has demonstrated a plausible set of facts showing that he is the lawful owner of the actual funds found within the Substitute Assets.

The Government now possesses $67 million in assets recovered from the Defendants. This amount is in excess of any judgments owed to the Government. Presently, there is a Preliminary Order of Forfeiture/Money Judgment in the amount of $20,578,855.28. If the Additional Assets had been discovered earlier, then the Additional Assets would have been considered by the Receiver in the parallel SEC action.

Denying all of the Petitioners their cognizable legal claims to the Additional Assets is problematic. First, it creates an unreasonably large windfall for the Government. The funds would not have increased in value, but for, the contributions of Dr. Salvitti. Second, it creates an incentive for the Government to not timely exercise diligence in identifying assets subject to an SEC Receivership action.

As Dr. Savlitti has a legal interest in the Additional Assets, he has standing as a claimant.

_____

[2] Should the Government wish to take the position that Dr. Salvitti alone, is entitled to the entirety of the assets, we do not oppose. However, a Receivership for the Additional Assets to identify the direct legal claimants of the fund would be a more appropriate solution.

## <u>Conclusion</u>

For the reasons set forth above, the Petitioner E. Ronald Salvitti, MD, respectfully

submits that the Government's motion should be denied.

Dated:  New York, New York
        August 6, 2020

Respectfully submitted,

Goldberger & Dubin, P.C.

By:     /s/Paul A. Goldberger____
        Paul A. Goldberger, Esq.
        401 Broadway, Suite 306
        New York, New York 10013
        Tel: 212-431-9380
        Fax: 212-966-0588
        Email: gnd401@aol.com
        Attorney for Petitioner
        E. Ronald Salvitti

7