

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 17, 2021

**BY EMAIL and ECF**

The Honorable Richard J. Sullivan
United States Circuit Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Vilar and Tanaka*
             Case No. 05-CR-621 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this letter in response to the Motion for Summary Judgment filed on June 4, 2021 (the "Motion") (Dkt. No. 956) by the Trustees of the Amerindo Advisors (UK) Limited Retirement Benefits Scheme (the "Trustees"),[1] requesting that the Court vacate the Second Preliminary Order of Forfeiture as to Substitute Assets entered by the Court on December 9, 2019 (Dkt. No. 848). The Motion should be denied without prejudice as premature because discovery has not yet occurred.

      On May 3, 2021, the Government and the Pension Scheme each submitted proposed schedules to the Court for further litigation of this matter. The Government proposed a discovery schedule followed by a briefing schedule for motions for summary judgment, consistent with Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure and Rule 56(b) of the Federal Rules of Civil Procedure. (Dkt. No. 952). The Trustees asked the court to allow for summary judgment motions to be filed without discovery being permitted. (Dkt. No. 953). Rather than waiting for the Court to rule, the Trustees have now unilaterally filed the pending Motion.

      For the reasons set forth in the Government's May 3, 2021 letter to the Court, the Motion is premature. Rule 32.2 only contemplates a party moving for summary judgment "[w]hen discovery ends." Fed.R.Crim.P. 32.2(c)(1)(B). Furthermore, under Rule 32.2 discovery is only permitted after the Court has disposed of any motions to dismiss. *Id*. In this case, the Government's Motion to Dismiss certain third-party claims in this ancillary proceeding is still pending. (Dkt. No. 903). In addition, Rule 56 allows a party to file a summary judgment motion

---

[1] While the Motion is styled as being brought by the Pension Scheme itself, the actual Petitioners in this matter are the defendants, James Stableford and Renata LePort-Tanaka in their capacities as Trustees of the Pension Scheme. (Dkt. No. 882).

"at any time until 30 days after the close of all discovery" "[u]nless a different time is set by local rule or the court orders otherwise…" Fed.R.Civ.P. 56(b).  There is no such local rule in this District, and as noted, the Court has not entered any order permitting a pre-discovery motion for summary judgment.  Moreover, allowing a motion without discovery would be inappropriate here given the factual issues set forth in the Government's May 3, 2021 letter.

While the Trustees' Motion does not address the unavoidable fact that it is premature, it implicitly relies on the urgency of protecting the interests of James Stableford and Renata LePort-Tanaka, the non-defendant Trustees and beneficiaries of the Pension Scheme.  As the Government has conveyed to counsel for the Trustees, it is entirely willing to address those interests by agreeing to an order distributing the Pension Scheme's assets to individual retirement plans.  This would fully protect Stableford and LePort-Tanaka's non-forfeitable interests in the assets in question, leaving only the forfeitable interests of the defendants at issue.  Indeed, the Trustees themselves assert that they have the right as beneficiaries to transfer their portion of the funds in such a manner.  *See* Statement of Undisputed Facts ¶ 40.  If the Trustees are concerned with any harm caused to Stableford and LePort-Tanaka by the ongoing restraint of their funds while the litigation of this matter proceeds, this is the obvious solution.  To the extent the Trustees object to actually extricating Stableford's and LePort-Tanaka's interests from the interests of the defendants, however, they cannot then rely on the harm to those interests to short circuit the necessary litigation of their Petition, and those of the other third-party claimants.

Accordingly, the Government respectfully requests that the Motion be denied without prejudice, and for the Court to instead adopt the Government's proposed schedule.[2]

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

by: /s/_____
        Alexander J. Wilson
        Assistant United States Attorney
        (212) 637-2453

cc: All counsel of record (by ECF)
    Joanna Osborne (Joanna.Osborne@EdwinCoe.com)
    Lauranne Christov (laurie.christov@yahoo.com)
    Alfred Heitkonig (alfredo@ahfs.biz)

---

[2] To the extent the Court will permit the Trustees to proceed with the Motion prior to discovery, the Government respectfully requests that Court order that all opposition from the Government and the other third-party claimants be filed within 60 days from the date of that order.