**PHILLIPS NIZER LLP**

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

New York • New Jersey

Ilene Jaroslaw
(212) 841-1343
ijaroslaw@phillipsnizer.com

July 15, 2021

<u>Via Email and ECF</u>

The Honorable Richard J. Sullivan
United States Circuit Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Vilar and Tanaka,* 05 Cr. 621 (RJS)

Dear Judge Sullivan:

I write today on behalf of my client, Amerindo Advisors (UK) Limited Retirement Benefits Scheme (the "Pension Scheme"), the rightful owner and claimant to the Assets in the Pension Scheme's JPMorgan Chase Brokerage Account No. 102-XXXX MOD. The Assets were effectively frozen by the Government in May 2005 and are presently the subject of the August 2, 2019 Preliminary Order of Forfeiture as to Substitute Assets (Doc. 802) and December 9, 2019 Second Preliminary Order of Forfeiture (Doc. 867). Oral argument on the Government's motion to dismiss the petitions of several third-party claimants to the Assets is scheduled for July 30, 2021 at 11:00 a.m.

The Pension Scheme respectfully requests that the Court address the Pension Scheme's April 16, 2021 letter motion for an order directing JP Morgan to release $2,000,000 to the Pension Scheme in order for the Pension Scheme to pay professional fees—including those necessary to litigate this case—which have been accruing for several years. (Doc. 948). At the time the letter was submitted to the Court, the most recent JP Morgan statement of March 31, 2021 valued the Assets at $71,520,655. Three months later, as of June 30, 2021, the Assets are valued at $79,856,660. Since our initial request to the Court, the Assets have increased in value by $8,336,005, dwarfing the amount we seek for release.

PHILLIPS NIZER LLP

The Honorable Richard J. Sullivan
July 15, 2021
Page 2

      The Government in its response raised no objection to the Court releasing the $2,000,000, given that the Assets "exceed by a considerable amount the portion" that the Government claims is forfeitable. (Doc. 950.) Releasing funds to pay monies owed to the Pension Scheme's UK solicitor, accountant, and administrator, and its US lawyer and accountant, will not materially impact any interested parties. Further, it will allow the Pension Scheme to vindicate its due process rights before this Court.

      Next, the Pension Scheme respectfully requests that the Court issue an order directing the JP Morgan to allow the Pension Scheme's assets to be repatriated to the UK in accordance with the Government's letter dated June 17, 2021. (Doc. 957). The Government stated that the "obvious solution" to protecting the pension interests of beneficiaries James Stableford and Renata LePort-Tanaka is to "distribut[e] the Pension Scheme's assets into four individual pension schemes." As AUSA Alexander Wilson is well aware, repatriating the Pension Scheme's JP Morgan account is a necessary precondition to distributing the Assets in it into four separate and distinct individual HMRC-approved retirement plans, and such division cannot be executed within the US. Given that the Government has already indicated that it is "entirely willing to address [Mr. Stableford's and Ms. LePort-Tanaka's] interests by agreeing to an order distributing the Pension Scheme's assets to individual retirement plans" the Government tacitly acknowledges the applicability of UK pension law governing the Pension Scheme and should have no objection to repatriating the Assets in order to facilitate the distribution.

      In the alternative, the Pension Scheme respectfully requests that the Court issue an order directing the Government to respond within 30 days to the Pension Scheme's motion for summary judgment, filed on June 4, 2021 (Doc. 956). The motion was filed in accordance with the briefing schedule we proposed to the Court on May 3, 2021. (Doc. 953).[1] That same day, the Government proposed its own schedule that would delay briefing for more than six months. (Doc. 952.) The Pension Scheme should not be subjected to any further unwarranted delay.

      In its June 17, 2021 letter, the Government also asked the Court for 60 days, from the date of a court order, to respond to the Pension Scheme's motion for summary judgment. (Doc. 957). Such delay would add insult to the due process injury the Pension Scheme has sustained. As of today, the Government has had our motion papers for 41 days. Therefore, in the event the Court does not order a repatriation of the Assets in order to separate the Pension Scheme into four entities

---

[1] Given that the 16-year delay in adjudicating this matter is the gravamen for the constitutional argument in the summary judgment motion, and given the age and health concerns of the beneficiaries, the Pension Scheme could not await an indeterminate date to file.

PHILLIPS NIZER LLP

The Honorable Richard J. Sullivan
July 15, 2021
Page 3

under UK law, we respectfully request in the alternative that the Court order the Government to respond to our summary judgment motion within 30 days.

    For all the foregoing reasons, we respectfully request that the Court issue the following orders: (1) an order directing JP Morgan to release $2,000,000 to the Pension Scheme for payment of professional fees; and (2) an order to the Government to permit the repatriation the Assets to the UK for division into four individual pension schemes according to UK law; or, in the alternative, an order directing the Government to respond to the motion for summary judgment within 30 days.

        Respectfully submitted,

        Ilene Jaroslaw

cc: All counsel of record (by ECF)
    Joanna Osborne, Edwin Coe LLP (UK) (via email)