UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                      :
:
v.                                                             :
:   05-cr-621 (RJS)
ALBERTO WILLIAM VILAR and                                      :
GARY ALAN TANAKA,                                              :
:
Defendants.                                  :
:
---------------------------------------------------------------X

**MEMORANDUM OF LAW OF MARCUS CLAIMANTS
IN OPPOSITION TO GOVERNMENT REQUEST TO
VACATE SECOND PRELIMINARY ORDER OF
<u>FORFEITURE AS TO SUBSTITUTE ASSETS</u>**

This Memorandum of Law is submitted by claimants Paul Marcus, The Deane J. Marcus Trust, The Steven E. Marcus Trust, The Cheryl Marcus-Podhaizer Trust and The Eve S. Marcus Children's Trust (the "Marcus Claimants") in opposition to the government's unilateral application to vacate the Second Preliminary Order of Forfeiture as to Substitute Assets (the "Forfeiture Order"). This Memorandum is being submitted pursuant to the Orders of the Court of December 14, 2021 (Doc. No. 994) and January 5, 2022 (Doc. No. 999).

We respectfully submit that the government's request to vacate the Forfeiture Order should be denied because: the Marcus Claimants' right to litigate their entitlement to the assets covered by the Forfeiture Order has already been established by the prior proceedings in this action and the related SEC Receivership proceeding; and because the government has advanced no additional justification for overriding that result and denying the Marcus Claimants their opportunity to litigate the issues raised by their claims to those assets.

I.  **The Relevant Prior and Related Proceedings Involving the Rights to the Assets Subject to the Forfeiture Order**

As the Court is aware, the principal assets which are the subject of the Forfeiture Order consist of money and/or securities held in the name of the Trustees of the Amerindo Advisors (U.K.) Ltd. Ret. Benefits Scheme (the "Benefits Scheme"). Because they developed evidence showing that securities purchased with money they invested with Amerindo had been transferred to the Benefits Scheme, the Marcus Claimants asserted on a number of occasions that the assets being dealt with in the SEC Receivership proceeding should have included the Benefits Scheme. (Doc. No. 816, pp. 18-20; Doc. No. 878, pp. 6-7; Doc. No. 904, pp. 6-7) When the Marcus Claimants raised this issue, the Court stated that the proper forum in which to litigate any such claims was an ancillary proceeding to be held after the entry of any preliminary order of forfeiture applicable to the Benefits Scheme. (Doc. No. 972, pp. 5-9)

In fact, the Marcus Claimants acted as early as possible by seeking amendments of both the First and Second Preliminary Orders of Forfeiture in order to assert their claims to the Benefits Scheme while distributions were being made in the Receivership proceeding. (Doc. No. 816, pp. 8, 19) The government moved to dismiss the Marcus Claimants' Petition on the ground of failure to allege a specific interest in the assets that were subject to the Forfeiture Order. (Doc. No. 867) The Marcus Claimants responded by relying on Second Circuit law establishing a constructive trust in favor of defrauded investors, which trust gave rise to the requisite legal interest to establish standing in an ancillary proceeding contesting forfeiture. (Doc. No. 872)

Subsequently, the Court entered the Second Preliminary Order of Forfeiture as to Additional Assets (Doc. No. 848) which makes specific reference to the Benefits Scheme. Once again, the Marcus Claimants filed a Petition for an ancillary hearing and amendment of that Order. (Doc. No. 878) Referring to the Benefits Scheme, this Petition set forth a discussion of the

evidence which the Marcus Claimants believed was sufficient to establish that securities purchased by Amerindo with investors' funds had been transferred to the Benefits Scheme. As alleged in paragraphs 6, 8 and 14-17 of Document No. 878, the Marcus Claimants based this claim of diversion of securities purchased with investors' money on evidence they had uncovered indicating that the Benefits Scheme account contained securities that had originally been purchased by Amerindo.

That evidence consisted of reports sent to the Amerindo investors listing publicly traded securities that the defendants represented were owned by Amerindo (and thus held in trust for the investors). However, those securities did not appear in the contemporaneous monthly statements for the Amerindo accounts themselves that were sent to the investors. Instead, the exact same securities appeared in the Benefits Scheme account statements for those same time periods. We argued that the presence in the Benefits Scheme account of assets belonging to the Amerindo investors satisfied the Marcus Claimants' burden of coming forward with evidence that specific securities they purchased were diverted.

On September 30, 2021, the Court denied the government's motion to dismiss the Marcus Petition to vacate the Second Preliminary Order of Forfeiture. (Doc. No. 972) In denying the government's motion to dismiss the Petition, the Court held that Amerindo's use of invested funds to purchase securities gave rise to a constructive trust in favor of the Amerindo investors, and gave them the requisite legal interest for purposes of standing in an ancillary proceeding. (Doc. No. 972, pp. 7-8) However, the Court reiterated its earlier view that this consideration of their claims against the assets in the Receivership proceeding was "premature" and that the proper time and forum for such consideration was "in the context of the ancillary proceeding following entry of the preliminary order of forfeiture." (Doc. No. 972, p. 9)

3

However, in stating that the claim to the assets was premature, the Court upheld the claim on its legal merits, rejecting the government's argument that the SEC Receivership proceeding provided an adequate alternative remedy that barred the Amerindo investors from participating in the ancillary proceeding. (Doc. No. 972, pp. 9-10) Finally in this connection, the Court rejected the government's attempt to revive its earlier argument that the Marcus Claimants had not shown that their funds were traceable to specific assets subject to the forfeiture order. (Doc. 972, pp. 10-12)

Now, the government is once again trying to foreclose the Marcus Claimants from litigating the very issue that the Court has already held they should be entitled to pursue – their entitlement to assets subject to a preliminary order of forfeiture. We respectfully submit that the government's persistence is no substitute for proper legal analysis, and provides no justification for this Court to reverse or ignore its previous conclusions.

## II. The Government Has Advanced No New Arguments Justifying Its Attempt to Deny the Marcus Claimants Their Opportunity to Litigate Their Entitlement to the Assets Subject to Forfeiture

In its application by letter to vacate the Forfeiture Order (Doc. No. 992) – and in an earlier October 15, 2021 letter seeking to stay discovery regarding the substitute assets subject to the Forfeiture Order (Doc. No. 976) – the government advances several arguments. None is new and all have previously been dealt with by the Court.

The government argues that "Dissenting third party petitioners did not have standing to contest the vacatur of a preliminary order of forfeiture" because "the petitioners' lack of standing in this context is inherent in the nature and purpose of an ancillary proceeding." (Doc. No. 992, p. 2) However, in support of this proposition, the government acknowledges that "[T]he purpose of the ancillary proceeding is … to … apportion assets when one or more third parties

claim an interest in the property to be forfeited." But that is the exact claim that the Marcus Claimants are making here. If the government could dismiss an ancillary proceeding at will, claimants to the assets in question would be foreclosed from making the showing that the ancillary proceeding gives them the opportunity to make, and their right to show "an interest in the property to be forfeited" would be rendered meaningless. In short, the government's argument is circular and can succeed only if its faulty premise is accepted.

The government also argues that whether to seek forfeiture of substitute assets in the first place is entirely in its discretion, so that whether to discontinue an existing action to forfeit substitute assets should be discretionary as well. (Doc. No. 992, p. 3; Doc. No. 976, p. 2) But this argument ignores the practical and equitable aspects of what the government is attempting to do here. As the Court is aware, substantial time and effort has been devoted to litigation involving the Forfeiture Orders.

On several occasions, the Court has held that the ancillary proceedings resulting from those Orders was the appropriate place for the Marcus Claimants to "claim an interest in the property to be forfeited." It was only after the Court – rejecting the government's arguments to the contrary – held that the ancillary proceeding was the proper way to make such a claim that the government now seeks dismissal of the Preliminary Order, and therefore of the ancillary proceeding as well. But such a tactic should not be rewarded where the interests at stake are as significant as they are here. The government is not free to abdicate its responsibilities and obligations in this proceeding simply because it believes that doing so would give it a strategic advantage. Whether to hold an ancillary hearing is at the Court's discretion, and whether to discontinue an ancillary proceeding should be as well. The government has no right to usurp this authority of the Court.

Even if the government had some authority to preemptively dismiss ancillary proceedings (it does not), it fails to cite any authority supporting its right to do so where, as here, a third-party petitioner has already made a plausible showing that the assets covered by the preliminary order of forfeiture never belonged to the criminal defendants in the first place. *See, e.g.*, ECF No. 972 at 10 ("the Court is persuaded that the investors have satisfied their burden at the pleading stage to "'assert [] a plausible interest in forfeited property'"; *id.* at 212 (finding that "the Marcus Claimants have some evidence bolstering this assertion.").

As this Court's has recognized, the statutory scheme governing criminal forfeiture proceedings affords third-party claimants such as the Marcus Claimants the avenue for asserting their interests in property subject to forfeiture: an ancillary proceeding held after the entry of a preliminary order of forfeiture in the criminal case. *See Libretti v. United States*, 516 U.S. 29, 44, 116 S. Ct. 356, 133 L. Ed. 2d 271 (1995) ("Congress has determined that § 853(n) … provides the means by which third-party rights must be vindicated."). Respectfully, that avenue should not be foreclosed merely because the government sees an easy off ramp—especially when a third-party claimant has developed evidence of a plausible interest in the forfeited property.

The government's next argument is that dismissal of the ancillary proceeding will not harm the Marcus Claimants because they would have other avenues available to make their claims to the assets subject to forfeiture. (Doc. No. 992, pp. 3-4) Once again, however, that is both incorrect on the facts of this case and beside the point. As noted above, the Marcus Claimants previously attempted to assert their claims to the Benefits Scheme assets in the SEC Receivership proceeding, and the Court held that those claims were premature, and should instead be made in the ancillary proceeding. The existence of an alternative remedy was not raised by the government at that time, was not considered by the Court and should not be used to call an abrupt halt to the

6

years of litigation that have been devoted to this issue in this proceeding. Once again, the focus should be on fairness and practicality, and not on theoretical possibilities.

The government's position is procedurally improper and unsupported by the authorities cited in its own letter. Even assuming that the Marcus Claimants do not have standing to contest the vacatur of a preliminary order of forfeiture, as the government argues, such a proposition has no bearing at this juncture. As the Court is surely aware, it has <u>not</u> issued a vacatur of the Second Substitute Asset Order. Notably, in *United States v. Hodgson* – a case cited in the government's letter – the Second Circuit upheld the district court's finding that a third party petitioner had no standing where there was already a *Court order* vacating a preliminary order of forfeiture. No. 10 CR. 818 RWS, 2012 U.S. Dist. LEXIS 111770, at *11 (S.D.N.Y. Aug. 7, 2012), *aff'd* 531 F. App'x 174, 2013 U.S. App. LEXIS 19766, at *2 (2d Cir. 2013). The government's attempt to seek such a result is surely not the equivalent of a Court order to that effect, and should not be given the same preclusive effect.

**Conclusion**

For all of the reasons set forth above and in the Marcus Claimants' prior arguments and the Court's prior comments addressed to their right to assert claims to the substitute assets in the ancillary proceedings, it is respectfully submitted that the motion of the government to vacate the Second Preliminary Order of Forfeiture as to Substitute Assets should be denied.

Dated: January 31, 2022

Respectfully submitted,

BALLARD SPAHR LLP

By /s/ Julian W. Friedman
Julian W. Friedman (6010)

1675 Broadway, 19th Floor
New York, New York 10019
Phone No.: 212-223-0200

*Attorneys for Marcus Claimants*